June 16, 2022


**VIA E-FILING**

Magistrate Judge Laurel Beeler
USDC, Northern District of California
Courtroom B – 15th Floor
450 Golden Gate Avenue
San Francisco, CA  94102


**Re:**    ***Gosain, et al. v. Bergquist Wood Mcintosh Seto, LLP, et al.***
   ***Case No. 4:18-cv-06343-HSG***

Your Honor:  This joint discovery letter brief is submitted by the Defendant Merlin Law Group ("MLG") and Plaintiffs Rajiv Gosain and Happy Valley Road, LLC ("Plaintiffs").

**MLG's Position**:  Plaintiffs continue to fail to provide complete and non-evasive responses to written discovery, fail to adequately search for and produce all responsive documents, and now refuse to provide available deposition dates, all of which are in direct violation of this Court's Orders and prejudice MLG's ability to complete discovery prior to the August 19, 2022 discovery cut-off.

*Plaintiffs Refuse to Schedule Their Depositions*:  In regards to depositions, this Court Ordered that "[w]ithin two weeks of the [June 1] mediation, the parties must agree on a [deposition] schedule."  Discovery Order # 1 - ECF No. 170 filed 5/6/22.  Mr. Gosain refused to participate or attend the mediation and it was completed without any settlement on June 1, 2022.  The Court Ordered deposition schedule is due June 15, 2022.  Despite several requests from MLG, Plaintiffs refuse to provide any available dates for depositions.  MLG's position is that Plaintiffs' depositions must go first and before any deposition of MLG defendants.  Although the parties agreed to provide available deposition dates by June 10 so that they could be discussed on June 14 and MLG defendants did so, Plaintiffs did not.  During a meet and confer call on June 14, Plaintiffs' counsel confirmed that his clients refuse to give him available dates for a deposition and would require a Court Order to set these depositions.  *See* Ex. 1 (Meet and Confer email chain from June 7-14, 2022).  MLG requests that the Court order Plaintiffs to appear for depositions on dates in June or July 2022 and in advance of MLG defendants' depositions.

Magistrate Judge Laurel Beeler
June 16, 2022
Page 2

*Plaintiffs' Responses to Certain Interrogatories Are Incomplete and Evasive*: On June 8, 2022, more than four months after responses were due, Plaintiffs served responses to MLG's Interrogatories, which have been the subject of two prior Court Orders.  *See* Ex. 2.  On June 9, 2022, MLG sent a detailed meet and confer email addressing why further responses should provided for Nos. 1, 2, 10, 12, 15, 18, 20, and 22.  *See* Ex. 3.  On June 14, Plaintiffs' counsel confirmed during a meet and confer call that Plaintiffs were not willing to amend anything and that a discovery motion would be needed.

*Plaintiffs' Document Production Is Incomplete And Plaintiffs Fail To Provide Code Compliant Responses to Document Requests*:  On May 26, 2022, Plaintiffs served *unverified* responses to MLG's Document Requests that were propounded in January.  *See* Ex. 4.  On June 6, 2022, MLG sent a detailed meet and confer email addressing why further responses should provided and why Plaintiffs' production is incomplete.  *See* Ex. 5.  On June 14, Plaintiffs' counsel confirmed during a meet and confer call that Plaintiffs were not willing to amend anything and that a discovery motion would be needed.

By failing to timely respond and failing to seek any relief from waiver, Plaintiffs waived any right to object to this discovery.  *See* FRCP 33 and 34 and *Lam v. City & Cnty. of San Francisco* (N.D.Cal. 2015 (Hon. Beeler) 2015 U.S.Dist.LEXIS 96994, at *5.  MLG requests that the Court order that (1) Plaintiffs provide complete and code compliant responses to the interrogatories and document requests as soon as possible and without objections; and (2) set a briefing and hearing schedule for a Rule 37 sanctions motion.

**Plaintiffs' Position**:

*Producton of Documents*

Plaintiffs have complied with the Federal Rules of Civil Procedure with regard to discovery responses. Responses to Requests for Production are not to be verified under Rule 34. Of course, defendants are not entitled to request production of documents in accordance with state rules, and discovery must be conducted in accordance with Federal rules. Defendants' complaint that the responses are unverified is therefore unfounded. Further, a party has the right and is under a duty to amend or supplement  document production  in accordance with the Federal rules. Defendants requested all documents "related to" or that "support" Plaintiffs' case. This description of the documents requested was repeated in each request. Plaintiff has therefore been required to send back to defendants documents they themselves produced. Plaintiffs have also produced documents in its counsel's possession related to or potentially supporting Plaintiffs' case. This production comprises more than 33,000 documents. Defendants admit they have not examined the documents produced. Without such examination, Defendants cannot make any good faith representation to the Court with regard to the completeness of production. Further, the Federal Rules make it clear that the production of documents need not be "complete" as Plaintiffs are entitled to supplement or amend their production.

Magistrate Judge Laurel Beeler
June 16, 2022
Page 3


*Answers to Interrogatories*

Plaintiffs provided answers to each and every interrogatory propounded by the defendant. MLG now complains that they are "incomplete". However, MLG has confirmed, during a meet and confer, that MLG has not reviewed the documents referenced by Plaintiffs in their answers. Thus, MLG cannot possibly actually know whether or not Plaintiffs' answers are "incomplete". Finally, Rule 33 of the Federal Rules of Civil Procedure states that a party answering interrogatories may respond by producing business records if the answer to the interrogatory may be determined by "examining, auditing, compiling, abstracting or summarizing" those records. Federal Rules of Civil Procedure Rule 33(d). Thus, Plaintiffs have properly answered the propounded interrogatories,

*Scheduling Plaintiffs' Depositions*

Attached to this letter is a declaration from Rajiv Gosain concerning his physical and emotional condition which preclude him from giving a deposition on the merits. Mr. Gosain was the manager of Plaintiff Happy Valley Road, and has direct knowledge of the events surrounding the defendants' representation of Happy Valley Road. Further, the defendants have not designated topics upon which it wishes to depose Happy Valley Road, which is therefore unable to designate a person most knowledgeable to testify on its behalf. Thus, the defendants own failure to designate the topics upon which deposition is to be taken has made it impossible for Happy Valley Road to designate a person to testify on its behalf. Further, Mr. Gosain's condition precludes him from giving a meaningful deposition. Plaintiffs have prepared a Motion for Continuance which they intend to file as soon as possible.

Very truly yours,

*/s/ Peter H. Bales*

Peter H. Bales
Counsel for MLG


*/s/ Michael Sydow*

Michael Sydow
Counsel for Plaintiffs
4866-1034-2693, v. 1

# EXHIBIT 1

| | |
|---|---|
| **From:** | Bales, Peter |
| **Sent:** | Tuesday, June 14, 2022 12:40 PM |
| **To:** | Michael Sydow; gstilson@vmbllp.com |
| **Cc:** | Amber Kaiser; MacGregor, Jessica; Janie Crowley; 'Kurt Bridgman (VMB)' |
| **Subject:** | RE: Meet and confer call 6-7-22 |

Mr. Sydow, This email will confirm our meet and confer call today and the need for a discovery letter to Judge Beeler to address these issues that remain unresolved after Merlin Law Group defendants have exhausted their meet and confer efforts.

1. **Plaintiffs' Refusal to Provide Dates for Depositions**:  We have repeatedly requested dates to complete Mr. Gosain's deposition, but none have been provided.  During our call today, you confirmed that your client refuses to give you dates and that a Court order will be needed.  As my clients have made clear, the parties must complete Plaintiffs' depositions before taking any depositions of my clients.

2. **Plaintiffs' Refusal to Amended Any Discovery Responses**:  Today, you confirmed that Plaintiffs are not willing to amend and have no response to the discovery issues my clients have raised regarding Plaintiffs' responses to interrogatories and documents requests, which have been the subject of two prior court orders.  We will now seek a third order and sanctions.

Regards, Peter

---

**From:** Bales, Peter
**Sent:** Tuesday, June 14, 2022 9:37 AM
**To:** Michael Sydow <michael.sydow@thesydowfirm.com>; gstilson@vmbllp.com
**Cc:** Amber Kaiser <amber.kaiser@thesydowfirm.com>; MacGregor, Jessica <jmacgregor@longlevit.com>; Janie Crowley <jcrowley@longlevit.com>; 'Kurt Bridgman (VMB)' <kbridgman@vmbllp.com>
**Subject:** RE: Meet and confer call 6-7-22

Mr. Sydow, The parties agreed to provide available deposition dates by June 10.  On June 9, Merlin Law Group sent around its available dates.  See email below.  As of this email, Plaintiffs have not provided any available deposition dates or confirmed the dates offered below.  Please do so before our call today at 12 noon PST (2 CST).  During our call today, please also be prepared to address the discovery issues I have raised regarding Plaintiffs' incomplete and evasive discovery responses.  See Attached Emails.  Thank you, Peter

---

**From:** Bales, Peter
**Sent:** Thursday, June 9, 2022 3:25 PM
**To:** Michael Sydow <michael.sydow@thesydowfirm.com>; gstilson@vmbllp.com
**Cc:** Amber Kaiser <amber.kaiser@thesydowfirm.com>; MacGregor, Jessica <jmacgregor@longlevit.com>; Janie Crowley <jcrowley@longlevit.com>; 'Kurt Bridgman (VMB)' <kbridgman@vmbllp.com>
**Subject:** RE: Meet and confer call 6-7-22

Mike and Guy, Following our meet and confer call earlier this week, I have worked with my clients this week to get available dates for depositions per Plaintiffs' request.  Below are the dates that work for Merlin defendants and counsel.  I have these dates being currently being held but need to confirm them as soon as possible.  I also have filled in the dates for the Ison and Ratner depositions.  We need dates for Plaintiffs' depositions, which I understand will be circulated by Mike no later than tomorrow, June 10.

| Witness | Party Taking Deposition | Date(s)/Time (PST) |
|---|---|---|
| Rajiv Gosain | Defendants | Need at least 2 full days in June or early July |
| PMK of HVR LLC | Defendants | To Be Scheduled after completing Mr. Gosain's individual deposition |
| David Ratner | Defendants | June 23/_____ |
| Neil Ison | Defendants | June 27/ 10:30 am |
| | | |
| V. Jacobellis | Plaintiffs | August 2/ 10:00 am |
| D. Sze | Plaintiffs | August 10/ 10:00 am |
| C. Merlin | Plaintiffs | August 16/ 10:00 am |
| M. Duffy | Plaintiffs | August 17/ 10:00 am |
| | | |
| | | |
| | | |
| | | |

**From:** Michael Sydow <michael.sydow@thesydowfirm.com>
**Sent:** Tuesday, June 7, 2022 2:37 PM
**To:** gstilson@vmbllp.com; Bales, Peter <pbales@longlevit.com>
**Cc:** Amber Kaiser <amber.kaiser@thesydowfirm.com>; MacGregor, Jessica <jmacgregor@longlevit.com>; Janie Crowley <jcrowley@longlevit.com>; 'Kurt Bridgman (VMB)' <kbridgman@vmbllp.com>
**Subject:** Re: Meet and confer call 6-7-22

Gentlemen, your comments are generally correct with a few exceptions. First, I do not agree that you are or were entitled to Ms. Clougherty's location in Rule 26 disclosures. We have never taken the position that she has knowledge of relevant facts. You have now requested that information and, while insisting that she has no knowledge of facts relevant to claims we have asserted we will request permission to disclose the requested information.

I told you that we are not asserting claims with regard to the settlements with regard to construction defects except as they relate to disbursement of funds and settlements with or claims (or potential claims) against Federal and Lloyds.

Please acknowledge receipt of this email

Michael D. Sydow
The Sydow Firm
3355 W. Alabama, Suite 444
Houston, Texas 77098
(713) 622-9700 [Telephone]
(713) 552-1949 [Telecopier]
michael.sydow@thesydowfirm.com

**NOTICE BY THE SYDOW FIRM**

**To the extent this communication contains any statement regarding federal taxes, that statement was not written or intended to be used, and it cannot be used, by any person (i) as a basis for avoiding federal tax**

penalties that may be imposed on that person, or (ii) to promote, market or recommend to another party any transaction or matter addressed herein.

This message, as well as any attached documents, contains information from the law firm of The Sydow Firm that is confidential and/or privileged, or may contain attorney work product.  The information is intended only for the use of the addressee named above.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful.  If you have received this message in error, please delete all electronic copies of this message and its attachments, if any, destroy any hard copies you have created, without disclosing the contents, and notify the sender immediately.  Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege.

Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.

**From:** "gstilson@vmbllp.com" <gstilson@vmbllp.com>
**Date:** Tuesday, June 7, 2022 at 4:13 PM
**To:** "'Bales, Peter'" <pbales@longlevit.com>, Michael Sydow <michael.sydow@thesydowfirm.com>
**Cc:** Amber Kaiser <amber.kaiser@thesydowfirm.com>, "'MacGregor, Jessica'" <jmacgregor@longlevit.com>, 'Janie Crowley' <jcrowley@longlevit.com>, "'Kurt Bridgman (VMB)'" <kbridgman@vmbllp.com>
**Subject:** RE: Meet and confer call 6-7-22

All,

My responses to Peter's points are below, in <span style="color:red">red</span>.

I also wanted to add the following:

1. Regarding my prior meet-and-confer re Rule 26 and my demand for information regarding Mr. Gosain's health care providers and medical records, Mike said he believes I am entitled to "limited information" in response to those demands and he's checking with Mr. Gosain on that. I'll wait to see how "limited" the forthcoming information is to determine whether I believe Mr. Gosain has complied with that aspect of his Rule 26 obligations.
2. I also stated on our call that I believe we are entitled to Kimberly Clougherty's contact information as part of Plaintiffs' Rule 26 disclosures. Mike agreed that he thought that was okay and he'd look to provide that, but reserved Plaintiffs' right to object to her deposition being taken. I agreed that we could fight the fight over her deposition at a future time.
3. **I raised the issue that during the mediation, it was relayed that** <u>**Plaintiffs are not making claims regarding the settlements with the construction defects defendants and cross-defendants in the Cohen action**</u> **(e.g., Temporary Housing, Briner, Madsen Kneppers, Hub, Francisco Garcia, Zaloumis, Kim Van Wert, Aqua Pool, William R. Brown, Cowan dba Daystar Plumbing, F. Mark Spiller, Ward-Tek, etc.). Today,** <u>**Mike clarified and agreed that was his understanding, except that while Plaintiffs are not contesting the settlements/dismissals with/of the construction defects defendants in the underlying action themselves Plaintiffs is contesting the distribution of funds from some or all of the settlements where funds were paid on behalf of the construction defects defendants and/or cross-defendants.**</u> **I questioned Mike regarding that with an example along the lines of: if one of the construction defects defendants or cross-defendants paid an amount in settlement (hypothetically, $60,000, for sake of example) what Plaintiffs may contest is not the settlement itself but whether Plaintiffs were paid from the settlement funds the correct share/percentage they should have been paid (again for sake of example, if there were a one-third contingent fee Plaintiffs might have expected to**

receive $40,000 of the hypothetical $60,000 in settlement proceeds but instead claim to have received less than that or perhaps nothing at all from those settlement proceeds). <u>Mike agreed that was the sort of thing he was talking about.</u> <mark>MIKE: based on your representation, <u>unless you tell me something else going forward</u> I will assume that your understanding as set forth herein is correct and I will act accordingly—which will save us all a lot of time and money because with that understanding I think my clients will be able to forego taking depositions of most of the construction defects defendants, cross-defendants, experts, and their legal counsel.</mark> MIKE: I also ask that you identify for me the specific settlements with construction defects defendants or cross-defendants in the underlying action Plaintiffs claim were not properly distributed. Perhaps you can get that all taken care of in Plaintiffs' responses to Bergquist's interrogatories. In any case, I'll want to get a more formal statement about this on record and filed with the court at some point: we can discuss exact wording later, but I'm think something along the lines of a stipulation that Plaintiffs are not challenging the handling of the original underlying Cohen action re construction defects (except as to distribution of settlement proceeds), and that Plaintiffs' claims in this action (other than re distribution of settlement proceeds from the construction defects defendants and cross-defendants) relate to the handling of the claims against and by Federal Insurance. Let me know if you have specific thoughts about the language to be used here, please!

Mike: I think this covered the areas I wanted to discuss on Friday, so there will be no need for us to talk on Friday as I had previously suggested, unless you believe otherwise: if you do believe otherwise, please let me know ASAP. As I previously indicated, I will be out of the office tomorrow through Friday and if we need to talk during that time, I need to get that set up and calendared as soon as possible.

Mike: Please let us know if you disagree with any of my comments and thoughts, whether those above or the ones below. Best to put any such disagreements or comments in writing, so we can preserve a record in case this ever needs to get reviewed by the court.

Thanks again!

--- Guy



**Guy W. Stilson**
**VOGL MEREDITH BURKE LLP**
**456 Montgomery Street, 20th Fl**
**San Francisco, CA 94104**

**MOBILE PHONE 415-235-3500**
**gstilson@vmbllp.com**

CONFIDENTIALITY NOTICE
This email and the document(s) accompanying it may contain confidential information which is legally privileged.  The information is intended only for the use of the individual or entity named above.  If you are not the intended recipient, or the person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in this transmission is strictly PROHIBITED.  If you have received this transmission in error, please immediately notify me by telephone (415-235-3500), return the original transmission to me and destroy all copies.

**From:** Bales, Peter <pbales@longlevit.com>
**Sent:** Tuesday, June 7, 2022 1:00 PM
**To:** 'Michael Sydow' <michael.sydow@thesydowfirm.com>; gstilson@vmbllp.com
**Cc:** Amber Kaiser <amber.kaiser@thesydowfirm.com>; MacGregor, Jessica <jmacgregor@longlevit.com>; Janie Crowley

<jcrowley@longlevit.com>
**Subject:** Meet and confer call 6-7-22

Mike and Guy, Thank you for participating in our meet and confer call to discuss several discovery issues and deposition scheduling. This email summarizes our call and confirms next steps. If my notes below do not line up with yours or are missing something critical please let me know as soon as you can.

- **Interrogatories**: Plaintiffs expect to comply with the Court Order and serve verified code compliant responses to outstanding interrogatories by the June 9 deadline. **Stilson: Yes, that is my understanding as well.**
- **Document Requests**: Plaintiffs have received Defendants' meet and confer emails and will let us know whether they are willing to resolve those issues and do so by the June 9 deadline. If not, then we will proceed to bring these issues to the Court's attention. **Stilson: That is my understanding as well; also, I believe verifications for the responses are to be produced by June 9.**
- **Managing Member of HVR LLC**: As of now the managing member remains Gosain. Plaintiffs will let us know if and when that changes. Per Mike, this is a moving target and there have been discussions about having Mr. Ison named as an "assistant manager," but that has not happened yet. **Stilson: That is my understanding as well.**
- **Motion to Stay**: For the first time, Plaintiffs' counsel mentioned that he might be filing a motion to stay, but does not know when and if that motion will be filed as counsel is getting very little input from his client on his client's condition. Mr. Sydow has only seen the same doctor's notes we have and has not observed his client's condition. He needs something from his client to document and support his condition to seek a stay. **Stilson: That's my understanding as well.**
- **Plaintiffs' Concerns Re Production**: Plaintiffs raised concerns about whether or not Defendants' document productions are complete and claimed that Merlin only produced around 200 pages. As I have pointed out previously, back in February Merlin produced almost 24,000 pages of documents. Nevertheless, I will circle back on this in regards to my clients to determine if there are further documents to produce. **Stilson: I obtained a much larger production from Merlin via a download link; if needed, I could probably copy that to a thumb drive and mail it to Mike. I assume Mike will let me know if he needs that from me.**
- **Deposition Scheduling:**
  - **Gosain Deposition**: Mike has requested that his client give him all earliest available dates for this deposition to take place. According to Mike, his client is saying that a doctor has told him to limit his deposition to 2 hours per day. If that is the case, then we will need some documentation to evaluate that request and if agree, will need numerous dates to complete what will be at least a 2 full day deposition. According to Mike, Mr. Gosain will also be the PMK representative for HVR LLC at this point. Merlin would like to complete Mr. Gosain's individual deposition before taking his PMK deposition. As explained, given that Merlin has requested this deposition take place for some time now, Merlin's position is that Plaintiffs' depositions should be completed before any depositions of Merlin defendants. Mike said he does not have a position on order of depositions at this point. **Stilson: I concur.**
  - **Ison and Ratner**: Defendants would also like to schedule and confirm dates for the depositions of Ison and Ratner. Sydow does not represent either witness at this time, but will follow up with each to determine if they are willing to accept service of a subpoena via email. Mike said that Ison was available on June 27. We should all check and confirm that date. Ratner told me in an email yesterday that he was available June 13 and June 23. Let's all check and confirm June 23. **Stilson: I concur. I have another meeting for the morning of June 23, but the afternoon should work for me. Mike represented that he had heard from Ratner that Ratner would object to his deposition being taken; however, in an email from yesterday afternoon, Ratner said he "may be available June 13 or 23" for his deposition (Mike was copied on the email), so at least when he sent that email, it appeared that Ratner would not be objecting to having his deposition taken. Mike, can you confirm and let us know whether Ratner has a categorical objection to being deposed?**
  - **Plaintiffs' Depositions Requested**: Today, Plaintiffs requested depositions of each of the named defendants and Victor Jacobellis. Plaintiffs also intend to depose two inspectors. Mike will get us the names of those inspectors. **Stilson: Agreed. I will get availability information from McIntosh and Seto.**

**Once I see the categories of inquiry in the notice of the Bergquist corporate representative, I will see if those can all be covered by McIntosh and Seto or whether anyone else will be necessary. I would like to have only one deposition of each of my clients, so to the extent they are the PMKs regarding the categories that Mike's clients are interested in, I would like to conduct their depos as PMKs simultaneously with their depos as individuals. Mike, when do you think you can get me your clients' list of categories for the Bergquist corporate representative(s) depo?**

o **Next steps:**  The parties will confer with their clients and endeavor to provide by June 10, at the latest, available dates for depositions of the witnesses they will be representing.  We have scheduled and confirmed a follow up call for June 14 at 12 noon PST (2 pm CST) in order to confirm scheduling and meet the Court's June 15 deadline for deposition scheduling.  **Stilson: Agreed, although I will be out of town tomorrow through Friday, so if I am a bit late on getting McIntosh and Sato's depo availability I ask for forgiveness in advance.**

Thank you, Peter

**Peter H. Bales, Counsel**
415-438-4343

LONG & LEVIT LLP

465 California Street, 5th Floor, San Francisco, CA 94104
Main: 415-397-2222   Fax: 415-397-6392
Email ⋮ Website ⋮ Résumé

# EXHIBIT 2

1

2

3  MICHAEL D. SYDOW
   THE SYDOW FIRM
4  3355 W. Alabama, Suite 444
   Houston, Texas 77098
5  (713) 622-9700 [Telephone]
   (713) 552-1949 [Telecopier]
6  michael.sydow@thesydowfirm.com

7  DAVID S. RATNER
   DAVID RATNER LAW FIRM, LLP
8  33 Julianne Court
   Walnut Creek, California 94595
9  (415) 817-1200 [Telephone]
   (925) 891-3813 [Telecopier]
10 david@davidratnerlawfirm.com

11 Attorneys for Plaintiffs RAJIV GOSAIN and
   HAPPY VALLEY ROAD, LLC

12                UNITED STATES DISTRICT COURT

13              NORTHERN DISTRICT OF CALIFORNIA

14                  SAN FRANCISCO DIVISION

15

16 RAJIV GOSAIN and HAPPY VALLEY          Case No. 3:18-CV-06343 CRB
   ROAD, LLC,
17                                         Action Filed:  October 16, 2018
                   Plaintiffs,
18
         vs.
19                                         **PLAINTIFF HAPPY VALLEY ROAD, LLC's**
   BERGQUIST WOOD MCINTOSH SETO,          **ANSWERS TO DEFENDANT AND THIRD**
20 LLP, BRUCE MCINTOSH, AND STEPHEN       **PARTY DEFENDANT MERLIN LAW**
   SETO,                                   **GROUP, P.A.'S FIRST SET OF**
21                                         **INTERROGATORIES TO HAPPY VALLEY**
                   Defendants.             **ROAD LLC**
22
23 BERGQUIST WOOD MCINTOSH SETO,
   LLP, BRUCE MCINTOSH, AND STEPHEN
24 SETO,

25                 Third Party Plaintiffs,

26       vs.

27 ───────────────────────────────────────
         **PLAINTIFF HVR LLC'S ANSWERS TO MERLIN DEFS INTERROGATORIES**
28                              -1-

                                                Case No: 3:18-CV-06343 CRB

1

2

MERLIN LAW GROUP, P.A., DENISE SZE,
3   MICHAEL DUFFY, WILLIAM F. "CHIP"
MERLIN, and LAST & FAORO,
4
                      Third Party Defendants.
5

6

7         COMES NOW, Plaintiff, Happy Valley Road, LLC, and serve these Answers to Defendant and

8   Third Party Defendant Merlin Law Group P.A.'s First Set of Interrogatories.  Plaintiff reserves the right

9   to supplement or amend any and all answers.

10

11  *__INTERROGATORY No. 1:__*
    For each attorney any of the PLAINTIFFS engaged to represent any of the PLAINTIFFS related to
12  the BAD FAITH CLAIMS, identify the name, firm, address, telephone number and email address,
    when the attorney was first engaged, when the representation ended, and whether or not there was a
13  written agreement.

14
    *__ANSWER:__*
15        **Plaintiffs engaged the firms of Anderson & Schoech, George Dowell, the Merlin
16  Defendants and the Bergquist Defendants on the dates shown in the contingency
    agreements disclosed in Requests for Production which agreements are incorporated
17  herein by reference.  Plaintiffs' engaged David Ratner and The Sydow Firm on or about
    January 2019 to pursue bad faith claims against Merlin and Bergquist.**
18

19  *__INTERROGATORY No. 2:__*
    If any DOCUMENTS support the existence or amount of any damages claimed by PLAINTIFFS
20  against MLG, IDENTIFY each DOCUMENT with reasonable particularity.

21  *__ANSWER:__*
          **Plaintiff is producing or has produced the documents furnished in discovery by the Bergquist
22  firm. Plaintiffs also have a number of emails and documents with the Merlin Defendants or sent on
    their behalf which it cannot assemble at this time due to the continuing medical issues of Rajiv
23  Gosain, which are equally in the MLG files. Additional documents are contained in the Defendants'
    files including, without limitation, the engagement letters with the Defendants, the policies of
24  insurance with Federal and with Lloyd's of London, the inspection reports and estimates of
    damages experts engaged by the insurance companies and by the Defendants, the notice of loss and
25  estimate for repairs reported to the insurance companies' agent in 2013, the tolling agreements
26  reached by the Defendants on Plaintiffs' behalf, the motion to dismiss or for sanctions filed by or**

27

28

DocuSign Envelope ID: 94E36C2C-0D15-4AAC-A0FA-A1414C55E47A

1

2

3 **on behalf of Federal and responses thereto, letter from Bergquist on behalf of the Defendants**

4 **seeking advances against fees and valuing the claims at $33 million, the dismissal by Defendants of Plaintiffs' claims against Federal, the examination under oath and depositions of Rajiv Gosain as**

5 **the PMK of Plaintiff Happy Valley Road LLC at which he was represented by  both  the  Merlin**

6 **and Bergquist  Defendants, the denial of Plaintiffs' claims against Lloyd's in December 2019, and Merlin's emails and opinion letters to Plaintiffs concerning the date on which Plaintiffs' claims**

7 **could be barred by the statute of limitations, the emails from Merlin refusing to assert claims against Lloyds or protect Plaintiffs against the statute of limitations given to Plaintiffs by them, and**

8 **emails to Merlin requesting input concerning their theories of liability against Lloyd's and pleading**

9 **to be filed to avoid the statute of limitations date established by the Merlin Defendants. Those documents are included in Plaintiffs' production of documents. All other documents produced may**

10 **bear on the existence or amount of Plaintiffs' damages and on defendants' liability. Defendants reserve the right to supplement , modify or amend this response as additional information becomes**

11 **known to it through the discovery process, or if it knows that the response was incomplete or incorrect when made, or that it is no longer complete or correct.**

12 *INTERROGATORY No. 3:*

13 State the facts and IDENTIFY the DOCUMENTS that support the claim for Negligence alleged in PLAINTIFFS' COMPLAINT.

14 *ANSWER:*

15 	**Defendants both failed to properly respond to discovery  in the case against Federal Insurance, neglected to attend key depositions, failed to defend Plaintiffs against false defenses and**

16 **counterclaims raised by Federal, failed to properly read the insurance policies in question, delayed the handling of Plaintiffs' claims against Lloyds, promised to handle Plaintiffs' claims against**

17 **Lloyds and told Plaintiffs that Lloyds was liable under the policy for Plaintiffs' losses and damages, negligently advised Plaintiffs to dismiss their claims against Federal because the Lloyds policy**

18 **would cover Plaintiffs' claims, failed to timely file Plaintiffs' claims against Lloyds, intentionally and or negligently established the wrong date for the statute of limitations applicable to claims**

19 **against Lloyds, failed and refused to file suit against Lloyds after telling Plaintiffs that they would**

20 **do so, failed and refused to represent Plaintiffs against Lloyds after promising to do so as part of their campaign to get Plaintiffs to dismiss their claims against Federal, and other acts and omissions**

21 **of negligence that may be revealed by discovery and/or shown at trial. The documents produced in response to Defendant's Request for Production contain documents supporting Plaintiffs' claims.**

22 **Defendants reserve the right to supplement , modify or amend this response as additional**

23 **information becomes known to it through the discovery process, or if it knows that the response was incomplete or incorrect when made, or that it is no longer complete or correct.**

24 *INTERROGATORY No. 4:*

25 State the facts and IDENTIFY the DOCUMENTS that support the claim for Fraud alleged in PLAINTIFFS' COMPLAINT.

26

27 **PLAINTIFF HVR LLC'S ANSWERS TO MERLIN DEFS INTERROGATORIES**
-3-

28

***ANSWER:***

The documents presently known to Plaintiffs are contained in Plaintiffs' production of documents. Defendants misrepresented their knowledge, ability, expertise, staffing, willingness to diligently pursue plaintiffs' claims, the value of plaintiffs' claims, the effect of the insurance policies themselves, the effects of dismissing the case against Federal on the grounds that the Lloyds policy would cover the loss, the status of their activities in the case, the status of discovery in the case, their willingness and ability to pursue the claim against Lloyds, the date upon which the statute of limitations could apply to Plaintiffs' claims against Lloyds, the effect of the tolling agreement they reached with Lloyds, and other matters that may be shown at trial. Defendant MLG represented that it had the expertise, financing, and staffing to properly handle Plaintiffs' case. This representation was made in order to induce Plaintiffs to enter into the operative agreement with defendants, and did induce Plaintiffs to enter into the operative agreement with defendants. Further, defendants misrepresented the coverage of the Federal and Lloyd's insurance policies as well as the limitations applicable to Plaintiffs' claims. Defendants knew or should have known that these misrepresentations were false when made. Alternatively, the defendants negligently made the misrepresentations. Defendants reserve the right to supplement , modify or amend this response as additional information becomes known to it through the discovery process, or if it knows that the response was incomplete or incorrect when made, or that it is no longer complete or correct.

***INTERROGATORY No. 5:***

State the facts and IDENTIFY the DOCUMENTS that support the claim for Conversion alleged in PLAINTIFFS' COMPLAINT.

***ANSWER:***

Defendants Bergquist settled a part of Plaintiffs' claims against certain other Defendants for pennies on the dollar per their own settlement estimates in the underlying action as consideration for a revised full contingency fee agreement that they subsequently refused to execute, but did not distribute it to Plaintiffs' keeping it instead for themselves claiming that they had used it to satisfy fees and costs.  Documents presently known to Plaintiffs are contained in their responses to Requests for Production. Defendant Bergquist are and were in possession of funds and other property that belonged to Plaintiffs but exercised dominion or control over such funds and such property inconsistent with the rights of Plaintiffs. Defendants reserve the right to supplement , modify or amend this response as additional information becomes known to it through the discovery process, or if it knows that the response was incomplete or incorrect when made, or that it is no longer complete or correct.

***INTERROGATORY No. 6:***

State the facts and IDENTIFY the DOCUMENTS that support the claim for Conspiracy, Joint Venture, and Several Liability alleged in PLAINTIFFS' COMPLAINT.

*ANSWER:*

Defendants agreed to be jointly responsible for the prosecution of Plaintiffs' claims in exchange for a single fee which they would divide among themselves, and thereafter discussed in writing the obligations, responsibilities, and duties of each to the other. When they could not execute despite prior agreement, both failed to advise Plaintiffs of the problems and failed to respond to motions and discovery and failed to attend depositions. Documents are included in Plaintiffs' response to Request for Disclosures. Additionally, Plaintiffs have produced over 25,000 documents in native format that support, when taken individually or collectively, Plaintiffs' claims. Among others, documents Bates stamped PLTFS 000024 – PLTFS 000028 support such claims. Defendants reserve the right to supplement , modify or amend this response as additional information becomes known to it through the discovery process, or if it knows that the response was incomplete or incorrect when made, or that it is no longer complete or correct.

*INTERROGATORY No. 7:*
State the facts and IDENTIFY the DOCUMENTS that support the allegation that MLG "failed to properly analyze, prepare, and handle Plaintiffs' claims" as alleged in paragraph 29 of PLAINTIFFS' COMPLAINT.

*ANSWER:* Merlin advised Plaintiffs that Lloyd's policy would potentially cover their loss and that they should dismiss the claim against Federal and WardTek and pursue only Lloyd's. Further, defendants did not join Lloyds in the underlaying case. Lloyd's policy did not cover Plaintiffs' loss, but the Federal Insurance policy did.

MLG failed to respond to motions and to attend depositions and conduct other discovery in an attempt to force Bergquist to do so. They also failed to advise Plaintiffs of the presence of potential limitations defenses available to Lloyds. They assured Plaintiffs that the Lloyds policy would cover all losses and damages in order to persuade Plaintiffs to drop their claims against Federal insurance.

Documents supporting these facts are found in documents Bates numbered PLTFS 000001-PLTFS 033316, and in documents Bates numbered PLTFS 000024-PLTFS 000028. Defendants reserve the right to supplement , modify or amend this response as additional information becomes known to it through the discovery process, or if it knows that the response was incomplete or incorrect when made, or that it is no longer complete or correct.

*INTERROGATORY No. 8:*
State the facts and IDENTIFY the DOCUMENTS that support the allegation that MLG "coerced Plaintiffs to settle their case for no payment" as alleged in paragraph 36 of PLAINTIFFS' COMPLAINT.

*ANSWER:*

MLG refused to investigate or defend false and unfounded counterclaims asserted by Federal claiming that this was not part of their fee agreement, then stated to Plaintiffs that they

should drop claims against Federal because Lloyd's would cover Plaintiffs' losses. This occurred on the eve of trial when Plaintiffs had no time or opportunity to engage other counsel to investigate and defend Federal's false and unfounded counterclaims. Further, MLG represented that Plaintiffs were at risk on Federal's counterclaims, that they had little or no chance of recovering on their claims against Federal and that the Lloyds' policy would cover Plaintiffs' losses

Documents may be found at pages Bates numbered PLTFS 000001 - PLTFS 033316. Defendants reserve the right to supplement , modify or amend this response as additional information becomes known to it through the discovery process, or if it knows that the response was incomplete or incorrect when made, or that it is no longer complete or correct.

*INTERROGATORY No. 9:*
If PLAINTIFFS contend that any settlement agreement related to the BAD FAITH CLAIMS is unenforceable, state the facts and IDENTIFY the DOCUMENTS that support PLAINTIFFS' contention.

*ANSWER:*
Plaintiffs have not made such claims. Defendants reserve the right to supplement , modify or amend this response as additional information becomes known to it through the discovery process, or if it knows that the response was incomplete or incorrect when made, or that it is no longer complete or correct.

*INTERROGATORY No. 10:*
Identify each settlement that PLAINTIFFS agreed to related to the BAD FAITH CLAIMS and all reasons why PLAINTIFFS agreed to each settlement.

*ANSWER:*
Plaintiffs have not reached a settlement on their bad faith claims. Defendants reserve the right to supplement , modify or amend this response as additional information becomes known to it through the discovery process, or if it knows that the response was incomplete or incorrect when made, or that it is no longer complete or correct.

*INTERROGATORY No. 11:*
State the facts and IDENTIFY the DOCUMENTS that support the allegation that "the case could have been won but for Merlin's and Bergquist's failure to investigate, plead, analyze, and prepare the case for trial as reasonably competent attorneys would have done" as alleged in paragraph 37 of PLAINTIFFS' COMPLAINT.

*ANSWER:*
Based on Defendants' own statements, the case against Federal could have succeeded if properly prosecuted; had motions filed by Federal not gone without response, if anyone with knowledge of the case and situation had attended hearings, had Defendants attended depositions, and had Defendants properly understood the policies of insurance and the applicable law.

PLAINTIFF HVR LLC'S ANSWERS TO MERLIN DEFS INTERROGATORIES
-6-

Case No: 3:18-CV-06343 CRB

Documents that support this allegation include pages Bates numbered PLTFS 000001- PLTFS 033316. Defendants reserve the right to supplement , modify or amend this response as additional information becomes known to it through the discovery process, or if it knows that the response was incomplete or incorrect when made, or that it is no longer complete or correct.

*INTERROGATORY No. 12:*

For each misrepresentation that PLAINTIFFS contend was made by MLG regarding any BAD FAITH CLAIMS, identify who made the representation, when it was made, and why PLAINTIFFS contend it was false.

*ANSWER:*

Defendants represented that they had the expertise, experience, staffing, and funding needed to properly plead, discover, and try the case against Federal and Lloyds. Such representations were made by all Defendants prior to being engaged by Plaintiffs at a time when all the documents were available in then-pending litigation. Such representations were false because Bergquist associated Merlin ostensibly due to its expertise, funding and staffing and Merlin coerced Plaintiffs to drop their claims against Federal at a time when they knew or should have known that the Lloyds' policy had exceptions and affirmative defenses to defeat Plaintiffs' claims. Merlin promised to pursue Plaintiffs' claims against Lloyds but then refused to do so on the eve of the expiration of the date they told Plaintiffs that limitations would run. In fact, Lloyds already had a limitations defense at the time Defendants told Plaintiffs that Lloyd's would cover Plaintiffs' losses. Documents include pages Bates numbered PLTFS 00024 – PLTFS 00028 and PLTFS 000001 – PLTFS 033316. Defendants reserve the right to supplement , modify or amend this response as additional information becomes known to it through the discovery process, or if it knows that the response was incomplete or incorrect when made, or that it is no longer complete or correct.

*INTERROGATORY No. 13:*

State the facts and IDENTIFY the DOCUMENTS that support the allegation that MLG assured PLAINTIFFS that they would recover under the LLOYDS' policy as alleged in PLAINTIFFS' COMPLAINT.

*ANSWER:*

Defendants persuaded Plaintiffs to drop their claims against Federal by making assurances to Rajiv Gosain that the Lloyd's policy would cover Plaintiffs' loss. Documents and emails from MLG are contained in Plaintiffs' response to Requests for Production, and among others in pages Bates numbered 007123-033316 and pages Bated numbered 000001-007123. Defendants reserve the right to supplement , modify or amend this response as additional information becomes known to it through the discovery process, or if it knows that the response was incomplete or incorrect when made, or that it is no longer complete or correct.

*INTERROGATORY* **No. 14:**

State the facts and IDENTIFY the DOCUMENTS that support PLAINTIFFS' claim filed against BMWS.

*ANSWER:*

*See* **answers above which are incorporated here by reference. Defendants reserve the right to supplement , modify or amend this response as additional information becomes known to it through the discovery process, or if it knows that the response was incomplete or incorrect when made, or that it is no longer complete or correct.**

*INTERROGATORY* **No. 15:**

if PLAINTIFFS deny the allegations in FEDERAL's CROSS-COMPLAINT, state the facts and IDENTIFY the DOCUMENTS that support PLAINTIFFS' denial.

*ANSWER:*

**Affidavits obtained from Federal's alleged investigator are contained in Plaintiffs' responses to Request for Production and are incorporated herein by reference. In addition, Defendants were provided with the India Court orders and case file in the criminal case initiated against Surinder Singla, the investigator hired by Federal Insurance. Singla is still on bail pending disposition of the criminal case. Defendants reserve the right to supplement , modify or amend this response as additional information becomes known to it through the discovery process, or if it knows that the response was incomplete or incorrect when made, or that it is no longer complete or correct.**

*INTERROGATORY* **No. 16:**

State the facts and IDENTIFY the DOCUMENTS that support PLAINTIFFS' allegation that MLG continued to represent PLAINTIFFS in connection with the BAD FAITH CLAIMS in 2019 and 2020.

*ANSWER:*

**The fact is that Merlin continued to provide legal advice as to various settlements, filing of a fraud case against Federal, prosecution of Lloyd's case and to appear on behalf of and represent Plaintiffs. Among the documents supporting these facts and presently in Plaintiffs' possession are emails between the parties found in pages Bated numbered 007123-033316 and pages Bated numbered 000001-00712 which are contained in Plaintiffs' Response to Requests for Production. Additional facts may be found in Lloyd's denial letter dated December 17, 2019 which will be produced. Defendants reserve the right to supplement , modify or amend this response as additional information becomes known to it through the discovery process, or if it knows that the response was incomplete or incorrect when made, or that it is no longer complete or correct.**

DocuSign Envelope ID: 94E36C2C-0D15-4AAC-A0FA-A1414CF5E47A

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

***INTERROGATORY No. 17:***
State the facts and IDENTIFY the DOCUMENTS that support PLAINTIFFS' claim that the CLAIMS AGAINST MLG were commenced within the time set by California Code of Civil Procedure section 340.6.

***ANSWER:***
      **The limitations date is subject to the provisions of CCCP 340.6(a)(1-3 ) and 340.6(b). MLG continued to represent Plaintiff. Suit was filed within the time prescribed by the statute of limitations after Merlin ceased representing Plaintiffs. Further, Plaintiffs sustained actual injury when Lloyd denied their claim in December 2019. Emails with Merlin establishing these facts are contained in pages Bates stamped PLTFS 007123 – PLTFS 033316 and pages Bates numbered PLTFS 000001- PLTFS 007123 and also in which are contained in Plaintiffs' Response to Requests for Production. Defendants reserve the right to supplement , modify or amend this response as additional information becomes known to it through the discovery process, or if it knows that the response was incomplete or incorrect when made, or that it is no longer complete or correct.**

***INTERROGATORY No. 18:***
Identify with reasonable particularity, including the dates and PERSONS involved, all COMMUNICATIONS between PLAINTIFFS and MLG that took place from and after January 1, 2019.

***ANSWER:***
      **All written communications are contained in Plaintiffs' response to Requests for Production. Most of such communications would have taken place between Rajiv Gosain and Victor J. Jacobellis. Some communications are oral and Plaintiffs cannot at this time provide dates because of Mr. Gosain's medical condition. Specifically, written communications are found in pages Bates numbered0 PLTFS 07123 – PLTFS 033316 which are contained in Plaintiffs' Response to Requests for Production. Defendants reserve the right to supplement , modify or amend this response as additional information becomes known to it through the discovery process, or if it knows that the response was incomplete or incorrect when made, or that it is no longer complete or correct.**

***INTERROGATORY No. 19:***
Identify with reasonable particularity all legal services provided by MLG to any of the PLAINTIFFS that took place from and after January 1, 2019.

***ANSWER:***
      **MLG advised Plaintiffs as to the merits of their claim against the Lloyds policy, the reasons for their insistence on dismissing the Federal suit, advice on filing a separate lawsuit against Federal, prepared and presented Mr. Gosain for an examination under oath by Lloyds' attorney, promised to successfully pursue recovery from Lloyds, advised as to the statute of limitations applicable to claims against Lloyds, advised as to their plan for pursuing recovery under the Lloyds**

policy, including those provisions of the Lloyds' policy that would cover Plaintiffs' losses, advised concerning the reasons recited in the Lloyds letter declining coverage and why those reasons were wrong under the policy and the law, advised on the potential statutes of limitations that could apply to Plaintiffs' claims, established a date on which the statute of limitations would run. Among others, written communications between Plaintiffs and Merlin defendants are found in documents Bates numbered PLTFS 007123 – PLTFS 033316 which are contained in Plaintiffs' Response to Requests for Production. Also, Lloyd's denial letter dated December 17, 2019 which will be produced. Defendants reserve the right to supplement , modify or amend this response as additional information becomes known to it through the discovery process, or if it knows that the response was incomplete or incorrect when made, or that it is no longer complete or correct.

### INTERROGATORY No. 20:
Identify with reasonable particularity all reasons why Plaintiff Happy Valley Road, LLC dismissed its lawsuit against LLOYDS with prejudice in Contra Costa Superior Court Case No MSC20-02355.

### OBJECTION:
Plaintiffs decline to answer because they relied on their attorneys' advice concerning such dismissal and all communications with their attorneys is privileged.

### ANSWER:
Unprivileged reasons are contained in the records of the Federal District Court for the Northern District of California in Case No. 20-cv-1624-EMC and Case No. MSC20-02355 in Costa County Superior Court. Additional information is contained in Lloyd's declination letter dated December 17, 2019.

Subject to the foregoing claim of privilege, Plaintiffs could no longer fund the litigation against Lloyds. Defendants reserve the right to supplement , modify or amend this response as additional information becomes known to it through the discovery process, or if it knows that the response was incomplete or incorrect when made, or that it is no longer complete or correct.

### INTERROGATORY No. 21:
Identify with reasonable particularity what BAD FAITH CLAIMS any PLAINTIFFS contend still exist as against LLOYDS following the dismissal of the lawsuit against LLOYDS in Contra Costa Superior Court Case No. MSC20-02355.

### ANSWER:
Lloyds asserted in the case above that limitations had run as to Plaintiffs' claims, despite MLG's assurance that the tolling agreement Bergquist negotiated would prevent the statute from running until March 10, 2020. Lloyds asserted defenses to the claims and reasons the loss did not fall within the policy coverage, so that bad faith claims against Lloyd's are barred. Defendants reserve the right to supplement , modify or amend this response

DocuSign Envelope ID: 94E36C2C-0D15-4AAC-A0FA-A1414CF5E47A

1
2
3  as additional information becomes known to it through the discovery process, or if it knows that
4  the response was incomplete or incorrect when made, or that it is no longer complete or
   correct.
5
   **INTERROGATORY No. 22:**
6  Identify with reasonable particularity all email accounts, social media accounts, electronic devices,
   computers, cell phones, and cell phone numbers any of the PLAINTIFFS used for
7  COMMUNICATIONS related to the BAD FAITH CLAIMS from and after January 1, 2016.

8  **OBJECTION:**
        All communications with attorneys other than the Defendants is privileged by the
9  attorney-client privilege.  The identity of old accounts cannot be provided at this time due
   to Rajiv Gosain's medical condition.
10
   **ANSWER:**
11        Defendants communicated with Plaintiffs regularly by email and are therefore
   aware of such accounts and devices. Further identification can be found in pages Bates
12 numbered 000001-033316 which are incorporated by reference. Defendants reserve the right
   to supplement , modify or amend this response as additional information becomes known to it
13 through the discovery process, or if it knows that the response was incomplete or incorrect
14 when made, or that it is no longer complete or correct.

15
       Dated:  June 6, 2022
16
17     By: _____
18         Rajiv Gosain on behalf of *Plaintiff*
           *Happy Valley Road LLC*
19
20
21
22
23
24
25
26
27        PLAINTIFF HVR LLC'S ANSWERS TO MERLIN DEFS INTERROGATORIES
                                    -11-
28
                                                          Case No: 3:18-CV-06343 CRB

DocuSign Envelope ID: 94536C2C-0D15-4AAC-A0FA-A1414C55E47A

1
2

**PROOF OF SERVICE**

3

4          I am a resident of the State of Texas, over the age of eighteen years, and not a party to the within
action.  My business address is 3355 W. Alabama, Suite 444, Houston, Texas 77098.

5

6          On June __8__, 2022, I served the following document described as:

7  **PLAINTIFF HAPPY VALLEY ROAD, LLC'S ANSWERS TO DEFENDANT AND THIRD
PARTY DEFENDANT MERLIN LAW GROUP, P.A.'S FIRST SET OF INTERROGATORIES**

8

9  on the interested parties in this action by serving a true and correct copy thereof enclosed to the following:

10  Kurt D. Bridgman                               kbridgman@vmbllp.com
    Michael S. Burke                               mburke@vmbllp.com
11  Guy Stilson                                    gstilson@vmbllp.com
    **VOGL, MEREDITH BURKE, LLP**
12  456 Montgomery Street, 20th Floor             *Counsel for Defendants*
    San Francisco, CA 94104                       *Bergquist Wood McIntosh Seto, LLP,*
13  Tel: (415) 398-0200                           *Bruce McIntosh and Stephen Seto,*

14  Joseph P. McMonigle                            jmcmonigle@longlevit.com
    Jessica R. MacGregor                           jmacgregor@longlevit.com
15  Peter H. Bales                                 pbales@longlevit.com
    **LONG & LEVIT LLP**
16  465 California Street, Suite 500              *Counsel for Defendants*
    San Francisco, CA 94104                       *Merlin Law Group, PA, William Merlin,*
17  Tel: (415) 397-2222                           *Michael Duffy, and Denise Sze*

18

19  [X]    **[BY E-MAIL]** I served the above party (ies) by transmitting the document via electronic mail to
20  the electronic mail address as listed above.

21          I declare under penalty of perjury under the laws of the State of California that the foregoing is
    true and correct and that this declaration was executed on May 25, 2022 at Houston, Texas.

22

23

24                                                 /s/ Amber Kaiser
                                                   _____
                                                   Amber Kaiser
25

26

27                    **PLAINTIFF HVR LLC'S ANSWERS TO MERLIN DEFS INTERROGATORIES**
                                                   -12-
28

Case No: 3:18-CV-06343 CRB

I, Rajiv Gosain, am Manager of Happy Valley Road LLC.  I believe, based on reasonable inquiry, that the foregoing answers are true and correct to the best of my knowledge, information and belief.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on June 8, 2022.

Rajiv Gosain
Manager Happy Valley Road LLC

I, Rajiv Gosain, do hereby affirm that the foregoing answers are true and correct to the best of my knowledge, information and belief.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on June 8, 2022.

Rajiv Gosain

# EXHIBIT 3

**From:** Bales, Peter
**Sent:** Thursday, June 9, 2022 11:17 AM
**To:** Michael Sydow
**Cc:** Janie Crowley; David Ratner; kbridgman@vmbllp.com; gstilson@vmbllp.com; MacGregor, Jessica; Amber Kaiser
**Subject:** RE: 06/08/22 Gosain, et al. v. Bergquist Wood Mcintosh Seto, LLP, et al. - USDC Case No. 3:18-cv-06343-CRB - Discovery Responses

Mike, To assist with our meet and confer and in an effort to narrow the issues to be addressed, please see detailed meet and confer email below. Please let me know when you are available today or tomorrow (June 9 or June 10) to address these issues as time is of the essence. If we cannot resolve them, we would like to proceed to raise these before Judge Beeler, in addition to the issues Merlin has previously raised, which include your clients' responses to the document requests. Thank you, Peter

**Meet and Confer Issues With HVR LLC's Responses to Special Interrogatories:**

**No. 1:** For each attorney any of the PLAINTIFFS engaged to represent any of the PLAINTIFFS related to the BAD FAITH CLAIMS, identify the name, firm, address, telephone number and email address, when the attorney was first engaged, when the representation ended, and whether or not there was a written agreement.

**Reason Why Further Response Should Be Compelled:** Plaintiffs fail to answer this interrogatory completely, including for *each attorney* "when the representation ended" and confirmation as to whether there was a written engagement agreement.

**No. 2:** If any DOCUMENTS support the existence or amount of any damages claimed by PLAINTIFFS against MLG, **IDENTIFY each DOCUMENT with reasonable particularity.**

**Reason Why Further Response Should Be Compelled:** Plaintiffs' responsive is evasive. Plaintiffs fail to identify any documents with any level of particularity. IDENTIFY was a defined term "means to identify the DOCUMENTS by bates or production number if it has been produced, or if not, to sufficient describe its: (a) title, (b) date, (c) general contents or substance, (d) author or authors; (d); recipient or recipients; and (e) the PERSONS who have such DOCUMENT." For example, Plaintiffs vaguely identify "inspection reports and estimates of damages." There are numerous documents that could fall within this broad description. What specific documents, reports, and estimates are Plaintiffs relying upon for their damages? Defendants are entitled to this information to take depositions and prepare for trial. If they have been produced, Plaintiffs must identify them by bates.

On this note, Plaintiffs fail to identify documents throughout their responses. **See Nos. 3-9, 11 ,13, 14, and 15.** When Plaintiffs do identify documents they appear to identify the every single document produced, which is not a good faith response by any means of the imagination. *See* No. 11 and No. 13.

**No. 10:** Identify each settlement that PLAINTIFFS agreed to related to the BAD FAITH CLAIMS and all reasons why PLAINTIFFS agreed to each settlement.

**Reason Why Further Response Should Be Compelled:** The response states "Plaintiffs have not reached a settlement on their bad faith claims." BAD FAITH CLAIMS was defined to include the claims against Federal and Lloyds. As we all know, Plaintiffs settled with Federal and other defendants related to those bad faith claims, i.e. Ward Tech. Plaintiffs also agreed to dismiss their claims against Lloyds with prejudice in exchange for avoiding a demurrer on raising sham pleading arguments. Plaintiffs must provide a complete response to this interrogatory for each settlement.

**No. 12:** For each misrepresentation that PLAINTIFFS contend was made by MLG regarding any BAD FAITH CLAIMS, identify who made the representation, when it was made, and why PLAINTIFFS contend it was false.

**Reason Why Further Response Should Be Compelled:**  Plaintiffs' incomplete and evasive responses fails to identify any individual who made the purported misrepresentations and when he or she did so.  Plaintiffs have sued numerous lawyers and cannot simply group them all together to avoid responding to this discovery.  For example, Plaintiffs claim that "Merlin promised to pursue Plaintiffs' claims against Lloyds…"  Who made that representation and when?

**No. 15:**  If PLAINTIFFS deny the allegations in FEDERAL's CROSS-COMPLAINT, state the facts and IDENTIFY the DOCUMENTS that support PLAINTFFS' denial

**Reason Why Further Response Should Be Compelled:**  Plaintiffs' response is non-responsive and evasive.  Plaintiffs fail to identify any specific facts or documents.

**No. 18:**  Identify with reasonable particularity, including the dates and PERSONS involved, all COMMUNICATIONS between PLAINTIFFS and MLG that took place from and after January 1, 2019.

**Reason Why Further Response Should Be Compelled:**  Plaintiffs' response is incomplete and evasive.  Plaintiffs fail to identify a single communication with Merlin attorneys that took place after January 1, 2019.

**No. 20:**  Identify with reasonable particularity all reasons why Plaintiff Happy Valley Road, LLC dismissed its lawsuit against LLOYDS with prejudice in Contra Costa Superior Court Case No MSC20-02355.

**Reason Why Further Response Should Be Compelled:**  Plaintiffs object based on privilege.  Any objection based on privilege has been waived by (1) Plaintiffs' and their counsels' failure to timely respond to these interrogatories, which were due back in February 2022 and (2) Plaintiffs have put the claims against Lloyds and their decision to voluntarily dismiss those claims at issue in this case.

**No. 22:**  Identify with reasonable particularity all email accounts, social media accounts, electronic devices, computers, cell phones, and cell phone numbers any of the PLAINTIFFS used for COMMUNICATIONS related to the BAD FAITH CLAIMS from and after January 1, 2016.

**Reason Why Further Response Should Be Compelled:**  Plaintiffs objects but waived the right to do so.  Plaintiffs' response is evasive and incomplete.

---

**From:** Bales, Peter
**Sent:** Wednesday, June 8, 2022 2:01 PM
**To:** Michael Sydow <michael.sydow@thesydowfirm.com>
**Cc:** Janie Crowley <jcrowley@longlevit.com>; David Ratner <david@ratnermolineaux.com>; kbridgman@vmbllp.com; gstilson@vmbllp.com; MacGregor, Jessica <jmacgregor@longlevit.com>; Amber Kaiser <amber.kaiser@thesydowfirm.com>
**Subject:** RE: 06/08/22 Gosain, et al. v. Bergquist Wood Mcintosh Seto, LLP, et al. - USDC Case No. 3:18-cv-06343-CRB - Discovery Responses

Mike, I have reviewed the unverified responses to the interrogatories and have a number of meet and confer issues to address regarding your client's failure to provide complete, non-evasive, and code compliant responses without objections.  Please let me know when you are available for a telephone call to discuss these issues so that we can determine what can be resolved without motion practice.  Thank you, Peter

**From:** Bales, Peter
**Sent:** Wednesday, June 8, 2022 12:05 PM
**To:** Amber Kaiser <amber.kaiser@thesydowfirm.com>; MacGregor, Jessica <jmacgregor@longlevit.com>; gstilson@vmbllp.com; kbridgman@vmbllp.com
**Cc:** Janie Crowley <jcrowley@longlevit.com>; David Ratner <david@ratnermolineaux.com>; Michael Sydow <michael.sydow@thesydowfirm.com>
**Subject:** RE: 06/08/22 Gosain, et al. v. Bergquist Wood Mcintosh Seto, LLP, et al. - USDC Case No. 3:18-cv-06343-CRB - Discovery Responses

Where are the proper verifications? I do not see any.

---

**From:** Amber Kaiser <amber.kaiser@thesydowfirm.com>
**Sent:** Wednesday, June 8, 2022 12:02 PM
**To:** Bales, Peter <pbales@longlevit.com>; MacGregor, Jessica <jmacgregor@longlevit.com>; gstilson@vmbllp.com; kbridgman@vmbllp.com
**Cc:** Janie Crowley <jcrowley@longlevit.com>; David Ratner <david@ratnermolineaux.com>; Michael Sydow <michael.sydow@thesydowfirm.com>
**Subject:** 06/08/22 Gosain, et al. v. Bergquist Wood Mcintosh Seto, LLP, et al. - USDC Case No. 3:18-cv-06343-CRB - Discovery Responses


Good Afternoon:

Attached please find the following documents for service in the referenced matter:

1. Plaintiffs' Answers to Defendant and Third Party Defendant Merlin Law Group, P.A.'s Interrogatories; and
2. Plaintiffs' Answers to Defendant and Third Party Plaintiff Bergquist Wood McIntosh Seto, LLP's Interrogatories.


Thank you,

Amber Kaiser,
Paralegal
The Sydow Firm
3355 W. Alabama, Suite 444
Houston, Texas 77098
(713) 622-9700 [Telephone]
(713) 552-1949 [Telecopier]
amber.kaiser@thesydowfirm.com

**NOTICE BY THE SYDOW FIRM**

**To the extent this communication contains any statement regarding federal taxes, that statement was not written or intended to be used, and it cannot be used, by any person (i) as a basis for avoiding federal tax penalties that may be imposed on that person, or (ii) to promote, market or recommend to another party any transaction or matter addressed herein.**

**This message, as well as any attached documents, contains information from the law firm of The Sydow**

Firm that is confidential and/or privileged, or may contain attorney work product.  The information is intended only for the use of the addressee named above.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful.  If you have received this message in error, please delete all electronic copies of this message and its attachments, if any, destroy any hard copies you have created, without disclosing the contents, and notify the sender immediately.  Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege.

Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.

Unless expressly stated in this email, nothing in this message should be construed as a digital or electronic signature within the meaning of "Electronic Signatures" in the Global and National Commerce Act or any other law of any jurisdiction including, without limitation, the Uniform Electronic Transactions Act, enacted in any State. All statements, representations, commitments or any other undertaking contained or allegedly contained herein is subject to final documentation without which it shall not be binding.

# EXHIBIT 4

MICHAEL D. SYDOW
THE SYDOW FIRM
3355 W. Alabama, Suite 444
Houston, Texas 77098
(713) 622-9700 [Telephone]
(713) 552-1949 [Telecopier]
michael.sydow@thesydowfirm.com

DAVID S. RATNER
DAVID RATNER LAW FIRM, LLP
33 Julianne Court
Walnut Creek, California 94595
(415) 817-1200 [Telephone]
(925) 891-3813 [Telecopier]
david@davidratnerlawfirm.com

Attorneys for Plaintiffs RAJIV GOSAIN and
HAPPY VALLEY ROAD, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RAJIV GOSAIN and HAPPY VALLEY ROAD, LLC,<br><br>                    Plaintiffs,<br><br>         vs.<br><br>BERGQUIST WOOD MCINTOSH SETO, LLP, BRUCE MCINTOSH, AND STEPHEN SETO,<br><br>                    Defendants. | Case No. 3:18-CV-06343 CRB<br><br>Action Filed:  October 16, 2018<br><br>**PLAINTIFFS' RESPONSES TO DEFENDANTSAND**<br>**THIRD PARTY DEFENDANT MERLIN LAW GROUP, P.A.'S REQUEST FOR PRODUCTION** |
| BERGQUIST WOOD MCINTOSH SETO, LLP, BRUCE MCINTOSH, AND STEPHEN SETO,<br><br>                    Third Party Plaintiffs,<br><br>         vs.<br><br>MERLIN LAW GROUP, P.A., DENISE SZE, | |

**PLAINTIFFS' OBJ AND RESP TO MERLIN DEFS REQ FOR PRODUCTION**
-1-

1

2

3   MICHAEL DUFFY, WILLIAM F. "CHIP"
    MERLIN, and LAST & FAORO,

4                            Third Party Defendants.

5        COMES NOW, Plaintiffs, Ragiv Gosain and Happy Valley Road, LLC, and serve these

6   Responses to Defendant and Third Party Defendant Merlin Law Group, P.A.'s Request for Production.

7

8   Plaintiffs' reserve the right to supplement or amend any and all responses.

9

10  **REQUEST FOR PRODUCTION NO. 1:**
    All DOCUMENTS and COMMUNICATIONS identified in or that support any of the responses to
11  MLG's First Set of Interrogatories.

12  **RESPONSE: Plaintiffs have not yet been able to respond to MLG's First Set of Interrogatories**
    **because of the medical condition of Rajiv Gosain. An assistant manager of Plaintiff Happy Valley**
13  **Road LLC has recently been appointed and is working diligently on answers to interrogatories for**
    **that defendant. However, much of the information for such response must come from Mr. Gosain.**
14

15  **REQUEST FOR PRODUCTION NO. 2:**
    All DOCUMENTS and COMMUNICATIONS that support the existence or amount of any item of
16  damages claimed by PLATINFFS against MLG.

17  **RESPONSE: These documents have already been produced. Documents provided by the**
18  **Requesting party and Bates stamped Pltf 000223-6883 support such damages and**
    **Plaintiffs' causes of action, individually and collectively.**
19
    **In addition, the documents Bates stamped 00001-00222 support such damages and claims**
20  **as well as the documents produced by the Merlin Defendants and Bates stamped 6884-**
    **7122. Emails and other documents Bates stamped 7123-33316 also establish, in whole or**
21  **in part, elements of Plaintiffs' damages and claims when such documents are considered**
    **individually and/or collectively. As well, documents produced by Bergquist as BERG-**
22  **15.08.19-Avelar Preliminary Report Construction Defects (00032726xCE038), as BERG-**
23  **15.08.19-Avelar Preliminary Report Master bedrom(00032727xCE037).**

24  **REQUEST FOR PRODUCTION NO. 3:**
    All written agreements between any of the PLAINTIFFS and any attorneys PLAINTIFFS engaged to
25  represent any of the PLAINTIFFS related to the BAD FAITH CLAIMS.

26

27         **PLAINTIFFS' OBJ AND RESP TO MERLIN DEFS REQ FOR PRODUCTION**
                                        -2-

28
                                                      Case No: 3:18-CV-06343 CRB

1

2

3 **RESPONSE: SEE documents Bates numbered 000001-000014 000024-000028. Additionally, documents Bates numbered 000015-000023 and 000029-033316 contain such information as they all "relate to" the bad faith claims.**

4

5 **REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS and COMMUNICATIONS related to the preparation, negotiation, revision, and execution of any written agreement concerning representation between PLAINTIFFS and BWMS.

6

7 **RESPONSE: These documents have already been produced. Documents provided by the Requesting party and Bates stamped Pltf 000223-6883 relate to the engagement of the defendants by Plaintiffs and to defendants' performance of their contract. In addition, the documents Bates stamped 00001-00222 support such matters as well as the documents produced by the Merlin Defendants and Bates stamped 6884-7122.**

8

9

10

11 **REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS and COMMUNICATIONS related to the preparation, negotiation, revision, and execution of any written agreement concerning representation between PLAINTIFFS and MLG.

12

13 **RESPONSE: These documents have already been produced. Documents provided by the Requesting party and Bates stamped Pltf 000223-6883 individually and collectively. In addition, the documents Bates stamped 00001-00222 relate to such matters as well as the documents produced by the Merlin Defendants and Bates stamped 6884-7122. Documents produced in native format comprising an additional 3 gigabites of information including emails further relate to such matters.**

14

15

16

17 **REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS and COMMUNICATIONS related to the preparation, negotiation, revision, and execution of any written agreement concerning representation between PLAINTIFFS and any attorneys PLAINTIFFS hired to pursue claims against LLOYDS.

18

19

20 **RESPONSE:        These documents have already been produced. Documents provided by the Requesting party and Bates stamped Pltf 000223-6883 individually and collectively "relate to". In addition, the documents Bates stamped 00001-00222 relate to such matters as well as the documents produced by the Merlin Defendants and Bates stamped 6884-7122. Documents produced in native format comprising an additional 3 gigabites of information including emails further relate to such matters.**

21

22

23 **REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS and COMMUNICATIONS related to "Clinton Miller's evaluation of the case" and the "Case Analysis & Damages Estimate" identified in PLAINTIFFS' Rule 26(a)(1) Initial Disclosures, dated September 23, 2019.

24

25

26 **RESPONSE: Documents produced as pages Bates numbered 000036-000038 and pages 000048-**

27

28

1

2

3

**000049. Documents Bates numbered 000001-033316 also "relate to" such analysis.**

4

**REQUEST FOR PRODUCTION NO. 7:**

5

All DOCUMENTS and COMMUNICATIONS related to any offers of compromise, resolution, or settlement of the BAD FAITH CLAIMS.

6

7

**RESPONSE:        These documents have already been produced. Documents provided by the Requesting party and Bates stamped Pltf 000223-6883 individually and collectively "relate to" such matters. In addition, the documents Bates stamped 00001-00222 relate to such matters as well as the documents produced by the Merlin Defendants and Bates stamped 6884-7122. Documents produced in native format comprising an additional 3 gigabites of information including emails further relate to such matters.**

8

9

10

**REQUEST FOR PRODUCTION NO. 8:**

11

All DOCUMENTS and COMMUNICATIONS related to the negotiation, preparation, revision, and execution of any settlement agreement related to the BAD FAITH CLAIMS.

12

13

**RESPONSE: These documents have already been produced. Documents provided by the Requesting party and Bates stamped Pltf 000223-6883 individually and collectively "relate to" such matters. In addition, the documents Bates stamped 00001-00222 relate to such matters as well as the documents produced by the Merlin Defendants and Bates stamped 6884-7122. Documents produced in native format comprising an additional 3 gigabites of information including emails further relate to such matters.**

14

15

16

**REQUEST FOR PRODUCTION NO. 9:**

17

All DOCUMENTS and COMMUNICATIONS related to any offers of compromise, resolution, or settlement with WARD-TEK.

18

19

**RESPONSE: These documents have already been produced. Documents provided by the Requesting party and Bates stamped Pltf 000223-6883 individually and collectively "relate to" such matters. In addition, the documents Bates stamped 00001-00222 relate to such matters as well as the documents produced by the Merlin Defendants and Bates stamped 6884-7122. Documents produced in native format comprising an additional 3 gigabites of information including emails further relate to such matters.**

20

21

22

**REQUEST FOR PRODUCTION NO. 10:**

23

All DOCUMENTS and COMMUNICATIONS related to the negotiation, preparation, revision, and execution of any settlement agreement with WARD-TEK.

24

25

**RESPONSE: These documents have already been produced. Documents provided by the Requesting party and Bates stamped Pltf 000223-6883 individually and collectively "relate to" such**

26

27

28

matters as well as the documents produced by the Merlin Defendants and Bates stamped 6884-7122. Documents produced in native format comprising an additional 3 gigabites of information including emails further relate to such matters.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS and COMMUNICATIONS exchanged between PLAINTITFS and any PERSONS related to the valuation of the BAD FAITH CLAIMS.

**RESPONSE: These documents have already been produced. Documents provided by the Requesting party and Bates stamped Pltf 000223-6883 individually and collectively "relate to" such matters. In addition, the documents Bates stamped 00001-00222 relate to such matters as well as the documents produced by the Merlin Defendants and Bates stamped 6884-7122. Documents produced in native format comprising an additional 3 gigabites of information including emails further relate to such matters.**

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS and COMMUNICATIONS exchanged between PLAINTITFS and any PERSONS related to any legal analysis of the BAD FAITH CLAIMS as against FEDERAL.

**RESPONSE: These documents have already been produced. Documents provided by the Requesting party and Bates stamped Pltf 000223-6883 individually and collectively "relate to" such matters. In addition, the documents Bates stamped 00001-00222 relate to such matters as well as the documents produced by the Merlin Defendants and Bates stamped 6884-7122. Documents produced in native format comprising an additional 3 gigabites of information including emails further relate to such matters.**

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS and COMMUNICATIONS exchanged between PLAINTITFS and any PERSONS related to any legal analysis of the BAD FAITH CLAIMS as against LLOYDS.

**RESPONSE: These documents have already been produced. Documents provided by the Requesting party and Bates stamped Pltf 000223-6883 individually and collectively "relate to" such matters. In addition, the documents Bates stamped 00001-00222 relate to such matters as well as the documents produced by the Merlin Defendants and Bates stamped 6884-7122. Documents produced in native format comprising an additional 3 gigabites of information including emails further relate to such matters.**

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS and COMMUNICATIONS exchanged between PLAINTITFS and any PERSONS related to any legal analysis of the claims as against WARD-TEK.

**RESPONSE: These documents have already been produced. Documents provided by the Requesting party and Bates stamped Pltf 000223-6883 individually and collectively "relate to" such**

matters as well as the documents produced by the Merlin Defendants and Bates stamped 6884-7122. Documents produced in native format comprising an additional 3 gigabites of information including emails further relate to such matters.

**REQUEST FOR PRODUCTION NO. 15:**
All DOCUMENTS and COMMUNICATIONS exchanged between PLAINTITFS and any PERSONS prior to December 22, 2017 related to settlement of the BAD FAITH CLAIMS as against FEDERAL.

**RESPONSE: These documents have already been produced. Documents provided by the Requesting party and Bates stamped Pltf 000223-6883 individually and collectively "relate to" such matters. In addition, the documents Bates stamped 00001-00222 relate to such matters as well as the documents produced by the Merlin Defendants and Bates stamped 6884-7122. Documents produced in native format comprising an additional 3 gigabites of information including emails further relate to such matters.**

**REQUEST FOR PRODUCTION NO. 16:**
All DOCUMENTS and COMMUNICATIONS exchanged between David Ratner and any PERSONS prior to December 22, 2017 related to settlement of the BAD FAITH CLAIMS.

**RESPONSE: These documents have already been produced. Documents provided by the Requesting party and Bates stamped Pltf 000223-6883 individually and collectively "relate to" such matters. In addition, the documents Bates stamped 00001-00222 relate to such matters as well as the documents produced by the Merlin Defendants and Bates stamped 6884-7122. Documents produced in native format comprising an additional 3 gigabites of information including emails further relate to such matters.**

**REQUEST FOR PRODUCTION NO. 17:**
All DOCUMENTS and COMMUNICATIONS exchanged between PLAINTITFS and any PERSONS prior to June 5, 2018 related to settlement as against WARD-TEK.

**RESPONSE: These documents have already been produced. Documents provided by the Requesting party and Bates stamped Pltf 000223-6883 individually and collectively "relate to" such matters. In addition, the documents Bates stamped 00001-00222 relate to such matters as well as the documents produced by the Merlin Defendants and Bates stamped 6884-7122. Documents produced in native format comprising an additional 3 gigabites of information including emails further relate to such matters.**

**REQUEST FOR PRODUCTION NO. 18:**
All DOCUMENTS and COMMUNICATIONS exchanged between PLAINTITFS and any PERSONS prior to June 5, 2018 related to claims against LLOYDS.

**RESPONSE: These documents have already been produced. Documents provided by the Requesting party and Bates stamped Pltf 000223-6883 individually and collectively "relate**

**to" such matters. In addition, the documents Bates stamped 00001-00222 relate to such matters as well as the documents produced by the Merlin Defendants and Bates stamped 6884-7122. Documents produced in native format comprising an additional 3 gigabites of information including emails further relate to such matters.**

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS and COMMUNICATIONS exchanged between PLAINTITFS and any PERSONS prior to December 22, 2017 related to FEDERAL'S CROSS-COMPLAINT.

**RESPONSE: These documents have already been produced. Documents provided by the Requesting party and Bates stamped Pltf 000223-6883 individually and collectively "relate to" such matters. In addition, the documents Bates stamped 00001-00222 relate to such matters as well as the documents produced by the Merlin Defendants and Bates stamped 6884-7122. Documents produced in native format comprising an additional 3 gigabites of information including emails further relate to such matters.**

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS and COMMUNICATIONS exchanged between PLAINTITFS and MLG related to LLOYDS.

**RESPONSE: These documents have already been produced. Documents provided by the Requesting party and Bates stamped Pltf 000223-6883 individually and collectively "relate to" such matters. In addition, the documents Bates stamped 00001-00222 relate to such matters as well as the documents produced by the Merlin Defendants and Bates stamped 6884-7122. Documents produced in native format comprising an additional 3 gigabites of information including emails further relate to such matters.**

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS and COMMUNICATIONS exchanged between PLAINTITFS and MLG related to FEDERAL.

**RESPONSE: These documents have already been produced. Documents provided by the Requesting party and Bates stamped Pltf 000223-6883 individually and collectively "relate to" such matters. In addition, the documents Bates stamped 00001-00222 relate to such matters as well as the documents produced by the Merlin Defendants and Bates stamped 6884-7122. Documents produced in native format comprising an additional 3 gigabites of information including emails further relate to such matters.**

**REQUEST FOR PRODUCTION NO. 22:**

All COMMUNICATIONS between PLAINTITFS and MLG related to the BAD FAITH CLAIMS.

**RESPONSE: These documents have already been produced. Documents provided by the Requesting party and Bates stamped Pltf 000223-6883 individually and collectively "relate**

1

2

3  **to" such matters. In addition, the documents Bates stamped 00001-00222 relate to such
matters as well as the documents produced by the Merlin Defendants and Bates stamped**

4  **6884-7122. Documents produced in native format comprising an additional 3 gigabites of
information including emails further relate to such matters.**

5
**REQUEST FOR PRODUCTION NO. 23:**

6  All text messages exchanged between PLAINTITFS and any PERSONS from MLG related to the BAD

7  FAITH CLAIMS.

8  **RESPONSE: These documents have already been produced. Documents provided by the
Requesting party and Bates stamped Pltf 000223-6883 individually and collectively "relate**

9  **to" such matters. In addition, the documents Bates stamped 00001-00222 relate to such
matters as well as the documents produced by the Merlin Defendants and Bates stamped**

10  **6884-7122. Documents produced in native format comprising an additional 3 gigabites of
information including emails further relate to such matters.**

11
**REQUEST FOR PRODUCTION NO. 24:**

12  All DOCUMENTS and COMMUNICATIONS exchanged between PLAINTITFS and MLG related to

13  WARD-TEK.

14  **RESPONSE: These documents have already been produced. Documents provided by the
Requesting party and Bates stamped Pltf 000223-6883 individually and collectively "relate**

15  **to" such matters. In addition, the documents Bates stamped 00001-00222 relate to such
matters as well as the documents produced by the Merlin Defendants and Bates stamped**

16  **6884-7122. Documents produced in native format comprising an additional 3 gigabites of
information including emails further relate to such matters.**

17
**REQUEST FOR PRODUCTION NO. 25:**

18  All DOCUMENTS and COMMUNICATIONS exchanged between PLAINTITFS and MLG after

19  December 22, 2017.

20  **RESPONSE: These documents have already been produced. Documents provided by the
Requesting party and Bates stamped Pltf 000223-6883 are responsive to this Request. In**

21  **addition, the documents Bates stamped 00001-00222 relate to and contain such matters as
well as the documents produced by the Merlin Defendants and Bates stamped 6884-7122.**

22  **Documents produced in native format comprising an additional 3 gigabites of information
including emails further contain an relate to such matters.**

23

24
**REQUEST FOR PRODUCTION NO. 26:**

25  All DOCUMENTS and COMMUNICATIONS exchanged between PLAINTITFS and LLOYDS related
to any BAD FAITH CLAIMS.

26

27

28

1

2

3   **RESPONSE:  Defendants represented Plaintiffs in connection with such claims, and therefore such communications took place through them. Documents presently in Plaintiffs' possession or**

4   **subject to its control have already been produced. Documents provided by the Requesting party and Bates stamped Pltf 000223-6883 individually and collectively "relate to" such**

5   **matters. In addition, the documents Bates stamped 00001-00222 relate to such matters as well as the documents produced by the Merlin Defendants and Bates stamped 6884-7122.**

6   **Documents produced in native format comprising an additional 3 gigabites of information including emails further relate to such matters.**

7

8   <u>**REQUEST FOR PRODUCTION NO. 27:**</u>
All DOCUMENTS and COMMUNICATIONS exchanged between PLAINTITFS and FEDERAL

9   related to any BAD FAITH CLAIMS.

10  **RESPONSE: Defendants represented Plaintiffs in connection with such claims, and therefore such communications took place through them. Documents presently in Plaintiffs' possession or**

11  **subject to its control have already been produced. Documents provided by the Requesting party and Bates stamped Pltf 000223-6883 individually and collectively contain and**

12  **"relate to" such matters. In addition, the documents Bates stamped 00001-00222 relate to such matters as well as the documents produced by the Merlin Defendants and Bates**

13  **stamped 6884-7122. Documents produced in native format comprising an additional 3 gigabites of information including emails further contain and relate to such matters.**

14

15  <u>**REQUEST FOR PRODUCTION NO. 28:**</u>
All non-privileged COMMUNCATIONS between any of the PLAINTIFFS and any PERSONS related

16  to any alleged wrongful act or omission by MLG.

17  **RESPONSE: These documents have already been produced. Documents provided by the**

18  **Requesting party and Bates stamped Pltf 000223-6883 individually and collectively "relate to" such matters. In addition, the documents Bates stamped 00001-00222 relate to such**

19  **matters as well as the documents produced by the Merlin Defendants and Bates stamped 6884-7122. Documents produced in native format comprising an additional 3 gigabites of**

20  **information including emails further relate to such matters.**

21  <u>**REQUEST FOR PRODUCTION NO. 29:**</u>
All COMMUNICATIONS between any of the PLAINTIFFS and any PERSONS related to replacing

22  MLG as counsel.

23

24  **RESPONSE: Plaintiffs invoke the provisions of Rule 26 and state that such communications may be found in filings made by defendants and their lawyers in these consolidated cases. Further,**

25  **documents provided by the Requesting party and Bates stamped Pltf 000223-6883 individually and collectively "relate to" such matters. In addition, the documents Bates**

26  **stamped 00001-00222 relate to such matters as well as the documents produced by the Merlin Defendants and Bates stamped 6884-7122. Documents produced in native format**

27

28

1

2

3 comprising an additional 3 gigabites of information including emails further relate to such
matters.

4 **REQUEST FOR PRODUCTION NO. 30:**

5 All DOCUMENTS and COMMUNICATIONS related to efforts to obtain litigation financing for the
BAD FAITH CLAIMS.

6

7 **RESPONSE: These documents have already been produced. Documents provided by the
Requesting party and Bates stamped Pltf 000223-6883 individually and collectively "relate
to" such matters. In addition, the documents Bates stamped 00001-00222 relate to such**

8 **matters as well as the documents produced by the Merlin Defendants and Bates stamped
6884-7122. Documents produced in native format comprising an additional 3 gigabites of**

9 **information including emails further relate to such matters.**

10

11 **REQUEST FOR PRODUCTION NO. 31:**

All COMMUNICATIONS between any of the PLAINTIFFS and Neil Ison related to MLG or the BAD
FAITH CLAIMS.

12

13 **RESPONSE: These documents have already been produced. Documents provided by the
Requesting party and Bates stamped Pltf 000223-6883 individually and collectively "relate**

14 **to" such matters. In addition, the documents Bates stamped 00001-00222 relate to such
matters as well as the documents produced by the Merlin Defendants and Bates stamped**

15 **6884-7122. Documents produced in native format comprising an additional 3 gigabites of
information including emails further relate to such matters.**

16

17 **REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS and COMMUNICATIONS exchanged between PLAINTITFS and any real estate

18 agents related to seeking temporary housing in 2012 including, but not limited to, any PERSONS from
Rockcliff Realtors.

19

20 **RESPONSE: Such documents presently in the possession or control of Plaintiffs have already
been produced. Documents provided by the Requesting party and Bates stamped Pltf**

21 **000223-6883 individually and collectively "relate to" such matters. In addition, the
documents Bates stamped 00001-00222 relate to such matters as well as the documents**

22 **produced by the Merlin Defendants and Bates stamped 6884-7122. Documents produced
in native format comprising an additional 3 gigabites of information including emails**

23 **further relate to such matters.**

24 **REQUEST FOR PRODUCTION NO. 33:**

25 All DOCUMENTS and COMMUNICATIONS exchanged between PLAINTITFS and FEDERAL
related to seeking temporary housing in 2012.

26

27

28

1

2

3  **RESPONSE: These documents have already been produced. Documents provided by the Requesting party and Bates stamped Pltf 000223-6883 individually and collectively "relate to" such matters. In addition, the documents Bates stamped 00001-00222 relate to such matters as well as the documents produced by the Merlin Defendants and Bates stamped 6884-7122. Documents produced in native format comprising an additional 3 gigabites of information including emails further relate to such matters.**

4

5

6

**REQUEST FOR PRODUCTION NO. 34:**

7  All DOCUMENTS and COMMUNICATIONS exchanged between PLAINTITFS and TANAIGA related to seeking temporary housing in 2012.

8

9  **RESPONSE: These documents have already been produced. Documents provided by the Requesting party and Bates stamped Pltf 000223-6883 individually and collectively "relate to" such matters. In addition, the documents Bates stamped 00001-00222 relate to such matters as well as the documents produced by the Merlin Defendants and Bates stamped 6884-7122. Documents produced in native format comprising an additional 3 gigabites of information including emails further relate to such matters.**

10

11

12

**REQUEST FOR PRODUCTION NO. 35:**

13  All DOCUMENTS and COMMUNICATIONS related to any agreement or memorandum of understanding related to any lease or right to occupy 4134 Happy Valley Road at any time in 2012 or 2013.

14

15

16  **RESPONSE: These documents have already been produced. Documents provided by the Requesting party and Bates stamped Pltf 000223-6883 individually and collectively "relate to" such matters. In addition, the documents Bates stamped 00001-00222 relate to such matters as well as the documents produced by the Merlin Defendants and Bates stamped 6884-7122. Documents produced in native format comprising an additional 3 gigabites of information including emails further relate to such matters.**

17

18

19

**REQUEST FOR PRODUCTION NO. 36:**

20  All DOCUMENTS and COMMUNICATIONS related to AIM India Earth Infra Pvt. Ltd's right to lease or occupy 4134 Happy Valley Road.

21

22  **RESPONSE: These documents have already been produced. Documents provided by the Requesting party and Bates stamped Pltf 000223-6883 individually and collectively "relate to" such matters. In addition, the documents Bates stamped 00001-00222 relate to such matters as well as the documents produced by the Merlin Defendants and Bates stamped 6884-7122. Documents produced in native format comprising an additional 3 gigabites of information including emails further relate to such matters.**

23

24

25

26

27

28

1

2

**REQUEST FOR PRODUCTION NO. 37:**

3

All DOCUMENTS and COMMUNICATIONS related to PLAINTIFFS' rental or lease of 4134 Happy Valley Road in 2012 or 2013.

4

5

**RESPONSE: These documents have already been produced. Documents provided by the Requesting party and Bates stamped Pltf 000223-6883 individually and collectively "relate to" such matters. In addition, the documents Bates stamped 00001-00222 relate to such matters as well as the documents produced by the Merlin Defendants and Bates stamped 6884-7122. Documents produced in native format comprising an additional 3 gigabites of information including emails further relate to such matters.**

6

7

8

**REQUEST FOR PRODUCTION NO. 38:**

9

All transcripts for any depositions or examinations under oath that PLAINTIFFS provided related to the BAD FAITH CLAIMS, FEDERAL, or LLOYDS.

10

11

**RESPONSE: These documents have already been produced. Documents provided by the Requesting party and Bates stamped Pltf 000223-6883 individually and collectively "relate to" such matters. In addition, the documents Bates stamped 00001-00222 relate to such matters as well as the documents produced by the Merlin Defendants and Bates stamped 6884-7122. Documents produced in native format comprising an additional 3 gigabites of information including emails further relate to such matters. Defendant Merlin represented Plaintiffs in an examination under oath and already has such transcript. It included in Merlin's production it is included in the above referenced documents. Plaintiff currently possesses no copy of the transcript.**

12

13

14

15

16

**REQUEST FOR PRODUCTION NO. 39:**

17

All DOCUMENTS and COMMUNICATIONS that any PLAINTIFFS have signed under oath related to the BAD FAITH CLAIMS, FEDERAL, or LLOYDS, including any declarations.

18

19

**RESPONSE: These documents have already been produced. Documents provided by the Requesting party and Bates stamped Pltf 000223-6883 individually and collectively "relate to" such matters. In addition, the documents Bates stamped 00001-00222 relate to such matters as well as the documents produced by the Merlin Defendants and Bates stamped 6884-7122. Documents produced in native format comprising an additional 3 gigabites of information including emails further relate to such matters.**

20

21

22

**REQUEST FOR PRODUCTION NO. 40:**

23

All DOCUMENTS and COMMUNICATIONS that support the allegation that MLG "assumed joint responsibility for Plaintiffs' claims with [BWMS]" as alleged in paragraph 24 of PLAINTIFFS' COMPLAINT.

24

25

**RESPONSE: Among others, documents Bates numbered PLTFS 000024-000028. Further documents have already been produced. Documents provided by the Requesting party**

26

27

28

1

2

3   **and Bates stamped Pltf 000223-6883 individually and collectively "support" such matters.**
    **In addition, the documents Bates stamped 00001-00222 relate to such matters as well as**

4   **the documents produced by the Merlin Defendants and Bates stamped 6884-7122.**
    **Documents produced in native format comprising an additional 3 gigabites of information**

5   **including emails further relate to such matters.**

6   **Among others, documents PLTFS 000024-000028.**

7   <u>**REQUEST FOR PRODUCTION NO. 41:**</u>

8   All DOCUMENTS and COMMUNICATIONS that support the allegation that MLG "failed to properly
    analyze, prepare, and handle Plaintiffs' claims" as alleged in paragraph 29 of PLAINTIFFS'

9   COMPLAINT.

10  **RESPONSE: These documents have already been produced. Documents provided by the**
    **Requesting party and Bates stamped Pltf 000223-6883 individually and collectively**

11  **"support" such matters. In addition, the documents Bates stamped 00001-00222 relate to**
    **such matters as well as the documents produced by the Merlin Defendants and Bates**

12  **stamped 6884-7122. Documents produced in native format comprising an additional 3**
    **gigabites of information including emails further relate to such matters.**

13

14  <u>**REQUEST FOR PRODUCTION NO. 42:**</u>

15  All DOCUMENTS and COMMUNICATIONS that support the allegation that MLG "failed to properly
    investigate and defend counterclaims for fraud against Plaintiffs asserted by Federal Insurance company"

16  as alleged in paragraph 31 of PLAINTIFFS' COMPLAINT.

17  **RESPONSE: These documents have already been produced. Documents provided by the**
    **Requesting party and Bates stamped Pltf 000223-6883 individually and collectively**

18  **"support" such matters. In addition, the documents Bates stamped 00001-00222 relate to**
    **such matters as well as the documents produced by the Merlin Defendants and Bates**

19  **stamped 6884-7122. Documents produced in native format comprising an additional 3**
    **gigabites of information including emails further relate to such matters.**

20

21  <u>**REQUEST FOR PRODUCTION NO. 43:**</u>

22  All DOCUMENTS and COMMUNICATIONS that support the allegation that BWMS "failed to properly
    investigate and defend counterclaims for fraud against Plaintiffs asserted by Federal Insurance company"

23  as alleged in paragraph 31 of PLAINTIFFS' COMPLAINT.

24  **RESPONSE: These documents have already been produced. Documents provided by the**
    **Requesting party and Bates stamped Pltf 000223-6883 individually and collectively**

25  **"support" such matters. In addition, the documents Bates stamped 00001-00222 relate to**
    **such matters as well as the documents produced by the Merlin Defendants and Bates**

26  **stamped 6884-7122. Documents produced in native format comprising an additional 3**
    **gigabites of information including emails further relate to such matters.**

27  <center>**PLAINTIFFS' OBJ AND RESP TO MERLIN DEFS REQ FOR PRODUCTION**</center>
    <center>-13-</center>

28

1

2

**REQUEST FOR PRODUCTION NO. 44:**

3

All DOCUMENTS and COMMUNICATIONS that support the allegation that MLG "coerced Plaintiffs
to settle their case for no payment" as alleged in paragraph 36 of PLAINTIFFS' COMPLAINT.

4

5

**RESPONSE: These documents have already been produced. Documents provided by the
Requesting party and Bates stamped Pltf 000223-6883 individually and collectively
"support" such matters. In addition, the documents Bates stamped 00001-00222 relate to
such matters as well as the documents produced by the Merlin Defendants and Bates
stamped 6884-7122. Documents produced in native format comprising an additional 3
gigabites of information including emails further relate to such matters.**

6

7

8

**REQUEST FOR PRODUCTION NO. 45:**

9

If PLAINTIFFS contend the settlement agreement with FEDERAL is unenforceable, all DOCUMENTS
and COMMUNICATIONS that support PLAINITFFS' contention.

10

11

**RESPONSE:  Plaintiffs have not made such claim in this matter.**

12

**REQUEST FOR PRODUCTION NO. 46:**

13

All DOCUMENTS and COMMUNICATIONS that support the allegation that "the case could have been
won but for Merlin's and Bergquist's failure to investigate, plead, analyze, and prepare the case for trial
as reasonably competent attorneys would have done" as alleged in paragraph 37 of PLAINTIFFS'
COMPLAINT.

14

15

16

**RESPONSE: : These documents have already been produced. Documents provided by the
Requesting party and Bates stamped Pltf 000223-6883 individually and collectively
"support" such matters. In addition, the documents Bates stamped 00001-00222 relate to
such matters as well as the documents produced by the Merlin Defendants and Bates
stamped 6884-7122. Documents produced in native format comprising an additional 3
gigabites of information including emails further relate to such matters. Also, produced
as documents Bates stamped 011086-015890 contain and related to such matters.**

17

18

19

20

**Among others, documents PLTFS 000024-000028.**

21

**REQUEST FOR PRODUCTION NO. 47:**

22

All DOCUMENTS and COMMUNICATIONS that support the allegations that "throughout the time
relevant to Merlin's conduct" Rajiv Gosain "was gravely ill and unable to deal with, or objectively
evaluate implications and consequences of Defendants' conduct" and MLG was "very well aware of this
fact, and took advantage of it" as alleged in paragraph 56 of PLAINTIFFS' COMPLAINT.

23

24

25

**RESPONSE: These documents have already been produced. Documents provided by the
Requesting party and Bates stamped Pltf 000223-6883 individually and collectively
"support" such matters. In addition, the documents Bates stamped 00001-00222 relate to
such matters as well as the documents produced by the Merlin Defendants and Bates**

26

27

PLAINTIFFS' OBJ AND RESP TO MERLIN DEFS REQ FOR PRODUCTION

-14-

28

1

2

3   **stamped 6884-7122. Documents produced in native format comprising an additional 3 gigabites of information including emails further relate to such matters. Also, produced as documents Bates stamped 011086-015890 and 0001-0222 contain and related to such matters.**

4

5   **Among others, documents PLTFS 000024-000028.**

6

**REQUEST FOR PRODUCTION NO. 48:**

7   All DOCUMENTS and COMMUNICATIONS that support the allegation that MLG "representations concerning the certainty of recovery under the Lloyds policy turned out to be false" as alleged in paragraph 54 of PLAINTIFFS' COMPLAINT.

8

9   **RESPONSE:  Plaintiffs invoke their right under Federal Rule of Civil Procedure 26 and states that such documents may be found in in Case No. 20-cv-01624-EMC in the Federal District Court for the Northern District of California and in Cause No. MSC20-02355 in the Contra Costa County Court support such allegations. Further, Documents provided by the Requesting party and Bates stamped Pltf 000223-6883 individually and collectively "support" such matters. In addition, the documents Bates stamped 00001-00222 relate to such matters as well as the documents produced by the Merlin Defendants and Bates stamped 6884-7122. Documents produced in native format comprising an additional 3 gigabites of information including emails further relate to and support such matters.**

10

11

12

13

14

15   **REQUEST FOR PRODUCTION NO. 49:**

16   All DOCUMENTS and COMMUNICATIONS that support the allegation that MLG "repeatedly advised Plaintiffs that there were no statute of limitations issues affecting the Lloyds policy" as alleged in paragraph 46 of PLAINTIFFS' COMPLAINT.

17

18   **RESPONSE:  Plaintiffs have not made such allegation. Documents provided by the Requesting party and Bates stamped Pltf 000223-6883 individually and collectively "support" and relate to allegations that MLG did not properly assess and calculate the statute of limitations applicable to Plaintiffs' claims, failed to address such issues in the "tolling" agreement they negotiated, and failed to properly assess legal issues applicable to Lloyds' (and its co-defendants') defenses to coverage and liability. In addition, the documents Bates stamped 00001-00222 relate to such matters as well as the documents produced by the Merlin Defendants and Bates stamped 6884-7122. Documents produced in native format comprising an additional 3 gigabites of information including emails further relate to such matters.**

19

20

21

22

23

24   **These documents have already been produced.**

25   **REQUEST FOR PRODUCTION NO. 50:**

26   All DOCUMENTS and COMMUNICATIONS that support the allegation that MLG "falsely represented to Plaintiff that the statute of limitations on their claims against Lloyds would not expire until mind-

27

28

1

2

3

March of 2020" as alleged in paragraph 54 of PLAINTIFFS' COMPLAINT.

4

**RESPONSE: Documents provided by the Requesting party and Bates stamped Pltf 000223-6883 individually and collectively "support" and relate to allegations that MLG did not properly assess and calculate the statute of limitations applicable to Plaintiffs' claims, failed to address such issues in the "tolling" agreement they negotiated, and failed to properly assess legal issues applicable to Lloyds' (and its co-defendants') defenses to coverage and liability. In addition, the documents Bates stamped 00001-00222 relate to such matters as well as the documents produced by the Merlin Defendants and Bates stamped 6884-7122. Documents produced in native format comprising an additional 3 gigabites of information including emails further support and relate to such matters.**

5

6

7

8

9

**REQUEST FOR PRODUCTION NO. 51:**

10

All DOCUMENTS and COMMUNICATIONS that support the allegation that MLG assured PLAINTIFFS that they would recover under the LLOYDS' policy as alleged in PLAINTIFFS' COMPLAINT.

11

12

**RESPONSE: Documents 007196-033316. Documents 000001-007195 also "support" Plaintiffs' allegations.**

13

14

**REQUEST FOR PRODUCTION NO. 52:**

15

All DOCUMENTS and COMMUNICATIONS that support the claim for Negligence alleged in PLAINTIFFS' COMPLAINT.

16

**RESPONSE: Documents provided by the Requesting party and Bates stamped Pltf 000223-6883 individually and collectively "support" and relate to allegations that MLG did not properly assess and calculate the statute of limitations applicable to Plaintiffs' claims, failed to address such issues in the "tolling" agreement they negotiated, and failed to properly assess legal issues applicable to Lloyds' (and its co-defendants') defenses to coverage and liability. In addition, the documents Bates stamped 00001-00222 relate to such matters as well as the documents produced by the Merlin Defendants and Bates stamped 6884-7122. Documents produced in native format comprising an additional 3 gigabites of information including emails further support and relate to such matters.**

17

18

19

20

21

22

**These documents have been produced.**

23

**REQUEST FOR PRODUCTION NO. 53:**

All DOCUMENTS and COMMUNICATIONS that support the claim for Fraud alleged in PLAINTIFFS' COMPLAINT.

24

25

**RESPONSE: Documents provided by the Requesting party and Bates stamped Pltf 000223-6883 individually and collectively "support" and relate to allegations that MLG did not properly assess and calculate the statute of limitations applicable to Plaintiffs' claims,**

26

27

28

1

2

3  failed to address such issues in the "tolling" agreement they negotiated, and failed to

4  properly assess legal issues applicable to Lloyds' (and its co-defendants') defenses to
   coverage and liability. In addition, the documents Bates stamped 00001-00222 relate to
   such matters as well as the documents produced by the Merlin Defendants and Bates

5  stamped 6884-7122. Documents produced in native format comprising an additional 3
   gigabites of information including emails further support and relate to such matters.

6

   These documents have been produced.

7

   **REQUEST FOR PRODUCTION NO. 54:**

8  All DOCUMENTS and COMMUNICATIONS that support the claim for Conversion alleged in
   PLAINTIFFS' COMPLAINT.

9

10  **RESPONSE:** Documents provided by the Requesting party and Bates stamped Pltf 000223-
    6883 individually and collectively "support" and relate to such allegations. In addition,

11  the documents Bates stamped 00001-00222 relate to such matters as well as the documents
    produced by the Merlin Defendants and Bates stamped 6884-7122. Documents produced

12  in native format comprising an additional 3 gigabites of information including emails
    further support and support and relate to such matters.

13

14  These documents have been produced.

15  **REQUEST FOR PRODUCTION NO. 55:**
    All DOCUMENTS sufficient to show the amount and source of any settlement funds that PLAINITFFS

16  contend MLG received and refuses to provide to PLAINTIFFS as alleged in PLAINTIFFS'
    COMPLAINT.

17

18  **RESPONSE:** Plaintiff presently has and/or can locate such documents, except those contained in
    documents provided by the Requesting party and Bates stamped Pltf 000223-6883

19  individually and collectively contain such documents and support and relate to such
    matters. allegations that MLG did not properly assess and calculate the statute of

20  limitations. In addition, the documents Bates stamped 00001-00222 relate to such matters
    as well as the documents produced by the Merlin Defendants and Bates stamped 6884-

21  7122. Documents produced in native format comprising an additional 3 gigabites of
    information including emails further support and relate to such matters.

22

23  These documents have been produced.

24  **REQUEST FOR PRODUCTION NO. 56:**
    All DOCUMENTS and COMMUNICATIONS that support the claim for Conspiracy, Joint Venture, and

25  Several Liability alleged in PLAINTIFFS' COMPLAINT.

26

27

28

1

2

3   **RESPONSE: Documents provided by the Requesting party and Bates stamped Pltf 000223-
6883 individually and collectively contain such documents and support and relate to such
matters. In addition, the documents Bates stamped 00001-00222 relate to such matters as
well as the documents produced by the Merlin Defendants and Bates stamped 6884-7122.
Documents produced in native format comprising an additional 3 gigabites of information
including emails further support and relate to such matters.**

4

5

6   **These documents have been produced.**

7

8   **REQUEST FOR PRODUCTION NO. 57:**
If PLAINTIFFS deny the allegations in FEDERAL's CROSS-COMPLAINT, all DOCUMENTS and
COMMUNICATIONS that support each denial.

9

10  **RESPONSE: Documents provided by the Requesting party and Bates stamped Pltf 000223-
6883 individually and collectively contain such documents and support and
relate to such matters. In addition, the documents Bates stamped 00001-00222 contain
documents "supporting" and relating to such matters as well as the documents produced
by the Merlin Defendants and Bates stamped 6884-7122. Documents produced in native
format comprising an additional 3 gigabites of information including emails further
support and relate to such matters.**

11

12

13

14  **Also, the documents produced as documents Bates stamped 011086-015890 contain and
relate to such matters.**

15

16  **These documents have been produced.**

17  **REQUEST FOR PRODUCTION NO. 58:**
All DOCUMENTS and COMMUNICATIONS that support PLAINTIFFS' allegation that MLG
continued to represent PLAINTIFFS in connection with the BAD FAITH CLAIMS in 2019 and 2020.

18

19

20  **RESPONSE: Documents provided by the Requesting party and Bates stamped Pltf 000223-
6883 individually and collectively contain such documents and support such denials and
relate to such matters. In addition, the documents Bates stamped 00001-00222 contain
documents "supporting" and relating to such matters as well as the documents produced
by the Merlin Defendants and Bates stamped 6884-7122. Documents produced in native
format comprising an additional 3 gigabites of information including emails further
support and relate to such matters. Indeed, the aforementioned data contains extensive
email exchanges between Plaintiffs or their representatives and MLG regarding such
matters. Also, the examination under oath produced as produced as documents Bates
stamped 011086-015890 contain and related to such matters.**

21

22

23

24

25

26  **These documents have been produced.**

27

28

1

2

**REQUEST FOR PRODUCTION NO. 59:**

3 All DOCUMENTS and COMMUNICATIONS that support PLAINTIFFS' claim that the CLAIMS

4 AGAINST MLG were commenced within the time set by California Code of Civil Procedure section 340.6.

5

**RESPONSE: Documents relating to the date on which MLG's representation ended are**
6 **relevant to and support such contentions and contain facts relating thereto. Documents**
**provided by the Requesting party and Bates stamped Pltf 000223-6883 individually and**
7 **collectively contain such documents and support and relate to such matters. In addition,**
**the documents Bates stamped 00001-00222 contain documents "supporting" and relating**
8 **to such matters as well as the documents produced by the Merlin Defendants and Bates**
**stamped 6884-7122. Documents produced in native format comprising an additional 3**
9 **gigabites of information including emails further support and relate to such matters. Also**
**the examination under oath produced as documents Bates stamped 011086-015890**
10 **contain and related to such matters.**

11

**These documents have been produced.**
12

**REQUEST FOR PRODUCTION NO. 60:**
13 All COMMUNICATIONS between PLAINTIFFS and MLG that took place from and afterJanuary 1,

14 2019.

15 **RESPONSE: Documents provided by the Requesting party and Bates stamped Pltf 000223-**
**6883 individually and collectively contain such documents and support such and relate to**
16 **such matters. In addition, the documents Bates stamped 00001-00222 contain documents**
**"supporting" and relating to such matters as well as the documents produced by the**
17 **Merlin Defendants and Bates stamped 6884-7122. Documents produced in native format**
**comprising an additional 3 gigabites of information including emails further support and**
18 **relate to such matters. Also, the examination under oath produced as documents Bates**
**stamped 011086-015890 contain and related to such matters.**
19

20 **These documents have been produced.**

21 **REQUEST FOR PRODUCTION NO. 61:**

All DOCUMENTS and COMMUNICATIONS that support any complaint, claim, or cause of action filed
22 by any of the PLAINTIFFS against LLOYDS including litigation filed in the Northern District of

23 California as Case Number 3:20cv1624 and litigation filed in Contra Costa Superior Court as Case Number CIVMSC20-02355.

24

**RESPONSE:  Will be produced.**
25

26

27

28

1

2

3 **REQUEST FOR PRODUCTION NO. 62:**

All pleadings, discovery, COMMUNICATIONS, and DOCUMENTS exchanged, served, produced, submitted, or filed by PLAINTIFFS or LLOYDS in the BAD FAITH CLAIMS in any litigation filed by any of the PLAINTIFFS against LLOYDS including litigation filed in the Northern District of California as Case Number 3:20cv1624 and litigation filed in Contra Costa Superior Court as Case Number CIVMSC20-02355.

**RESPONSE:  Plaintiffs invoke their right under Federal Rule of Civil Procedure 26 and states that such documents may be found in in Case No. 20-cv-01624-EMC in the Federal District Court for the Northern District of California and in Cause No. MSC20-02355 in the Contra Costa County Court support such allegations. Further, Documents provided by the Requesting party and Bates stamped Pltf 000223-6883 individually and collectively "support" such matters. In addition, the documents Bates stamped 00001-00222 relate to such matters as well as the documents produced by the Merlin Defendants and Bates stamped 6884-7122. Documents produced in native format comprising an additional 3 gigabites of information including emails further relate to and support such matters.**

**REQUEST FOR PRODUCTION NO. 63:**

All COMMUNICATIONS and DOCUMENTS related to any compromise, resolution, settlement, or dismissal of any complaint, claim, or cause of action filed by any of the PLAINTIFFS against LLOYDS including litigation filed in the  Northern District of California as Case Number 3:20cv1624 and litigation filed in Contra Costa Superior Court as Case Number CIVMSC20-02355.

**RESPONSE: Plaintiffs invoke their right under Federal Rule of Civil Procedure 26 and states that such documents may be found in in Case No. 20-cv-01624-EMC in the Federal District Court for the Northern District of California and in Cause No. MSC20-02355 in the Contra Costa County Court support and/or "relate to" such allegations. Further, Documents provided by the Requesting party and Bates stamped Pltf 000223-6883 individually and collectively "support" and "relate to" such matters. In addition, the documents Bates stamped 00001-00222 relate to such matters as well as the documents produced by the Merlin Defendants and Bates stamped 6884-7122. Documents produced in native format comprising an additional 3 gigabites.**

**REQUEST FOR PRODUCTION NO. 64:**

All pleadings, discovery, COMMUNICATIONS, and DOCUMENTS exchanged, served, produced, submitted, or filed by FEDERAL in any investigation, proceedings, claims, or litigation related to the BAD FAITH CLAIMS.

**RESPONSE: Plaintiffs invoke their right under Federal Rule of Civil Procedure 26 and states that such documents may be found in the underlying case. Defendants represented Plaintiffs in the underlying case and they, not Plaintiff, would have been served with such documents.  Further, Documents provided by the Requesting party and Bates stamped Pltf 000223-6883**

individually and collectively "support" and contain and relate to such matters. In addition, the documents Bates stamped 00001-00222 contain and relate to such matters as well as the documents produced by the Merlin and the 3 gigabites of emails produced by Plaintiffs contain and/or relate to such matters.

**REQUEST FOR PRODUCTION NO. 65:**

All DOCUMENTS and COMMUNICATIONS exchanged between any of the PLAINTIFFS and David Ratner related to the BAD FAITH CLAIMS, MLG, or BWMS prior to retaining David Ratner in connection with any malpractice claims.

**RESPONSE: Plaintiffs invoke their right under Federal Rule of Civil Procedure 26 and states that such documents may be found in the underlying case. Defendants represented Plaintiffs in the underlying case and they, not Plaintiff, would have been served with such documents. Further, Documents provided by the Requesting party and Bates stamped Pltf 000223-6883 individually and collectively "support" and contain and relate to such matters. In addition, the documents Bates stamped 00001-00222 contain and relate to such matters as well as the documents produced by the Merlin and the 3 gigabites of emails produced by Plaintiffs contain and/or relate to such matters.**

**REQUEST FOR PRODUCTION NO. 66:**

David Ratner's client files, DOCUMENTS and COMMUNICATIONS related to any settlement or negotiation of a settlement of the BAD FAITH CLIAMS in 2017, including settlement or settlement negotiations with FEDERAL.

**RESPONSE: Such documents are not in the possession of Plaintiffs. However, filings in the underlying case may contain such documents. Defendants represented Plaintiffs in the underlying case and they, not Plaintiff, should have such documents. Further, Documents provided by the Requesting party and Bates stamped Pltf 000223-6883 individually and collectively "support" and contain and relate to such matters. In addition, the documents Bates stamped 00001-00222 contain and relate to such matters as well as the documents produced by the Merlin and the 3 gigabites of emails produced by Plaintiffs contain and/or relate to such matters.**

Dated:  May 25, 2022

THE SYDOW FIRM

By: /s/ Michael D. Sydow
Michael David Sydow, Sr.
*Attorney for Plaintiffs Rajiv Gosain and Happy Valley Road LLC*

1

2

**PROOF OF SERVICE**

3

    I am a resident of the State of Texas, over the age of eighteen years, and not a party to the within

4

action.  My business address is 3355 W. Alabama, Suite 444, Houston, Texas 77098.

5

    On May 26, 2022, I served the following document described as:

6

7

**PLAINTIFFS' RESPONSES TO DEFENDANT AND THIRD PARTY DEFENDANT MERLIN LAW GROUP, P.A.'S REQUEST FOR PRODUCTION**

8

on the interested parties in this action by serving a true and correct copy thereof enclosed to the following:

9

10

Kurt D. Bridgman                    kbridgman@vmbllp.com
Michael S. Burke                    mburke@vmbllp.com

11

Guy Stilson                            gstilson@vmbllp.com
**VOGL, MEREDITH BURKE, LLP**

12

456 Montgomery Street, 20th Floor       *Counsel for Defendants*
San Francisco, CA 94104            *Bergquist Wood McIntosh Seto, LLP,*

13

Tel: (415) 398-0200                *Bruce McIntosh and Stephen Seto,*

14

Joseph P. McMonigle             jmcmonigle@longlevit.com
Jessica R. MacGregor            jmacgregor@longlevit.com

15

Peter H. Bales                    pbales@longlevit.com
**LONG & LEVIT LLP**

16

465 California Street, Suite 500        *Counsel for Defendants*

17

San Francisco, CA 94104            *Merlin Law Group, PA, William Merlin,*
Tel: (415) 397-2222                *Michael Duffy, and Denise Sze*

18

19

[X]    **[BY E-MAIL]** I served the above party (ies) by transmitting the document via electronic mail to

20

the electronic mail address as listed above.

21

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on May 25, 2022 at Houston, Texas.

22

23

24

                          /s/ Amber Kaiser
                          Amber Kaiser

25

26

27

28

# EXHIBIT 5

| | |
|---|---|
| **From:** | Bales, Peter |
| **Sent:** | Monday, June 6, 2022 11:41 AM |
| **To:** | 'Michael Sydow'; 'David Ratner' |
| **Cc:** | 'Kurt Bridgman (VMB)'; MacGregor, Jessica; gstilson@vmbllp.com |
| **Subject:** | RE: Gosain/Bergquist - Plaintiffs' Objections and Responses to Bergquist Defendants Request for Production (052522) |

Mr. Sydow and Mr. Ratner, Merlin Law Group defendants ("MLG") join in the meet and confer issues raised by Bergquist below that also appear in the responses to MLG's document requests. MLG also identifies the following issues below that need to be addressed by the Court's June 9 deadline.  *See* Dkt. No. 176, 5-26-22 Discovery Order ("[Mr. Sydow] also said that he had produced all responsive documents. [Mr. Sydow] still must produce verified responses to the document requests and must do so by June 9, 2022.").  As time is of the essence, please be prepared to confer on all these issues during our telephone call scheduled for tomorrow, June 7 at 12 noon PST (2 pm CST).

14.  **Plaintiffs' failure to serve verified and separate response to MLG's document requests:**  There are two Plaintiffs and each was served with a set of document requests back in January.  Each Plaintiff (Gosain and HVR LLC) must serve its own verified responses to these requests, but has not done so.  We only received 1 written response and it was not verified.  Given your recent representation that Mr. Gosain has or will be replaced as the managing member of HVR LLC by Mr. Ison, it is critical to have two separate responses verified by each Plaintiff  in this case.

15.  **Plaintiffs' failure to serve code compliant responses:**  At the last hearing, Plaintiffs' counsel, Mr. Sydow, represented to the Court and the parties that Plaintiffs "had produced all responsive documents."  If that is the case, then Plaintiffs need to serve straightforward verified responses that confirm exactly that in response to each request.  Plaintiffs' responses fail to do so.  For example, the response to No. 6 and No. 51 does not confirm that all responsive documents have been produced.

16.  **Plaintiffs' vague reference to the "provisions of Rule 26":**  For several requests, Plaintiffs state "Plaintiffs invoke the provisions of Rule 26…."  *See* Nos. 29, 48, 62,63, 64, and 65.  That is not a proper response.  Rule 26 does not alleviate Plaintiffs of their obligations under Rule 34 and the Court's Discovery Orders requiring Plaintiffs to serve code compliant and verified responses to each of these document requests.

17.  **Plaintiffs' waiver of any right to withhold documents based on privilege or work product:**  By not timely responding to these requests and failing to seek relief from waiver, Plaintiffs have waived any right to object, including any objection based on privilege or work product.  Plaintiffs must produce all responsive documents, regardless of whether Plaintiffs claim they are privileged or not.  If Plaintiffs refuse to do so, please provide a detailed privilege log so the Court and the parties can address this waiver issue.

18.  **Failure to Produce:**  Contrary to Mr. Sydow's representation, there are categories of documents that still have not been produced.  In response to No. 61, Plaintiffs state that documents "will be produced."  Please ensure those documents are produced by June 9.  Also, there are several categories of documents that do not appear in Plaintiffs' productions to date.  For example, No. 31 asked for "All COMMUNICATIONS between any of the PLAINTIFFS and Neil Ison related to MLG or the BAD FAITH CLAIMS."  I have not seen any responsive communications with Mr. Ison produced by Plaintiffs.  We should have not to subpoena Mr. Ison for these communications. *See Milke v. City of Phoenix*, 497 F. Supp. 3d 442, 465, fn. 15 (D.Ariz. 2020) ("[Plaintiff] was not entitled to delay discovery and increase Defendants' expenses by requiring Defendants issue a subpoena for emails in the possession of her former counsel.").  The Court ordered Plaintiffs to produce these documents without objections.  Plaintiffs were clearly communicating with Mr. Ison during the underlying action, after the underlying action, and recently regarding Mr. Ison's apparent new role as the managing member of HVR LLC.  During all of these times, Mr. Ison was not acting as Plaintiffs' attorney because he was

not licensed to do so.  Plaintiffs must produce their communications with Mr. Ison by June 9.  No. 65 asked for "All DOCUMENTS and COMMUNICATIONS exchanged between any of the PLAINTIFFS and David Ratner related to the BAD FAITH CLAIMS, MLG, or BWMS prior to retaining David Ratner in connection with any malpractice claims."  Mr. Ratner was involved in the settlement and communicated with Plaintiffs prior to being retained for this malpractice action.  Plaintiffs have not produced such communications and misrepresented to the Court that they have.  Moreover, the response to No. 65 is non-responsive and does not comply with the Court's Order.

19.  **Plaintiffs' Must Produce Documents in Their Possession, Custody, or Control:**  It appears based on certain responses that Plaintiffs and their counsel have failed to perform an adequate search and production from all sources in their possession, custody, and control.  For example, No. 66 asked for "David Ratner's client files, DOCUMENTS and COMMUNICATIONS related to any settlement or negotiation of a settlement of the BAD FAITH CLAIMS in 2017, including settlement or settlement negotiations with FEDERAL."  Plaintiffs' response states "[s]uch documents are not in the **possession** of Plaintiffs."  Rule 34 extends beyond mere "possession" and reaches documents and files  "in the responding party's possession, custody or control."  FRCP 34(a)(1).  In the Ninth Circuit, "[c]ontrol is defined as the legal right to obtain documents upon demand." *United States v. Int'l Union of Petroleum and Indus.* Workers, AFL-CIO, 870 F.2d 1450, 1452 (9th Cir. 1989).   "Under California law, a client's legal files belong to the client, not the attorney."  *Miller v. IBM* 2006 U.S.Dist.LEXIS 112912, at *6 (N.D.Cal. 2006, No. C 02-2118 MJJ (MEJ)) *citing De Massa v. Nunez*, 770 F.2d 1505, 1507 (9th Cir. 1985); *see also Milke v. City of Phoenix*, 497 F. Supp. 3d 442, 465, fn. 15 (D.Ariz. 2020) ("[Plaintiff] was not entitled to delay discovery and increase Defendants' expenses by requiring Defendants issue a subpoena for emails in the possession of her former counsel."); *citing Hill v. Asset Acceptance, LLC*, 2014 U.S. Dist. LEXIS 91190, at *7 (S.D. Cal. 2014) ("[I]f Defendant's current or former counsel has responsive documents, Defendant has possession, custody, or control of those documents for purposes of discovery.").  Plaintiffs are required to obtain and produce the responsive client files requested.

You cannot blindly take your client's word that he and his entity have conducted a reasonably diligent search for documents in response to these requests.  An attorney is entitled to rely on the client's assertions, but only if "the investigation undertaken by the attorney and the conclusions drawn therefrom are reasonable under the circumstances." *Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 626 (D. Colo. 2007) (citing Fed. R. Civi. P. 26(g) advisory committee's note to 1983 amendment); *see Richard Green (Fine Paintings) v. McClendon*, 262 F.R.D. 284, 290 (S.D.N.Y. 2009) ("Attorneys must take responsibility for ensuring that their clients conduct a comprehensive and appropriate document search.") (internal quotation marks omitted); *Bernal v. All Am. Inv. Realty, Inc.*, 479 F. Supp. 2d 1291, 1333 (S.D. Fla. 2007) (attorney must "make a reasonable investigation to assure that their clients have provided all available responsive information and documents … . The signing attorney is not required to certify the truthfulness of the client's response, only that he made a reasonable effort to insure that his clients provided all responsive documents and information").

Give that your clients now have two discovery orders issued against them, including the most recent one explicitly warning you and your clients of further sanctions, we are hopeful that these issues will be voluntarily resolved and no later than the Court's June 9 deadline.  If not, MLG will be seeking further Court orders and sanctions.

Regards, Peter

---

**From:** gstilson@vmbllp.com <gstilson@vmbllp.com>
**Sent:** Thursday, May 26, 2022 5:36 PM
**To:** 'Michael Sydow' <michael.sydow@thesydowfirm.com>
**Cc:** 'David Ratner' <david@ratnermolineaux.com>; 'Kurt Bridgman (VMB)' <kbridgman@vmbllp.com>; Bales, Peter <pbales@longlevit.com>; MacGregor, Jessica <jmacgregor@longlevit.com>
**Subject:** Gosain/Bergquist - Plaintiffs' Objections and Responses to Bergquist Defendants Request for Production (052522)
**Importance:** High

Mike,

Thank you for Plaintiffs' Objections and Responses to Bergquist Defendants Request for Production (052522).

I've got some initial questions regarding the response—my apologies in advance for the extent to which some of this may seem pedantic, but with the number of parties and the number of documents already produced in this matter, I need to be sure I have crystal clarity as to what exactly is being referred to in Plaintiffs' Objections and Responses to Bergquist Defendants Request for Production (052522):

1. Is it Plaintiffs' position that all known responsive documents have already been produced, so rather than produce responsive documents that have already been produced, Plaintiffs' response sets forth information meant to identify the already-produced documents that are responsive to Bergquist Defendants Request for Production in lieu of actually (re-)producing the responsive documents? (Obviously, Plaintiffs are also reserving the right in the future to identify and/or produce additional responsive documents that may be located in the future but which are not currently known.) I've got no problem with that if that's the case, but I want to make absolutely sure I understand because if that's the case it makes it all the more important that I be able to understand the information Plaintiffs have provided to identify the responsive documents.

2. Next regards Plaintiffs' responses to categories 1 and 2 of the Bergquist document request. These responses each state in pertinent part, "These documents have already been produced. Documents provided by the Requesting party and Bates stamped Pltf 000223-6883 support such causes of action, individually and collectively. In addition, the documents Bates stamped 00001-00222 support such claims as well as the documents produced by the Merlin Defendants and Bates stamped 6884-7122 support elements and parts of the cause of action for negligence. Emails and other documents Bates stamped 7123-33316 also establish, in whole or in part, elements of Plaintiffs' claims…" (In this email, I use yellow highlighting to point out the specific items with which I have issues or concerns.) I have several concerns here:

    a. The response refers to documents "Bates stamped Pltf 000223-6883": is this meant to refer to documents bates stamped "PLTFS" (i.e., all letters capitalized and with a 'S' at the end of the prefix)? I believe no documents have been produced with bates stamps that are prefixed with "Pltf". I will need a confirmation on this or, if I am incorrect, then I will need further information to identify these documents.

    b. Please confirm that "the documents Bates stamped 00001-00222" refers to documents that were produced by Plaintiffs and bates stamped in the format "PLTFS XXXXXX" or, if that is incorrect, please further identify the parties which produced those documents and the format of their bates stamps.

    c. Please confirm that "documents produced by the Merlin Defendants and Bates stamped 6884-7122" refers to documents whose bates stamp is in the format "MLGXXXXXX" or, if that is incorrect, please further identify the format of their bates stamps of the documents being referenced.

    d. As to the "Emails and other documents Bates stamped 7123-33316…", please confirm that this refers to documents produced by the Merlin defendants which were bates stamped in the format MLGXXXXXXX where the XXXXXXX represents the sequential production number of the document or, if that is incorrect, please provide further information to identify these documents.

3. Similarly, I note that Plaintiffs' response to category 19 begins by identifying "Documents Bates numbered 000001-000007, 000008-00014, 000024-000027, and 000029-000035," but fails to say

whether those are Plaintiffs' bates numbers, Bergquist's, or Merlin's. This needs clarification and the correct bates format, please.

4.  My next initial concern is in multiple parts and relates to Plaintiffs' responses to categories 3-34. I do not understand a lot of Plaintiffs' document identification information in these responses. Plaintiffs mostly refer to "Documents provided by the Requesting Party in files numbered by Bergquist as 00042315xCE038, [etc., list of documents/files continues] …" (see example response, below, which provides further context.) Bergquist's production of documents in this matter was done two and a half years ago, and I was barely if at all involved in the case at that time. The paralegal who put the production together for us is no longer with the firm. And in going through the file, I don't see *anything* that is identified in the manner indicated in Plaintiffs' Objections and Responses to Bergquist Defendants Request for Production (052522), particularly regarding the portions of the identifying information which states "xCE038," "xxCE038," "xCE038(1)," "xCE0388," and "xCE039." In this action, I don't recognize or understand a format without a prefix (either "MLG" (for Merlin), "PLTFS" (for Plaintiffs) or "BERG" (for Bergquist)) and I don't recognize the suffixes (one or more 'x' followed by "CE" and then a number). It is my understanding that Bergquist produced PDF documents which were bates stamped with identifying information in the following format: BERG-XXXXXXX, where the XXXXXXX part was a number (representing the page production sequence, so each page would have its own unique Bergquist-provided page number). Also, the documents included in Plaintiffs' document production which were copies of documents originally produced by Bergquist had their bates numbers formatted in the same manner: BERG-XXXXXXX, albeit Plaintiffs also added their own bates identification, in the format PLTFS XXXXX. Since I do not understand identifying information set forth in Plaintiffs' Objections and Responses to Bergquist Defendants Request for Production (052522) and I cannot relate the identifying information to anything associated with any party's production, I am at a loss to identify many of the documents supposedly specified in Plaintiffs' Objections and Responses to Bergquist Defendants Request for Production (052522). A clarification is needed.

Example response:

> *Request for Production No. 3:*
> All DOCUMENTS that support the allegations contained in Paragraph 8 of the FIRST AMENDED COMPLAINT.
>
> **RESPONSE:**
>   Documents provided by the Requesting party in files numbered by Bergquist as
> 00042315xCE038,      00042314xCE038,      00042316xCE038,      00042320xCE038,
> 00042317xCE038,      00042318xCE038,    00042319xxCE038,    00042329xCE038(1),
> 00042329xCE038,      00042330xCE038,      00042324xCE038,      00042325xCE038,
> 00042326xCE038,      00042327xCE038,      00042338xCE038,      00042323xCE038,
> 00042322xCE038,      00042321xCE0388,      00042593xCE038,      00042594xCE038,
> 00042587xCE038,      00042588xCE038,      00042590xCE038,      00042593xCE038,
> 00042596xCE038,      00042589xCE038,      00042592xCE038,      00042591xCE038,
> 00000032726xCE039, Berg-14.01.24-First Amended Complaint, Berg-2.DEC of BAM,
> Berg-6.25.12LTR fm TAI-tubbsubfloor(2),  00030145xCE038,   and Pltf 000223-6883
> support such claims of action, individually and collectively. In addition, the documents
> Bates stamped 00001-00222 support such claims as well as the documents produced by the
> Merlin Defendants and Bates stamped 6884-7122 support elements and parts of claims.
> Emails and other documents Bates stamped 7123-33316 also establish, in whole or in part,
> Plaintiffs' claims, when such documents are considered individually and/or collectively.
>
>         Plaintiffs, of course, reserve the right to amend or supplement this response if it
> knows that the response was incomplete or incorrect when made, or that it is no longer
> complete or correct.

5. Is the document identified in responses to categories 3-34 as "Berg-14.01.24-First Amended Complaint" is the first amended complaint in Contra Costa Action No. C13-02496 which was filed on January 24, 2014? If so, this will need clarification; if not, further identifying information is needed.

6. I do not understand what documents are being referred to in responses to categories 3-34 as "Berg-2.DEC of BAM, Berg-6.25.12LTR fm TAI-tubbsubfloor(2)." A clarification is required.

7. The responses to categories 3-34 also each refer to "Pltf 000223-6883" – as noted above, none of the documents produced in this case bears a prefix of "Pltf" and I assume the response means to identify documents with a prefix of "PLTFS" – please clarify or explain.

8. The responses to categories 3-34 also reference "documents Bates stamped 00001-00222" and "7123-33316" but fails to provide a prefix or identify the parties which produced those documents. Clarification is required.

9. The responses to categories 3-34 also reference documents produced by Merlin as being "Bates stamped 6884-7122" – no prefix is provided. I believe all documents produced by merlin bore a prefix of "MLG." Please clarify or explain.

10. Plaintiffs' response to category 22 begins with "Other than those contained …" then goes on to provide identifying information regarding various documents. I do not understand that. Other than what? I assume it is some sort of a typo. I will need a clarification or correction here.

11. Plaintiffs' response to category 25 contains objections claiming the category is overbroad, that Plaintiffs do not understand what is meant by the terms "relate in any way" or "legal issues." These objections are not well taken. You are an attorney with decades of litigation experience and are more than competent to identify "legal issues." "Relate in any way" is language commonly used in discovery requests – it basically means "relate" but includes extra emphasis to get across the message that if there's a question as to whether something "relates" to something else, the responding party should assume it does and respond accordingly. It is not overbroad because it is limited to matters relating to legal issues raised by the First Amended Complaint in the current action, which you drafted and signed.

12. Also, Plaintiffs have essentially chosen to respond to categories 1-2 with one basic response and to respond to categories 3-34 with a second basic response. The responses are in no way tailored to the specific categories requested and constitute a 'data dump' and thereby fails to comply with FRCP 34. I think Judge Beeler would refer to these responses as an 'undifferentiated mass,' something that she has already warned the parties against doing.

13. Finally, the responses are not verified. I understand that Mr. Gosain has serious health conditions, but I also note that to date he has not sought a stay nor asked for an extension of time in which to respond to discovery. We have a discovery cutoff in August, and many depositions to conduct before then.

Today Judge Beeler said she would give Plaintiffs 14 more days to meet their discovery obligations to Merlin, making that due on June 9. I will follow in Judge Beeler's footsteps and ask for a formal amended (and verified) response to Bergquist's demand for production by no later than close of business on June 9. I must demand that if that does not occur, we discuss the matter telephonically on Friday, June 10. Although I am supposed to be on vacation on June 15, I will make myself available at any time between 9 am and 5 pm PST on Friday June 10 to discuss this matter with you by telephone—I merely ask that we reserve and calendar that time now so we can plan for it. If we are able to resolve this issue before then, we can cancel the phone call.

Thank you!

--- Guy



**Guy W. Stilson**
**VOGL MEREDITH BURKE LLP**
**456 Montgomery Street, 20th Fl**
**San Francisco, CA 94104**

**MOBILE PHONE 415-235-3500**
**gstilson@vmbllp.com**

CONFIDENTIALITY NOTICE
This email and the document(s) accompanying it may contain confidential information which is legally privileged.  The information is intended only for the use of the individual or entity named above.  If you are not the intended recipient, or the person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in this transmission is strictly PROHIBITED.  If you have received this transmission in error, please immediately notify me by telephone (415-235-3500), return the original transmission to me and destroy all copies.

# EXHIBIT 6

DocuSign Envelope ID: 5F20B3E2-FD88-498C-8336-2D57F89525EC

1

2

3   MICHAEL D. SYDOW
    THE SYDOW FIRM
    3355 W. Alabama, Suite 444
4   Houston, Texas 77098
    (713) 622-9700 [Telephone]
5   (713) 552-1949 [Telecopier]
    michael.sydow@thesydowfirm.com
6
    DAVID S. RATNER
7   DAVID RATNER LAW FIRM, LLP
    33 Julianne Court
8   Walnut Creek, California 94595
    (415) 817-1200 [Telephone]
9   (925) 891-3813 [Telecopier]
    david@davidratnerlawfirm.com
10
    Attorneys for Plaintiffs RAJIV GOSAIN and
11  HAPPY VALLEY ROAD, LLC

12                  UNITED STATES DISTRICT COURT

13                 NORTHERN DISTRICT OF CALIFORNIA

14                    SAN FRANCISCO DIVISION

15  RAJIV GOSAIN and HAPPY VALLEY       Case No. 3:18-CV-06343 CRB
    ROAD, LLC,
16                                       Action Filed:  October 16, 2018
                    Plaintiffs,
17
            vs.
18                                       **DECLARATION OF RAJIV GOSAIN**
    BERGQUIST WOOD MCINTOSH SETO,
19  LLP, BRUCE MCINTOSH, AND STEPHEN
    SETO,
20                  Defendants.
21  BERGQUIST WOOD MCINTOSH SETO,
    LLP, BRUCE MCINTOSH, AND STEPHEN
22  SETO,
                    Third Party Plaintiffs,
23
            vs.
24
    MERLIN LAW GROUP, P.A., DENISE SZE,
25  MICHAEL DUFFY, WILLIAM F. "CHIP"
    MERLIN, and LAST & FAORO,
26
                    Third Party Defendants.
27
                        **DECLARATION OF RAJIV GOSAIN**
28                              -1-

I, Rajiv Gosain, declare:

1.      I, Rajiv Gosain, am a competent adult, a citizen if India and the United States, a resident of France, and a Plaintiff and the manager of Plaintiff Happy Valley Road, LLC in the above-entitled action.

2.      The facts contained in this Declaration are within my personal knowledge and I could and would competently testify to them if called as a witness.

3.      In about mid-December 2021, I became very ill in France and was hospitalized in the hospitals located in Gassan and Frejus. I have also been treated in specialist clinics in Marseilles (for cancer), Nice and Agen. Voluminous medical records are available in the French language which the Court may review in-camera insofar as French law prohibits public dissemination.

4.      I was diagnosed and treated for pulmonary embolism, cardiac issues, extremely high blood pressure and adrenal tumors (Pheochromocytoma). I am still under treatment, am very weak, lack mental acuity and am struggling with performing activities of daily living.  (ADL)

5.      My symptoms of fatigue and weakness have increased steadily.  I have trouble maintaining a regular sleep cycle and suffer from sleep deprivation, because of medications and excruciating pain.

7.      I have tried to help Happy Valley's attorneys in complying with discovery, but since my time and energy are limited and there are at least 33,000 documents for me to review, in my unstable condition this is a herculean task.

8.      Apart from my own poor health, catastrophe has struck my family and caused me to request a stay in this action.

9.      On May 26, 2022, my 90-year-old father was admitted to the St. Peters hospital in New Jersey.  He is very weak, non-responsive, and is near death because he has stage 4 Large cell neuroendocrine cancer that has metastasized from his lungs to his liver and elsewhere.  I do not expect him to leave this hospital. The cancer came from nowhere, is very rare (less than 3% of all known lung

**DECLARATION OF RAJIV GOSAIN**
-2-

DocuSign Envelope ID: 5F20B3E2-FD88-498C-8336-3D57F89525EC

cancers) and was never diagnosed. I am in complete shock.

10.     I am the eldest son.  My family and I conform our behavior to the traditional rules of Brahmin Hindus.  When my father passes, I have certain duties that I must attend to in India, including, among other duties, taking his mortal remains to the holy city of Haridwar, India for immersion in the Ganges River, as were my forefathers, and participating in various mandatory rituals which I will not avoid based on any litigation commitments in USA as the welfare of my family is paramount.  The dutiful fulfilment of these duties will require four months of my complete unavailability, or even longer, depending upon my own physical health because the required trip to India and performance of my duties will cause further physical and psychological stress upon my body and mind, given my already weakened state.

13.     I am willing to have my deposition taken without full notice timing on the issues raised in this motion.  I believe that my deposition should be limited to two hours per day, given my health issues and lack of energy/mental acuity.  I will agree to the deposition virtually.

I declare under penalty of perjury under the laws of the State California that the foregoing is true and correct.

Executed on _____6/9/2022_____, 2022.

DocuSigned by:

*Rajiv Gosain*

—9AA7BBD07A43481...

Rajiv Gosain

Address: Chemin arrouzes

Moulin haut

Phone Number: France

# EXHIBIT 7

MICHAEL D. SYDOW
THE SYDOW FIRM
3355 W. Alabama, Suite 444
Houston, Texas 77098
(713) 622-9700 [Telephone]
(713) 552-1949 [Telecopier]
michael.sydow@thesydowfirm.com

DAVID S. RATNER
DAVID RATNER LAW FIRM, LLP
33 Julianne Court
Walnut Creek, California 94595
(415) 817-1200 [Telephone]
(925) 891-3813 [Telecopier]
david@davidratnerlawfirm.com

Attorneys for Plaintiffs RAJIV GOSAIN and
HAPPY VALLEY ROAD, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RAJIV GOSAIN and HAPPY VALLEY ROAD, LLC,<br><br>     Plaintiffs,<br><br>  vs.<br><br>BERGQUIST WOOD MCINTOSH SETO, LLP, BRUCE MCINTOSH, AND STEPHEN SETO,<br><br>     Defendants.<br><br>_____<br><br>BERGQUIST WOOD MCINTOSH SETO, LLP, BRUCE MCINTOSH, AND STEPHEN SETO,<br><br>     Third Party Plaintiffs,<br><br>  vs.<br><br>MERLIN LAW GROUP, P.A., DENISE SZE, MICHAEL DUFFY, WILLIAM F. "CHIP" MERLIN, and LAST & FAORO,<br>     Third Party Defendants. | Case No. 4:18-cv-06343-HSG (lead case)<br>Action Filed:  October 16, 2018<br><br>Related Case No. 3:20-cv-00815-JSW<br>Action Filed:  February 5, 2020<br><br><br>**DECLARATION OF HAPPY VALLEY ROAD IN SUPPORT OF PLAINTIFFS' MOTION FOR CONTINUANCE and EXTENSION OF TIME TO RESPOND TO DISCOVERY** |

My name is Neil Ison. I am a manger of Happy Valley Road LLC. This declaration is

based upon my personal knowledge and the records of Happy Valley LLC except matters stated upon information and belief. As to those matters I believe them to be true.

Mr. Rajiv Gosain was the manager of Happy Valley Road LLC at the time the defendants, Bergquist Wood McIntosh & Seto, Bruce McIntosh, Steven Seto, The Merlin Law Group, Michael Duffy, Denise Sze, and William "Chip" Merlin represented Happy Valley Road in the underlying matters against Federal Insurance and Certain Underwriters at Lloyd's London. Mr. Gosain provided all or almost all of the contact with the defendants and with witnesses in the underlying case. Aside from records maintained by the company and those produced by the defendants, others a Happy Valley Road have little direct knowledge of the acts, omissions, facts, and circumstances of the underlying case. Of course, the Bergquist defendants have filed a third party complaint against the Merlin defendants alleging that the Merlin defendants were negligent.  Thus, I believe that Happy Valley Road will be prejudiced if the case is discovered and/or tried without the input from Mr. Gosain. For the same reasons, Mr. Gosain will also suffer prejudice. My beliefs are based on the facts set out above.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 16, 2022.

*Neil Ison*

_____

Neil Ison