UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| RAJIV GOSAIN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BERGQUIST WOOD MCINTOSH SETO, LLP, et. al., <br><br> Defendants. | Case No. 18-cv-06343-HSG (LB) <br><br> **DISCOVERY ORDER** <br><br> Re: ECF No. 179 |

The parties continue to dispute discovery issues that were addressed in the May 6 and May 27 discovery orders: (1) the lack of verified responses to the document requests; (2) the lack of sufficient responses to the interrogatories; and (3) the parties' inability to schedule depositions.[1] The plaintiff, Rajiv Gosain, has submitted a declaration describing his health problems, which have apparently prevented the parties from scheduling the depositions.[2]

Regarding the parties' written discovery disputes, the court denies without prejudice the defendant's request to compel further written discovery responses and orders the parties to comply

---

[1] Joint Letter Br. – ECF No. 179; Order – ECF No. 170; Order – ECF No. 176. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Joint Letter Br. – ECF No. 179 at 3; Gosain Decl., Ex. 6 to *id.* – ECF No. 179 at 61–63.

ORDER – No. 18-cv-06343-HSG (LB)

with the dispute procedures in the undersigned's standing order, which were provided with the Notice of Discovery Procedures (ECF No. 92). The procedures require, among other things, that,

> If the disagreement concerns specific discovery that a party has propounded, such as interrogatories, requests for production of documents, or answers or objections to such discovery, the parties must reproduce the question/request and the response in full either in the letter or, if the page limits in the letter are not sufficient, in a single joint exhibit.[3]

Concerning the depositions, the plaintiffs cite Mr. Gosain's health problems and the defendants' failure to identify topics for the deposition of plaintiff Happy Valley Road.[4] Mr. Gosain's declaration also suggests that his deposition should be limited to two hours per day.[5] In an email attached to the parties' letter brief, the defendants suggest that the topics for the deposition of plaintiff Happy Valley Road will be provided after Mr. Gosain's deposition.[6]

Within five days of this order, the plaintiff, Mr. Gosain, must provide the defendants with (1) all dates on which he is available for a deposition in June and July 2022 and (2) any proposed daily limit on the length of Mr. Gosain's deposition.

Given the health issues, the court does not impose sanctions at this time. But sanctions can be imposed when a party does not comply with discovery obligations and the court again reminds the parties of the relevant legal standards governing sanctions, which were stated in the court's May 27, 2022 Order.[7]

**IT IS SO ORDERED.**

Dated: June 17, 2022

LAUREL BEELER
United States Magistrate Judge

---

[3] Standing Order – ECF No. 92-1.

[4] Joint Letter Br. – ECF No. 179 at 3; Gosain Decl., Ex. 6 to *id.* – ECF No. 179 at 61–63.

[5] Gosain Decl., Ex. 6 to *id.* – ECF No. 179 at 61–63.

[6] June 9, 2021, 3:25 p.m. Email, Ex. 1 to *id.* – ECF No. 179 at 6.

[7] Order – ECF No. 176.