1  JOSEPH P. MCMONIGLE, Bar No. 66811
   JESSICA R. MACGREGOR, Bar No. 168777
2  PETER H. BALES, Bar No. 251345
   LONG & LEVIT LLP
3  465 California Street, Suite 500
   San Francisco, California 94104
4  Telephone:    (415) 397-2222
   Facsimile:    (415) 397-6392
5  Email:        jmcmonigle@longlevit.com
                 jmacgregor@longlevit.com
6                pbales@longlevit.com

7  Attorneys for Defendants and Third Party Defendants
   MERLIN LAW GROUP, PA, WILLIAM
8  MERLIN, MICHAEL DUFFY and DENISE
   SZE

**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| RAJIV GOSAIN and HAPPY VALLEY ROAD, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>BERGQUIST WOOD MCINTOSH SETO, LLP, BRUCE MCINTOSH, and STEPHEN SETO,<br><br>Defendants. | Case No. 4:18-cv-06343-HSG (lead case)<br>Action Filed:  October 16, 2018<br><br>Related Case No. 3:20-cv-00815-JSW<br>Action Filed:  February 5, 2020<br><br>**DEFENDANTS' MERLIN LAW GROUP, PA, WILLIAM MERLIN, MICHAEL DUFFY AND DENISE SZE RESPONSE TO PLAINTIFFS' MOTION TO MODIFY THE SCHEDULING ORDER**<br><br>*RE:* **ECF NO 178**<br><br>Hon. Haywood S Gilliam, Jr |
| BERGQUIST WOOD MCINTOSH SETO, LLP, BRUCE MCINTOSH, and STEPHEN SETO,<br><br>Third Party Plaintiffs,<br><br>v.<br><br>MERLIN LAW GROUP, P.A., DENISE SZE, MICHAEL DUFFY, WILLIAM F. "CHIP" MERLIN, and LAST & FAORO,<br><br>Third Party Defendants. | |

**TABLE OF CONTENTS**

**Page(s)**

I. INTRODUCTION ...........................................................................................................1

II. LEGAL STANDARDS ..................................................................................................2

III. THE UNDERLYING LITIGATION ..............................................................................3

IV. MALPRACTICE LITIGATION PROCEDURAL HISTORY TO DATE .....................5

V. PLAINTIFFS FAILED TO TIMELY PURSUE DISCOVERY AND OFFER NO JUSTIFICATIONS FOR EXTENDING PLAINTIFFS' TIME TO COMPLETE DISCOVERY BY SEVERAL MONTHS .......................................................................6

VI. PLAINTIFFS' HEALTH ISSUES ARE NOT ADEQUATELY SUPPORTED AND WERE NOT TIMELY RAISED ...........................................................................6

VII. MLG'S EFFORTS TO OBTAIN DISCOVERY FROM PLAINTIFFS .........................8

VIII. MLG'S EFFORTS TO OBTAIN DISCOVERY FROM THIRD PARTIES ................11

IX. CONCLUSION .............................................................................................................11

i    Case No. 4:18-cv-06343-CRB
DEFENDANTS' MERLIN LAW GROUP, PA, WILLIAM MERLIN, MICHAEL DUFFY AND DENISE SZE RESPONSE TO PLAINTIFFS' MOTION TO MODIFY THE SCHEDULING ORDER
4848-8870-1948, v. 2

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Davis v. Cal. Dep't of Corr. & Rehab.*
 (N.D.Cal. 2013) 2013 U.S.Dist.LEXIS 41777, at *10 .................................................................2

*Dobard v. United States District Court for Northern California*
 1994 U.S. App. LEXIS 31282, 1994 WL 615719, at *2 (9th Cir. 1994)
 (Unpub. Disp.) ..............................................................................................................................3

*Jackson v. Laureate, Inc.*
 186 F.R.D. 605, 607 (E.D. Cal. 1999) ..........................................................................................2

*Johnson v. Mammoth Recreations, Inc.*
 975 F.2d 604, 609 (9th Cir. 1992) .................................................................................................2

*Meneweather v. Powell*
 (N.D.Cal. 2012) 2012 U.S.Dist.LEXIS 120954, at *6 ..................................................................2

**Statutes**

Fed. R. Civ. P. 16 ..................................................................................................................................2

Fed. R. Civ. P. 16(b)(4). ........................................................................................................................2

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

## I. Introduction

Plaintiffs filed this malpractice litigation over three years ago, but have done barely anything to prosecute it over that time period. Plaintiffs failed to diligently pursue their own discovery, and, at the same time, refused to provide discovery requested by Defendants. The August 2022 discovery cut-off has been in place since October 2021. Now with about a month and a half left to complete discovery, Plaintiffs seek to unreasonably delay this litigation without any explanation of how they have diligently pursued any discovery in the time allotted and what they plan to do with any further time.[1]

While Mr. Gosain declares that he has "voluminous medical records" to substantiate his claim that he is unable to participate in this litigation or discovery, he has not provided them to Defendants or the Court to evaluate. In fact, the only medical related document Plaintiffs have provided to date is a doctor's letter, dated February 21, 2022, stating that Gosain has "health problems preventing him from traveling and working *for at least three months*", i.e. until approximately May 2022. Ex. A (emphasis added).[2] Despite several requests, Plaintiffs have refused to provide any further documents to substantiate any health issues that warrant further delaying this litigation.

Plaintiffs' failure to comply with MLG's discovery and several discovery orders have indeed prejudiced Merlin Law Group defendants' ("MLG") ability to complete discovery in the time allotted. However, the same cannot be said for Plaintiffs. While MLG does oppose Plaintiffs' request and the proposed scheduled, MLG does believe that some reasonable adjustments of the schedule are warranted to address the delays caused by Plaintiffs so long as it does not impact the trial date. *See* MLG's Proposed Schedule, Section IX Below.

This case should proceed to trial as soon as reasonably practicable. Witnesses' ability to recall the events at issue here and collect documents that may still exist are not getting any better as

---

[1] As pointed out below, Plaintiffs also asserted health issues and concerns back in 2015-2017 to delay depositions and stay the underlying case.

[2] Plaintiffs did not provide this doctor's note with their motion.

the time passes. The bathtub leak that lies at the crux of what Plaintiffs argue is a $30 million case first occurred over 10 years ago, in 2011, and the underlying litigation against the primary insurance company defendant spanned from 2013 to 2017. Discovery should be completed as soon as possible.

## II. Legal Standards

Pursuant to the Scheduling Order, "[t]hese dates may only be altered by order of the Court and only upon a showing of good cause." ECF No. 166; *see also* Fed. R. Civ. P. 16(b)(4). In evaluating good cause, the Court should focus on the diligence of the party seeking relief from a deadline:

> Unlike Rule 15(a)'s liberal amendment policy . . . , Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment). Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citations omitted).

The Court should look to at Plaintiffs' diligence not only in complying with the scheduling order after it has been issued, but also "in creating a workable Rule 16 scheduling order," as well as "in seeking amendment of the Rule 16 order, once it became apparent that [Plaintiffs] could not comply with the order." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999).

Unsubstantiated health issues or concerns do not justify good cause, especially when a party is not diligent in complying with discovery or seeking discovery. *See Meneweather v. Powell* (N.D.Cal. 2012) 2012 U.S.Dist.LEXIS 120954, at *6 ("Here, the Court finds that Plaintiff has again presented an unsubstantiated, conclusory claim that he suffers from a medical condition that is preventing him being able to present his case and meet the aforementioned Court deadlines."); and *Davis v. Cal. Dep't of Corr. & Rehab.* (N.D.Cal. 2013) 2013 U.S.Dist.LEXIS 41777, at *10

("Given Goldman's participation in this litigation following the discovery deadline and the lack of medical evidence substantiating the extent of his health issues, the Court is not persuaded that Goldman's health prevented him from moving to reopen discovery after the discovery deadline. *See Dobard v. United States District Court for Northern California*, 1994 U.S. App. LEXIS 31282, 1994 WL 615719, at *2 (9th Cir. 1994) (Unpub. Disp.) (district court did not abuse its discretion in finding no excusable neglect where the deadline was one week prior to the party's alleged illness, the party failed to substantiate his illness and was 'well enough to file two lengthy motions').").

### III.    The Underlying Litigation

This litigation involves two legal malpractice cases filed by Plaintiffs Rajiv Gosain[3] ("Gosain") and Happy Valley Road, LLC ("HVR LLC") (collectively "Plaintiffs") against two sets of counsel, MLG and Bergquist, Wood, McIntosh, Seto LLP ("BWMS"), who were part of a group of lawyers representing Plaintiffs in pursuing an insurance bad faith case arising out of property damage at one of Plaintiffs' residential properties.   Gosain is, or was, the managing member of Happy Valley Road, LLC ("HVR LLC"), the owner of the property at issue located at 4130 Happy Valley Road in Orinda, California ("4130 HVR").[4]

Plaintiffs' malpractice claim alleges that they should not have settled with the primary

---

[3] Gosain and his associated businesses appear to be very litigious as his name and his businesses come up in several cases over the years based on available online docket searches.  The most infamous of which is a late 1990's dispute involving one of Gosain's San Francisco businesses and the Russian Government over approximately $200 million of diamonds and precious metals.  That case settled.  *See* "RUSSIA SETTLES SUIT AGAINST S.F. JEWELRY CONCERN", LA Times, November 16, 1996 ("Gosain declined to say how much he paid for title to the company. He said, however, that he had settled the case with the Russian government in hopes of acquiring a steady supply of Russian rough diamonds to process in the factory.").  Gosain also has several judgments entered against him and his businesses in New Jersey, California, and Pennsylvania.  Gosain is currently represented by Michael Sydow and David Ratner, both of whom have represented Gosain on prior occasions.  Mr. Ratner represented Gosain in the underlying litigation related to opposing motions to withdraw as counsel and appears to have advised on the settlement that is at the crux of this malpractice case.  Mr. Sydow most recently represented Gosain in his pursuit against a separate insurance company that was not part of the underlying case, Lloyds, but voluntarily dismissed that case in December 2021.

[4] According to the Declaration of Neil Ison submitted with Plaintiffs' Motion, Mr. Ison is now "a manager" of HVR LLC, but it is not clear when that happened or how.

defendant, Federal Insurance Company ("Federal" or "Chubb"), and that they would have recovered more, but for their attorneys' inadequate representation. The claim is meritless. At the time Plaintiffs settled with Federal, they were facing terminating, evidentiary, and monetary sanctions for discovery abuses that their attorneys had no role in causing (*i.e.* Gosain not showing for depositions and destroying evidence)[5] as well as likely successful motions for summary judgment from Federal and other defendants. Plaintiffs were also facing their own counsels' motions to withdraw (both MLG and BWMS) because Plaintiffs failed to cooperate in the prosecution of the case. On top of all this, Plaintiffs were up against Federal's then recently filed cross-complaint that uncovered Gosain's fraud scheme with detailed evidence showing that Gosain had duped Federal out of more than $1.2 million in policy benefits. All of these proceedings were pending before Judge Barry Goode who found Gosain to be completely uncredible and had already sanctioned him several times.

The bad faith case was filed in 2013. In November 2016, MLG associated in as co-counsel with BWMS. For approximately a year, from November 2016 to December 2017, MLG, with some help from BWMS, devoted hundreds of hours to a challenging case and an even more challenging client. MLG did its best to defend the discovery battles that Plaintiffs were causing, respond to the onslaught of discovery and depositions from Federal and others, and prepare the case for trial all while pursuing viable settlement options for Plaintiffs to consider. MLG did seek to withdrawal and had a basis for doing so given Plaintiffs' action and inactions. However, while that motion was pending MLG continued to fulfill its duties to its clients, including obtaining the settlement requested.

Plaintiffs begged MLG to obtain a settlement with Federal and do so before the sanctions and adjudication motions could be heard in late December 2017. MLG did exactly that. MLG negotiated with Federal and presented Plaintiffs with the settlement they requested, an agreement to end all litigation with Federal, including the fraud cross-complaint, in exchange for an

---

[5] As explained below, Plaintiffs' blatant disregard of their discovery obligations and court orders is a troubling pattern that continues from the underlying action into this action.

agreement that Plaintiffs could keep the $1.2 million in policy benefits that they obtained from Federal. Plaintiffs accepted the settlement in late December 2017.

While Plaintiffs complained about the settlement and MLG's representation back in 2017, they waited more than two years after the settlement, until February 2020, to file a malpractice suit against MLG related to that settlement. Even if Plaintiffs could show they had some claim, Plaintiffs' claims are time barred. Plaintiffs have not shown how MLG's representation fell below the standard of care and cannot show how they would have recovered more from Federal, *but for*, MLG's purported conduct. If Plaintiffs do have a reasonable and supported damage theory, none has been provided to date.

## IV.  Malpractice Litigation Procedural History To Date

Plaintiffs filed this malpractice litigation over three years ago but have done barely anything to prosecute it over that time period and have refused to comply with their discovery obligations. In October 2018, Gosain and HVR LLC filed the lawsuit against BWMS only. (ND Cal. 3:18-cv-06343). In January 2019, BWMS filed a counterclaim against Gosain and HVR LLC for costs, expenses, and other damages resulting from non-payment.

In March 2019, BWMS filed its third-party complaint against MLG for indemnification and declaratory relief. In February 2020, Gosain and HVR LLC filed a separate malpractice action against MLG, which was amended in July 2020. (ND Cal. 3:20-cv-00815). In July 2020, the Court ordered the two malpractice cases related.

In late September 2021, Long & Levit substituted in as counsel for MLG. In late October 2021, MLG answered both operative complaints filed by BWMS and Plaintiffs. On October 26, 2021, the Court (Judge Charles R. Breyer) entered a scheduling order adopting the Joint Case Management Statement, setting numerous deadlines, including requiring a Rule 26 conference and disclosures to take place in November 2021 and an August 19, 2022 discovery cut-off. On April 25, 2022, the Court (Judge Haywood S. Gilliam, Jr.) entered a Scheduling Order reaffirming the close of fact discovery for August 19, 2022 and set trial for April 24, 2023. On June 1, 2022, the Court Ordered mediation with Judge McBride was completed; however, Mr. Gosain refused to

participate or attend the mediation.

## V. Plaintiffs Failed To Timely Pursue Discovery and Offer No Justifications For Extending Plaintiffs' Time To Complete Discovery By Several Months

As explained below, Plaintiffs' failure to comply with MLG's discovery and several discovery orders have prejudiced MLG's ability to complete discovery in the time allotted. However, the same cannot be said for Plaintiffs. Plaintiffs filed their separate action against MLG approximately two and half years ago. In those approximately 900 days, Plaintiffs have not served a single document request, interrogatory, or deposition notice directed to any of the MLG defendants. More importantly, Plaintiffs have not identified any specific discovery that they have made any diligent effort to obtain, but that cannot be completed by the August 2022 discovery cut-off.

On June 7, 2022, Plaintiffs requested for the first time available dates for depositions of the MLG individual defendants (Sze, Duffy, and Merlin) in addition to another MLG attorney (Victor Jacobellis). Two days later, on June 9, MLG sent and confirmed available dates for all four of these depositions to be completed in August and prior to the discovery cut-off, contingent on Plaintiffs' depositions being completed first.

## VI. Plaintiffs' Health Issues Are Not Adequately Supported And Were Not Timely Raised

Plaintiffs vaguely contend that Gosain "suffered health problems" as early as December 2021 and "[b]efore the Merlin Defendants or the Bergquist Defendants served discovery on Plaintiffs." (ECF No. 178 at p. 3, ln 13-14). However, Plaintiffs never once raised these health issues at any time during the Rule 26 conference or before the deadline for responding to MLG's discovery. More importantly, Plaintiffs failed to adequately raise this issue and its impact on the scheduling during the Court's April 2022 conference that resulted in the April 25th Scheduling Order. While Plaintiffs and his counsel were apparently aware of these health issues going back to at least December 2021, Plaintiffs' counsel did not raise his clients' health concerns to Defendants until March 2021, and more than a month after Plaintiffs' responses to MLG's written discovery was due. Plaintiffs waited until June to raise these issues with the Court.

Plaintiffs contend that "Mr. Gosain's Declaration sets forth the facts concerning his health

that preclude him from participating in discovery." (ECF No. 178 at p. 3, ln 19-20). However, Plaintiffs have not provided any supporting documentation or information to verify this contention, *i.e.* a doctor's recommendation.

For example, Mr. Gosain declares that *his opinion* is that his "deposition should be limited to two hours per day, given [his] health issues and lack of energy/mental acuity," but he does not provide any doctor recommendation or support for the two hour limitation. ECF No. 178-1 at ¶ 13. MLG has repeatedly requested such documentation, but Plaintiffs have failed to provide it. *Id.* at ¶ 3 ("Voluminous medical records are available in the French language which the Court may review in-camera insofar as French law prohibits public dissemination."). In fact, the only medical related document Plaintiffs have provided to date is a doctor's letter, dated February 21, 2022, stating that Gosain has "health problems preventing him from traveling and working *for at least three months*", i.e. until approximately May 2022. Ex. A (emphasis added).

MLG has a right to request some documentation to evaluate the basis for further delaying this litigation. Plaintiffs have a pattern of raising health issues to delay or avoid discovery. In the underlying litigation, Mr. Gosain repeatedly raised health issues that resulted in delays of the litigation and discovery. *See* Ex. B [Bates Nos. MLG0006056 - MLG0006057], 11-4-2016 email from Federal's counsel (outlining how Mr. Gosain's January 2016 deposition was unilaterally cancelled the Friday before the deposition on grounds of Mr. Gosain's health, re-set for March 2016, only to be cancelled again on grounds of health, and then re-set for November 2016, which was cancelled a third time.); Ex. C [Bates Nos. FEDERAL_SUPPL_PROD_005128 - FEDERAL_SUPPL_PROD_005130], 2-2-16 Gosain Declaration In Opposition to Federal's Motion to Compel Depositions ("Despite my poor physical condition and contrary to what Federal would have the Court, I believe I am diligently proceeding with discovery."); Ex. D, 3-10-2016 Gosain Declaration In Support of Request to Stay Litigation, ¶ 7[6] ("The remaining primary source of stress presently is this lawsuit because of the continuing scorched earth motion practice and

---

[6] The six month stay was granted. Mr. Gosain later testified that he was traveling in Europe most of that time, primarily in the French Riviera, where apparently Mr. Gosain now calls home.

discovery battles with Federal that I do not have the strength to responsibly deal with at this time, given my health issues. Based on what Dr. Ure has described as 'serious health issues,' I request the Court order a stay on this matter until my condition improves or resolves."); Ex. E [Bates Nos. BERG-0094554 – BERG-0094558], 3-25-16 Court Transcript (COURT: "[…] McIntosh, what's going on with Mr. Gosain's health now […] and is there any updated information? MR. McINTOSH: "No, your Honor. He's been seeing his doctors, neurologists and cardiologists and whatnot, and progressing through recommended treatments." THE COURT: "**So is he actually now following his doctor's advice, because there's some question as to whether he was doing that**." MR. McINTOSH: "**He is much more diligent and serious about following his doctor's advice, Judge**."); Ex. F [Bates Nos. MLG0005624 – MLG0005628] 10-31-2017 Gosain Decl. Regarding Case Management Conference, ¶ 11 ("I will attend further depositions, participate in further discovery and arrange site inspections as ordered by the Hon'ble Court as soon as my health permits."); and Ex. G [Bates Nos. MLG0003727 – MLG0003731], 12-19-17 email exchange between Gosain and counsel (Gosain: "Please see medical certificate attached. This needs to be filed with the Court immediately so that the Judge understands that I have not been lying about being very ill since Mid-October.") […] MLG response: "I've read this medical certificate. I do not understand how filing this will help you for the hearing on December 21, 2017 with Chubb on the settlement. In fact, at this point, filing it is frivolous and shows WardTek too much. If you disagree, perhaps Mr. Ratner should file this instead?").

### VII. MLG's Efforts To Obtain Discovery From Plaintiffs

Plaintiffs' argument that MLG 's current "attorneys again requested delays in discovery and hearings on the ground that they needed time to familiarize themselves with the case" is not true. ECF No. 178 at p. 3, ln. 9-12. MLG has diligently pursued discovery, but Plaintiffs have refused to comply.

In December 2021, *in response to MLG's request*, Plaintiffs finally participated in a Rule 26 Conference, nearly two years after Plaintiffs filed their original malpractice case. On January 4, 2022, *less than three weeks after the parties* Rule 26 conference, MLG served written discovery on

Plaintiffs. Plaintiffs' responses to MLG's written discovery was due on February 5, 2022. However, Plaintiffs never requested any extension of time and did not serve any timely responses or objections.[7] It has taken many months and several court orders to obtain any responses and documents from Plaintiffs; yet the responses are still deficient.

From February 7 through April 25, 2022, MLG met and conferred extensively with Plaintiffs through emails and telephone calls regarding their failure to comply with this discovery. After Plaintiffs repeatedly failed to commit to any date certain as to when the discovery would be responded to and whether such responses will be without objections, MLG was left with no choice but to seek a court order compelling compliance and in sufficient time prior to the June 1, 2022 mediation and to prepare and complete depositions before the August 19, 2022 discovery cut-off.

On April 29, 2022, and after exhausting all meet and confer efforts, MLG filed joint discovery letter # 1.[8] *See* Joint Letter Br.-ECF No. 167. On May 6, 2022, the Court (assigned discovery Magistrate Judge Laurel Beeler) entered a Discovery Order # 1 against Plaintiffs. ECF No. 170. The Court Ordered written responses and documents to be provided no later than May 19, 2022, i.e. in sufficient time before the June 1 mediation. The Order also addressed Plaintiffs' defective initial disclosures and next steps to schedule depositions.

On May 24, 2022, after Plaintiffs disregarded Discovery Order # 1 by failing to serve complete verified written responses by the ordered deadline, MLG filed joint discovery letter # 2 seeking a further order and as well as a briefing and hearing on Rule 37 sanctions. *See* Joint Letter Br.-ECF No. 172. On May 27, 2022, the Court issued Discovery Order # 2, which ordered a second date for compliance, June 9, 2022, and included an explicit warning to Plaintiffs and their

---

[7] Plaintiffs contend that Gosain "suffered health problems "[**b**]**efore the Merlin Defendants or the Bergquist Defendants served discovery on Plaintiffs**" (ECF No. 178 at p. 3, ln 13-14). However, Plaintiffs never once raised these health issues at any time during the Rule 26 conference or before the deadline for responding. In fact, the first time Plaintiffs' counsel raised his clients' health concerns was in March 2021.

[8] MLG did not seek monetary sanctions at that time because it was the first discovery motion it filed even though Plaintiffs caused MLG to incur substantial attorneys' fees to address Plaintiffs' failure to comply with discovery served nearly six months ago.

counsel of the sanctions available to the Court if Plaintiffs continue to refuse to comply with their discovery obligations. ECF No. 176.

While Plaintiffs did finally serve some responses in June 2022, more than 6 months after the discovery was originally served, Plaintiffs continued to fail to provide complete and non-evasive responses to that written discovery, failed to adequately search for and produce all responsive documents, and then refused to provide available deposition dates,[9] all of which were in direct violation of the Court's Orders and prejudiced MLG's ability to complete discovery prior to the discovery cut-off. On June 16, 2022, MLG filed joint discovery letter # 3 to address these issues. *See* Joint Letter Br.-ECF No. 179. On June 17, 2022, the Court issued Discovery Order # 3 ordering Plaintiffs to provide all available dates for his deposition to take place in June and July 2022. ECF No. 180. On June 21, 2022, Mr. Gosain's attorney sent a letter stating:

> Pursuant to Judge Beeler's Order of June 17, 2022, Plaintiff Rajiv Gosain has stated that he will be available for deposition between July 25 and July 30, 2022 **subject to his health and treatments and those of his parents**. He requests on a 2 hour per day limitation on the length of his deposition, by Zoom. (emphasis added).[10]

On June 23, 2022, MLG filed joint discovery letter # 4 to address Plaintiffs' incomplete and evasive responses to the interrogatories and document requests that were served back in January

---

[9] In regards to depositions, Discovery Order # 1 required that "[w]ithin two weeks of the [June 1] mediation, the parties must agree on a [deposition] schedule." Discovery Order # 1 - ECF No. 170 filed 5/6/22. Mr. Gosain refused to participate or attend the mediation and it was completed without any settlement on June 1, 2022. The Court Ordered deposition schedule is due June 15, 2022. Despite several requests from MLG, Plaintiffs refused to provide any available dates for depositions. MLG's position is that Plaintiffs' depositions must go first and before any deposition of MLG defendants. Although the parties agreed to provide available deposition dates by June 10 so that they could be discussed on June 14 and MLG defendants did so, Plaintiffs did not. During a meet and confer call on June 14, Plaintiffs' counsel confirmed that his clients refuse to give him available dates for a deposition and would require a Court Order to set these depositions.

[10] With the carve outs for health, treatments, and other matters it not clear if and when Mr. Gosain will ever be available for deposition. MLG again asked Plaintiffs to provide documentation to support Mr. Gosain's *personal belief* that his deposition should be limited to 2 hours, which if the deposition takes 14 hours (a conservative estimate given the number of years and issues to cover), will require at least 7 days of depositions to schedule just for Mr. Gosain alone. But Mr. Gosain has not provided any further information.

2022.[11]  *See* Joint Letter Br.-ECF No. 181.  The Court has not yet ruled on those discovery issues.

### VIII.  MLG's Efforts To Obtain Discovery From Third Parties

Plaintiffs and Defendants have identified ***approximately 150 potential witnesses*** in their Rule 26 disclosures.[12]  Although MLG had hoped to have complete discovery from Plaintiffs, including depositions, before determining what is needed from third parties, MLG could not wait any long with the approaching August discovery cut-off.  In June 2022, MLG issued subpoenas to several third parties including, Federal Insurance Company, the two experts retained by Plaintiffs in the underlying case (Dan Chekene and Clinton Miller), the Last & Faoro firm (another set of lawyers who represented Plaintiffs in the underlying action), Neil Ison, and David Ratner.  Mr. Ison's deposition is set for June 27 and Mr. Ratner's for July 8.  MLG is evaluating what other third party subpoenas and depositions will be needed.

### IX.  Conclusion

Plaintiffs have not established good cause for the Court to modify the Scheduling Order as they request, including adding an additional 2.5 months of non-expert discovery when they have done no discovery in the last 2.5 years.  However, Plaintiffs' failure to comply with MLG's discovery and depositions does warrant a brief extension of the non-expert discovery deadline and further time to complete expert discovery.   Therefore, MLG requests a reasonable adjustment of the schedule so long as it does not prejudice the trial date and proposes the Court adopt MLG's proposed schedule below:[13]

---

[11] In Discovery Order # 3, the Court required the parties to refile a joint discovery letter concerning the written discovery with one exhibit that had all the discovery at issue.

[12] The parties should confer on how many of these witnesses are actually going to be trial witnesses, whether they need to be deposed, and how that impacts the current trial, which is currently scheduled for a 5 day jury trial.

[13] At this point, it appears that the parties will be very busy completing non-expert discovery up until the deadline given the number of witnesses to depose.  As such, there is little time to focus on and complete expert discovery.  All parties agree that further time is needed for expert discovery and that it will not prejudice the April 2023 trial date.

| Event | Scheduling Order (Dkt No. 166) | *MLG's Proposed Schedule* | Plaintiffs' Proposed Schedule |
|---|---|---|---|
| Close of Fact Discovery | August 19, 2022 | *September 19, 2022* | November 1, 2022 |
| Exchange of Opening Expert Reports | August 19, 2022 | *October 31, 2022* | December 15, 2022 |
| Exchange of Rebuttal Expert Reports | September 16, 2022 | *November 30, 2022* | December 31, 2022 |
| Close of Expert Discovery | October 14, 2022 | *January 15, 2023* | January 15, 2023 |
| Dispositive Motion Hearing Deadline | January 12, 2023, at 2:00 p.m. | *February 28, 2023* | February 28, 2023 |
| Pretrial Conference | April 11, 2023, at 3:00 p.m. | *No Change* | |
| Jury Trial (5 days) | April 24, 2023, at 8:30 a.m. | *No Change* | |

Dated: June 27, 2022                                           LONG & LEVIT LLP


                                              */s/ Peter H. Bales*
                                        JOSEPH P. MCMONIGLE
                                        JESSICA R. MACGREGOR
                                        PETER H. BALES
                                        Attorneys for Defendants and
                                        Third Party Defendants
                                        MERLIN LAW GROUP, PA, WILLIAM MERLIN, MICHAEL DUFFY and DENISE SZE

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

4848-8870-1948, v. 2