1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         NORTHERN DISTRICT OF CALIFORNIA

10                              San Francisco Division

11   RAJIV GOSAIN, et al.,                    Case No. 18-cv-06343-HSG (LB)

12                Plaintiffs,

13        v.                                  **DISCOVERY ORDER**

                                              Re: ECF No. 181
14   BERGQUIST WOOD MCINTOSH SETO,
     LLP, et. al.
15
                Defendants.
16

17                                **INTRODUCTION**

18        The parties' dispute concerns the plaintiffs' responses to written discovery requests. The

19   defendant, Merlin Law Group (MLG), contends that the plaintiffs' interrogatory responses are

20   incomplete and improper to the extent they refer to documents that are not specifically identified.

21   The defendant also argues that the plaintiffs' responses to the requests for production are

22   incomplete and improper because the plaintiffs have asserted privileges that are not available

23   (either because the plaintiffs waived the privilege or never had a valid basis to claim privilege) and

24   because the responses are not verified.[1] The court can decide the matter without oral argument.

25   Civil L.R. 7-1(b).

26

27   ───────────────────

28   [1] Joint Letter Br. – ECF No. 181. Citations refer to material in the Electronic Case File (ECF); pinpoint
     citations are to the ECF-generated page numbers at the top of documents.

The court orders the plaintiffs to supplement their responses to the interrogatories because they are (1) incomplete, (2) rely on unfounded assertions of privilege, and (3) rely on improper "catch-all" references to document productions. The court also orders the plaintiffs to serve supplemental verified responses (including a privilege log for any withheld documents) to the defendant's requests for production that are consistent with this order.

## ANALYSIS

### 1. Interrogatories

The parties provided the interrogatories and responses that are the subject of the parties' Joint Discovery Letter (ECF No. 181) in Exhibits 1 and 2 to the Joint Discovery Letter.[2] They have also included as Exhibit 3 several emails from the defendant's counsel. In the emails, the defendant's counsel outlines the basis for the defendant's demand for further responses to the interrogatories and asks the plaintiffs' counsel to meet and confer by phone.[3] The plaintiffs have not specifically defended their answers to each interrogatory, but claim that the defendant has no basis to demand further answers because the defendant has not reviewed all documents produced by the defendant.[4] With this background in mind, the court issues the following rulings on the disputed interrogatories.

| **Interrogatory No. 1** | For each attorney any of the PLAINTIFFS engaged to represent any of the PLAINTIFFS related to the BAD FAITH CLAIMS, identify the name, firm, address, telephone number and email address, when the attorney was first engaged, when the representation ended, and whether or not there was a written agreement.[5] |
|---|---|
| Response: | **ANSWER**: Plaintiffs engaged the firms of Anderson & Schoech, George Dowell, the Merlin Defendants and the Bergquist Defendants on the dates shown in the contingency agreements disclosed in Requests for Production |

---

[2] Ex. 1, Joint Disc. Ltr. – ECF No. 181 at 6–13; Ex. 2, Joint Disc. Ltr. – ECF No. 181 at 40–53.

[3] Ex. 3, Joint Disc. Ltr. – ECF No. 181 at 54–58.

[4] Joint Disc. Ltr. – ECF No. 181 at 4–5.

[5] Ex. 2, Joint Disc. Ltr. – ECF No. 181 at 42.

United States District Court
Northern District of California

| | |
|---|---|
| | which agreements are incorporated herein by reference. Plaintiffs' engaged David Ratner and The Sydow Firm on or about January 2019 to pursue bad faith claims against Merlin and Bergquist.[6] |
| Basis for Defendant's Demand for Further Response: | Plaintiffs fail to answer this interrogatory completely, including for each attorney "when the representation ended" and confirmation as to whether there was a written engagement agreement.[7] |
| Ruling: | The plaintiff[8] must supplement the response to this interrogatory because the documents referenced in the response do not purport to address the date when the representation ended and the plaintiff has not addressed the written agreement issue for each attorney. |
| **Interrogatory No. 2** | If any DOCUMENTS support the existence or amount of any damages claimed by PLAINTIFFS against MLG, IDENTIFY each DOCUMENT with reasonable particularity.[9] |
| Response: | **ANSWER**: Plaintiff is producing or has produced the documents furnished in discovery by the Bergquist firm. Plaintiffs also have a number of emails and documents with the Merlin Defendants or sent on their behalf which it cannot assemble at this time due to the continuing medical issues of Rajiv Gosain, which are equally in the MLG files. Additional documents are contained in the Defendants' files including, without limitation, the engagement letters with the Defendants, the policies of insurance with Federal and with Lloyd's of London, the inspection reports and estimates of damages experts engaged by the insurance companies and by the Defendants, the notice of loss and estimate for repairs reported to the insurance companies' agent in 2013, the tolling agreements reached by the Defendants on Plaintiffs' behalf, the motion to dismiss or for sanctions filed by or on behalf of Federal and responses thereto, letter from Bergquist on behalf of the Defendants seeking advances against fees and valuing the claims at $33 million, the dismissal by Defendants of Plaintiffs' claims against Federal, the examination under oath and depositions of Rajiv Gosain as the PMK of Plaintiff Happy Valley Road LLC at which he was represented by both the Merlin and Bergquist |

---

[6] *Id.*

[7] Ex. 3, Joint Disc. Ltr. – ECF No. 181 at 55.

[8] The plaintiffs, Rajiv Gosain and Happy Valley Road, LLC, and the defendant, MLG, submitted the discovery letter. The defendant, MLG, propounded the subject discovery requests. The responses to the requests for production were served by both plaintiffs, Happy Valley Road, LLC and Rajiv Gosain, but the responses to the interrogatories were served by Happy Valley Road, LLC only.

[9] Ex. 2, Joint Disc. Ltr. – ECF No. 181 at 42.

United States District Court
Northern District of California

| | |
|---|---|
| | Defendants, the denial of Plaintiffs' claims against Lloyd's in December 2019, and Merlin's emails and opinion letters to Plaintiffs concerning the date on which Plaintiffs' claims could be barred by the statute of limitations, the emails from Merlin refusing to assert claims against Lloyds or protect Plaintiffs against the statute of limitations given to Plaintiffs by them, and emails to Merlin requesting input concerning their theories of liability against Lloyd's and pleading to be filed to avoid the statute of limitations date established by the Merlin Defendants. Those documents are included in Plaintiffs' production of documents. All other documents produced may bear on the existence or amount of Plaintiffs' damages and on defendants' liability. Defendants reserve the right to supplement, modify or amend this response as additional information becomes known to it through the discovery process, or if it knows that the response was incomplete or incorrect when made, or that it is no longer complete or correct.[10] |
| Basis for Defendant's Demand for Further Response: | Plaintiffs' responsive is evasive. Plaintiffs fail to identify any documents with any level of particularity. IDENTIFY was a defined term "means to identify the DOCUMENTS by bates or production number if it has been produced, or if not, to sufficient describe its: (a) title, (b) date, (c) general contents or substance, (d) author or authors; (d); recipient or recipients; and (e) the PERSONS who have such DOCUMENT. "For example, Plaintiffs vaguely identify "inspection reports and estimates of damages." There are numerous documents that could fall within this broad description. What specific documents, reports, and estimates are Plaintiffs relying upon for their damages? Defendants are entitled to this information to take depositions and prepare for trial. If they have been produced, Plaintiffs must identify them by bates. On this note, Plaintiffs fail to identify documents throughout their responses. **See Nos. 3-9, 11, 13, 14, and 15.** When Plaintiffs do identify documents they appear to identify the every single document produced, which is not a good faith response by any means of the imagination. *See* No.11 and No.13.[11] |
| Ruling: | Under Rule 33(b), if an answer to an interrogatory may be determined by reviewing a party's business records, the responding party may answer by "specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." But "catch-all provisions" that reference all documents produced "are not sufficiently specific to be responsive, even when combined with more specific references to evidence." *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pitt.*, No. C 02-4799 SBA(JL), 2005 WL 318811, at *5 (N.D. Cal. Jan. 5, 2005). The plaintiff's response is, therefore, improper. The plaintiff must supplement the response in a form that complies with Rule 33. |

---

[10] *Id.* at 42–43.

[11] Ex. 3, Joint Disc. Ltr. – ECF No. 181 at 55.

United States District Court
Northern District of California

| | |
|---|---|
| **Interrogatory No. 10** | Identify each settlement that PLAINTIFFS agreed to related to the BAD FAITH CLAIMS and all reasons why PLAINTIFFS agreed to each settlement.[12] |
| Response: | **ANSWER**: Plaintiffs have not reached a settlement on their bad faith claims. Defendants reserve[13] the right to supplement, modify or amend this response as additional information becomes known to it through the discovery process, or if it knows that the response was incomplete or incorrect when made, or that it is no longer complete or correct.[14] |
| Basis for Defendant's Demand for Further Response: | The response states "Plaintiffs have not reached a settlement on their bad faith claims." BAD FAITH CLAIMS was defined to include the claims against Federal and Lloyds. As we all know, Plaintiffs settled with Federal and other defendants related to those bad faith claims, i.e. Ward Tech. Plaintiffs also agreed to dismiss their claims against Lloyds with prejudice in exchange for avoiding a demurrer on raising sham pleading arguments. Plaintiffs must provide a complete response to this interrogatory for each settlement.[15] |
| Ruling: | The plaintiff must supplement its response to this interrogatory because it is incomplete and does not reference any documents, which is the only basis on which the plaintiff has defended its interrogatory responses. |
| **Interrogatory No. 12** | For each misrepresentation that PLAINTIFFS contend was made by MLG regarding any BAD FAITH CLAIMS, identify who made the representation, when it was made, and why PLAINTIFFS contend it was false.[16] |
| Response: | **ANSWER**: Defendants represented that they had the expertise, experience, staffing, and funding needed to properly plead, discover, and try the case against Federal and Lloyds. Such representations were made by all Defendants prior to being engaged by Plaintiffs at a time when all the documents were available in then-pending litigation. Such representations were false because Bergquist associated Merlin ostensibly due to its expertise, |

---

[12] Ex. 2, Joint Disc. Ltr. – ECF No. 181 at 46.

[13] Presumably, the statement beginning "Defendants reserve" is a typo and the plaintiff's response was intended to read "Plaintiffs reserve." This apparent error is made throughout the plaintiffs' responses.

[14] *Id.*

[15] Ex. 3, Joint Disc. Ltr. – ECF No. 181 at 55.

[16] Ex. 2, Joint Disc. Ltr. – ECF No. 181 at 47.

| | |
|---|---|
| | funding and staffing and Merlin coerced Plaintiffs to drop their claims against Federal at a time when they knew or should have known that the Lloyds' policy had exceptions and affirmative defenses to defeat Plaintiffs' claims. Merlin promised to pursue Plaintiffs' claims against Lloyds but then refused to do so on the eve of the expiration of the date they told Plaintiffs that limitations would run. In fact, Lloyds already had a limitations defense at the time Defendants told Plaintiffs that Lloyd's would cover Plaintiffs' losses. Documents include pages Bates numbered PLTFS 00024 – PLTFS 00028 and PLTFS 000001 – PLTFS 033316. Defendants reserve the right to supplement, modify or amend this response as additional information becomes known to it through the discovery process, or if it knows that the response was incomplete or incorrect when made, that it is no longer complete or correct.[17] |
| Basis for Defendant's Demand for Further Response: | Plaintiffs' incomplete and evasive responses fails to identify any individual who made the purported misrepresentations and when he or she did so. Plaintiffs have sued numerous lawyers and cannot simply group them all together to avoid responding to this discovery. For example, Plaintiffs claim that "Merlin promised to pursue Plaintiffs' claims against Lloyds…" Who made that representation and when?[18] |
| Ruling: | The plaintiff must supplement its response to this interrogatory because it does not reference any of the individuals who allegedly made the misrepresentations. Further, the reference to "Bates numbered PLTFS 00024 – PLTFS 00028 and PLTFS 000001 – PLTFS 033316" is a catch-all reference to over thirty thousand documents that is insufficient to satisfy the plaintiff's obligations under Rule 33. *Pacific Lumber Co.*, 2005 WL 318811 at *5. The response is, therefore, incomplete. |
| **Interrogatory No. 15** | if PLAINTIFFS deny the allegations in FEDERAL's CROSS-COMPLAINT, state the facts and IDENTIFY the DOCUMENTS that support PLAINTIFFS' denial.[19] |
| Response: | **ANSWER**: Affidavits obtained from Federal's alleged investigator are contained in Plaintiffs' responses to Request for Production and are incorporated herein by reference. In addition, Defendants were provided with the India Court orders and case file in the criminal case initiated against Surinder Singla, the investigator hired by Federal Insurance. Singla is still on bail pending disposition of the criminal case. Defendants reserve the right to supplement, modify or amend this response as additional information becomes known to it through the discovery process, or if it knows that the |

---

[17] *Id.*

[18] Ex. 3, Joint Disc. Ltr. – ECF No. 181 at 56.

[19] Ex. 2, Joint Disc. Ltr. – ECF No. 181 at 48.

United States District Court
Northern District of California

| | |
|---|---|
| | response was incomplete or incorrect when made, or that it is no longer complete or correct.[20] |
| Basis for Defendant's Demand for Further Response: | Plaintiffs' response is non-responsive and evasive. Plaintiffs fail to identify any specific facts or documents.[21] |
| Ruling: | The plaintiff must supplement its response to this interrogatory. The reference to "Plaintiffs' responses to Request for Production" is a catch-all response that is insufficient to satisfy Rule 33. *Pacific Lumber Co.*, 2005 WL 318811 at *5. |
| **Interrogatory No. 18** | Identify with reasonable particularity, including the dates and PERSONS involved, all COMMUNICATIONS between PLAINTIFFS and MLG that took place from and after January 1, 2019.[22] |
| Response: | **ANSWER**: All written communications are contained in Plaintiffs' response to Requests for Production. Most of such communications would have taken place between Rajiv Gosain and Victor J. Jacobellis. Some communications are oral and Plaintiffs cannot at this time provide dates because of Mr. Gosain's medical condition. Specifically, written communications are found in pages Bates numbered PLTFS 07123 – PLTFS 033316 which are contained in Plaintiffs' Response to Requests for Production. Defendants reserve the right to supplement, modify or amend this response as additional information becomes known to it through the discovery process, or if it knows that the response was incomplete or incorrect when made, or that it is no longer complete or correct.[23] |
| Basis for Defendant's Demand for Further Response: | Plaintiffs' response is incomplete and evasive. Plaintiffs fail to identify a single communication with Merlin attorneys that took place after January 1, 2019.[24] |
| Ruling: | The plaintiff must supplement its response to this interrogatory. The reference to "written communications [that] are found in pages Bates numbered PLTFS |

---

[20] *Id.*

[21] Ex. 3, Joint Disc. Ltr. – ECF No. 181 at 56.

[22] Ex. 2, Joint Disc. Ltr. – ECF No. 181 at 49.

[23] *Id.*

[24] Ex. 3, Joint Disc. Ltr. – ECF No. 181 at 56.

| | |
|---|---|
| | 07123 – PLTFS 033316 which are contained in Plaintiffs' Response to Requests for Production" is a catch-all response that is insufficient to satisfy the plaintiff's obligations under Rule 33. *Pacific Lumber Co.*, 2005 WL 318811 at *5. |
| **Interrogatory No. 20** | Identify with reasonable particularity all reasons why Plaintiff Happy Valley Road, LLC dismissed its lawsuit against LLOYDS with prejudice in Contra Costa Superior Court Case No MSC20-02355.[25] |
| Response: | **OBJECTION:** Plaintiffs decline to answer because they relied on their attorneys' advice concerning such dismissal and all communications with their attorneys is privileged. |
| | **ANSWER:** Unprivileged reasons are contained in the records of the Federal District Court for the Northern District of California in Case No. 20-cv-1624-EMC and Case No. MSC20-02355 in Costa County Superior Court. Additional information is contained in Lloyd's declination letter dated December 17, 2019. Subject to the foregoing claim of privilege, Plaintiffs could no longer fund the litigation against Lloyds. Defendants reserve the right to supplement, modify or amend this response as additional information becomes known to it through the discovery process, or if it knows that the response was incomplete or incorrect when made, or that it is no longer complete or correct.[26] |
| Basis for Defendant's Demand for Further Response: | Plaintiffs object based on privilege. Any objection based on privilege has been waived by (1) Plaintiffs' and their counsels' failure to timely respond to these interrogatories, which were due back in February 2022 and (2) Plaintiffs have put the claims against Lloyds and their decision to voluntarily dismiss those claims at issue in this case.[27] |
| Ruling: | Rule 33(b)(4) provides that, "[a]ny ground [for an objection] not stated in a timely objection is waived unless the court, for good cause, excuses the failure." In *Lam v. City & Cnty. of San Francisco*, this court held that "the plaintiffs' failure to timely respond means that they waived their right to object" to a request for production. No. 410-cv-04641-PJH (LB), 2015 WL 4498747, at *2–3 (N.D. Cal. July 23, 2015). But the court also noted that "some courts 'read into Rule 34 [dealing with requests for production] the discretion granted under Rule 33(b)(4) (dealing with interrogatories) to excuse untimely objections to requests for production" and held that "[t]o the extent that [the requests for production] implicate medical records . . . the court imposes limits on the production of medical information." *Id.* The plaintiffs have had an opportunity in this Discovery Letter (ECF No. 181) and |

---

[25] Ex. 2, Joint Disc. Ltr. – ECF No. 181 at 50.

[26] *Id.*

[27] Ex. 3, Joint Disc. Ltr. – ECF No. 181 at 56.

| | |
|---|---|
| | in the prior letter (ECF No. 172) to demonstrate good cause for the failure to timely respond and they have not done so. Thus, to the extent the plaintiff has withheld any information based on a privilege (or any other objection), the plaintiff must (1) supplement the response by producing the withheld information and/or documents or (2) establish "good cause" to excuse its untimely response. Fed. R. Civ. P. 33(b)(4); *see Lam*, 2015 WL 4498747, at *2–3. |
| **Interrogatory No. 22** | Identify with reasonable particularity all email accounts, social media accounts, electronic devices, computers, cell phones, and cell phone numbers any of the PLAINTIFFS used for COMMUNICATIONS related to the BAD FAITH CLAIMS from and after January 1, 2016.[28] |
| Response: | **OBJECTION:** All communications with attorneys other than the Defendants is privileged by the attorney-client privilege. The identity of old accounts cannot be provided at this time due to Rajiv Gosain's medical condition. <br> **ANSWER:** Defendants communicated with Plaintiffs regularly by email and are therefore aware of such accounts and devices. Further identification can be found in pages Bates numbered 000001-033316 which are incorporated by reference. Defendants reserve the right to supplement, modify or amend this response as additional information becomes known to it through the discovery process, or if it knows that the response was incomplete or incorrect when made, or that it is no longer complete or correct.[29] |
| Basis for Defendant's Demand for Further Response: | Plaintiffs objects but waived the right to do so. Plaintiffs' response is evasive and incomplete.[30] |
| Ruling: | The plaintiff failed to timely respond and has not made any effort to demonstrate good cause for this failure. Thus, to the extent the plaintiff has withheld any information based on a privilege (or any other objection), the plaintiff must (1) supplement the response by producing the withheld information and/or documents or (2) establish "good cause" to excuse its untimely response. Fed. R. Civ. P. 33(b)(4); *see Lam*, 2015 WL 4498747, at *2–3. |

---

[28] Ex. 2, Joint Disc. Ltr. – ECF No. 181 at 51.

[29] *Id.*

[30] Ex. 3, Joint Disc. Ltr. – ECF No. 181 at 56.

**2.  Requests for Production**

The defendant contends that the plaintiffs' responses to the requests for production are improper because: (1) the plaintiffs waived the right to object on any basis, including privilege, because they did not timely respond to the requests; (2) the responses are not verified; (3) the plaintiffs' cannot assert privilege over some communications with counsel (for example, communications with David Ratner and Neil Ison) to the extent the communications relate to the underlying litigation; (4) there is no privilege over communications between the plaintiffs and Mr. Ison because Mr. Ison retired and resigned from the California State Bar in 2014 — before the withheld communications occurred; and (5) the response to Request for Production No. 66 states that no documents are in the plaintiffs' "possession" even though, under Rule 34, a responding party must produce documents that are "in the responding party's possession, custody or control."[31] Other than the specific reference to Request for Production No. 66, the joint letter does not reference issues specific to certain requests. Some references to specific requests are contained in the parties' email correspondence that is attached to the joint letter.[32]

The plaintiffs do not specifically address the waiver issues and instead cite (1) their production of 33,000 pages of documents, (2) the defendant's purported failure to meaningfully meet and confer, and (3) the defendant's demands for "all documents relevant to" certain topics.[33] The plaintiffs also assert that verified responses are not required and that the defendants previously failed to comply with the court's Standing Order.[34]

The defendant first argues that the plaintiffs waived all objections, including those based on privilege, when it did not timely respond to requests for production. Unlike Rule 33 (dealing with interrogatories), Rule 34 (dealing with requests for production) does not provide for an express waiver — or "good cause" excuse — for the failure to timely respond to requests for production. Fed. R. Civ. P. 34; *see Lam*, 2015 WL 4498747, at *2. But, in general, "a failure to object to

---

[31] Joint Disc. Ltr. – ECF No. 181 at 1–3.

[32] Ex. 5, Joint Disc. Ltr. – ECF No. 181 at 82–88.

[33] Joint Disc. Ltr. – ECF No. 181 at 4–5.

[34] *Id.* at 4.

discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992). And this court has held that the failure to timely respond to requests for production may in some circumstances result in waiver. *Lam*, 2015 WL 4498747, at *2 ("On this record . . . the plaintiffs have waived their rights to object to [the defendant's] requests for production of documents."). In this regard, "some courts have read into Rule 34 the discretion granted under Rule 33(b)(4) (dealing with interrogatories) to excuse untimely objections to requests for production." *Id.* at *2 (cleaned up).

For instance, in *Lam*, the court held that the plaintiffs "waived their rights to object to [the defendant's] requests for production of documents" after they failed to show good cause for their failure to timely respond to discovery requests. *Id.* The court ordered the plaintiffs to respond to the requests but limited the extent of the medical records that must be produced on privilege grounds because courts typically "quash subpoenas for medical records relevant to pain and suffering" when only "garden variety" emotional distress is alleged. *Id.* at *2–4. In sum, failing to timely respond to requests for production generally results in waiver, but the court will allow the plaintiffs an additional opportunity to establish good cause for the untimely responses given the severity of the waiver at issue here (attorney-client privilege).

Regarding the defendant's other arguments, when a client sues for malpractice, the client waives attorney-client privilege over "communications between the client and the attorney charged with malpractice." *Steefel, Levitt & Weiss v. Astor Holdings, Inc.*, No. C-03-0440 JCS, 2004 WL 7339022, at *2 (N.D. Cal. Mar. 25, 2004) (citing Cal. Evid. Code § 958) (cleaned up). In general, there is also no attorney-client privilege for communications with those who are not licensed to practice law. *Powertech Tech. v. Tessera, Inc.,* No. C 11-6121 CW, 2013 U.S. Dist. LEXIS 8085, *6 (N.D. Cal. Jan. 18, 2013); *Powertech Tech. Inc. v. Tessera, Inc.*, No. C 11-6121 CW, 2013 WL 1164966, at *2 (N.D. Cal. Mar. 20, 2013) (denying motion to stay pending a writ petition challenging an order holding that there was no privilege over communications with foreign attorneys because the plaintiff did "not made any corresponding showing that the particular persons here were permitted by law to give legal advice").

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

Furthermore, when a party settles an action and then asserts a claim on the basis that it was forced to settle the action, it waives privilege over advice it received from counsel related to the contention that it was forced to settle. *Walters Wholesale Elec. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 247 F.R.D. 593, 596–97 (C.D. Cal. 2008) ("[T]o the extent that [the plaintiff] received counsel from attorney Kaufman or attorney Cole which contributed to a contention that [the plaintiff] was 'forced' to settle when it did, [the defendant] must be afforded an opportunity to test the reasonableness of that advice."). But, to the extent that the defendant relies on *Rutgard v. Haynes*, 185 F.R.D. 586 (S.D. Cal. 1999) for the proposition that it is entitled to otherwise privileged communication that took place after the alleged malpractice, that reliance is misplaced.[35] This aspect of the *Rutgard* holding is not persuasive. *Steefel, Levitt & Weiss*, No. C-03-0440 JSC, 2004 WL 7339022, at *7 (N.D. Cal. Mar. 25, 2004) ("This Court agrees with the *Fischel* court that the holding of *Rutgard* is inconsistent with California law and, therefore, should not be followed.") (citing *Fischel & Kahn, Ltd. v. van Straaten Gallery, Inc.*, 189 Ill. 2d 579 (2000)).

Concerning verification of responses to requests for production, there is no requirement to do so under Rule 34. Nonetheless, some courts in this district have ordered the responding party to verify their responses to requests for production if the party initially failed to provide adequate discovery responses. *See Purnell v. Rudolph and Sletten Inc.*, No. 18-cv-01402-PJH (KAW), 2019 WL 1054667, at *2 (N.D. Cal. Mar. 6, 2019) (ordering the plaintiff "to provide written, verified responses to RFPs."); *Hamilton v. RadioShack Corp.*, No. C 11-00888 LB, 2012 WL 2327191 * 3 (N.D. Cal. June 18, 2012) (ordering the plaintiff to verify all of their discovery responses identified in the discovery letter, which included responses to requests for production). Given the plaintiffs' failure to satisfy their discovery obligations, which are addressed in this and previous orders, the court orders the plaintiff to provide verified supplemental responses to the defendant's requests for production, including all non-privileged responsive documents within the plaintiffs'

---

[35] *Id.* at 3 n.4.

1    possession, custody, or control (*i.e.*, those that it has a legal right to demand).[36] *United States v.*

2    *Int'l Union of Petroleum & Indus. Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989)

3    ("Control [for purposes of Rule 34] is defined as the legal right to obtain documents upon

4    demand."). If the plaintiffs withhold any documents based on privilege or other objections, they

5    must establish "good cause" to excuse their untimely response and include a privilege log

6    asserting a claim of privilege consistent with the above-outlined categories of non-privileged

7    communications.

8         Regarding the plaintiffs' argument that the defendant did not meaningfully meet and confer

9    and previously failed to comply with the court's Standing Order, the defendant's email

10   correspondence set out the issues in detail and invited the plaintiffs' counsel to confer by

11   telephone.[37] The parties' joint letter indicates that the parties have discussed the issues by phone.[38]

12   There is no indication that the defendant did not attempt to confer with the plaintiffs. And the

13   court addressed the parties' previous failure to comply with the court's Standing Order in an

14   earlier order.[39] These are non-issues.

15        In sum, the plaintiffs failed to timely respond to the requests for production, have not

16   attempted to establish good cause for the delay, and have not substantively addressed the

17   defendant's arguments concerning the waiver of privilege. Therefore, the plaintiffs must (1)

18   provide verified responses to the defendant's requests for production and (2) if any documents are

19   withheld based on privilege or other objections, establish "good cause" to excuse the untimely

20   response and include a privilege log asserting a claim of privilege that does not fall within any of

21   the above-outlined categories of communications for which there is no privilege.

22

23

24   _____

25   [36] *See, e.g.*, Orders – ECF Nos. 176 and 180.

26   [37] Ex. 3, Joint Disc. Ltr. – ECF No. 181 at 54–58; Ex. 5, Joint Disc. Ltr. – ECF No. 181 at 82–88.

27   [38] Joint Disc. Ltr. – ECF No. 181 at 4 ("Defendant Merlin has repeatedly requesting [sic] phone calls to confer concerning discovery responses, but in those call fails to specify exacley [sic] which request or interrogatory it believes requires further answer, and why.").

28   [39] Orders – ECF Nos. 180.

**CONCLUSION**

The plaintiffs must provide supplemental verified responses to the defendant's interrogatories and requests for production that are consistent with this order within 14 days.

**IT IS SO ORDERED.**

Dated: July 5, 2022

_____
LAUREL BEELER
United States Magistrate Judge