1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

11

12

13

14

15

16

RAJIV GOSAIN, et al.,

              Plaintiffs,

      v.

BERGQUIST WOOD MCINTOSH SETO, LLP, et. al.,

              Defendants.

Case No. 18-cv-06343-HSG (LB)

**DISCOVERY ORDER**

Re: ECF Nos. 190, 191, 192

17

18

19

20

21

22

23

24

    The parties continue to dispute the following issues: (1) the plaintiffs' failure to serve verified supplemental responses to the defendant Merlin Law Group's requests for production and interrogatories; (2) the plaintiffs' unilateral cancellation of the depositions of Mr. Gosain and other witnesses on short notice; (3) the plaintiffs' insufficient Rule 26 disclosures; (4) the plaintiffs' failure to permit an inspection of property in Orinda, California; (5) the piecemeal production of documents by non-party witness Neil Ison; and (6) the plaintiffs' deficient responses to requests for production and interrogatories served by defendants Bergquist Wood McIntosh Seto LLP, Bruce McIntosh, and Stephen Seto.[1]

25

26

27

28

---

[1] Disc. Letters – ECF Nos. 190, 191, 192. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

United States District Court
Northern District of California

In response to each of the three pending discovery letters, plaintiff Rajiv Gosain — manager of plaintiff Happy Valley Road LLC — has submitted a declaration citing health problems and the death of his father on July 21, 2022 as excuses for the plaintiffs' failure to meaningfully participate in discovery.[2] The plaintiffs also stated that they would file a motion to stay and have since filed the contemplated motion to stay.[3] In the motion to stay, Mr. Gosain effectively concedes that that he is not fulfilling his discovery obligations by stating "that he cannot currently participate in discovery of this case."[4]

The court generally orders the plaintiffs to supplement their written discovery responses and Rule 26 disclosures because they fail to comply with the plaintiffs' discovery obligations and this court's prior orders. The court also orders the plaintiffs to show cause that they should not be sanctioned for their failure to meaningfully participate in written or deposition discovery. In view of the plaintiffs' pending motion to stay, the plaintiffs have forty-five days to respond to the show cause order.

**STATEMENT**

The issues raised in each of the pending discovery letters are outlined below.

**1.  Letter Brief at ECF No. 190**

Defendant Merlin Law Group asks for an order setting a briefing schedule for a Rule 37 sanctions motion based on the plaintiffs' (1) failure to produce further written discovery responses pursuant to the court's last discovery order (ECF No. 188) and (2) cancellation of the depositions of plaintiff Mr. Gosain and several witnesses from defendant Merlin Law Group.[5]

---

[2] Disc. Letter – ECF No. 190 at 3; Gosain Decl., Ex. 3 to Disc. Letter – ECF No. 190 at 19–30; Gosain Decl., Ex. D to Disc. Letter – ECF No. 191 at 33–44; Gosain Decl., Ex. 4 to Disc. Letter – ECF No. 192 at 75–86.

[3] Disc. Letter – ECF No. 190 at 4; Mot. – ECF No. 193.

[4] Mot. to Stay – ECF Bo. 193 at 2.

[5] Disc. Letter – ECF No. 190 at 1–3.

United States District Court
Northern District of California

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

On July 5, 2022, the court ordered the plaintiffs to provide supplemental verified responses to interrogatories and requests for production within fourteen days.[6] The plaintiffs did not timely serve supplemental verified responses, but the defendants acknowledge that the plaintiffs "made a supplemental production of emails" after the court-ordered fourteen-day deadline.[7] The plaintiffs claim that Mr. Gosain cannot participate in this action "for at least four months" and that they cannot "furnish further discovery without Mr. Gosain's input and active participation."[8] The plaintiffs also state that Mr. Gosain "provided a verification of the responses so far made to the Requests for Production."[9] In this regard, the plaintiffs have attached an unsigned "verification" to the discovery letter.[10]

Concerning the depositions, on June 17, 2022, the court ordered Mr. Gosain to provide dates for his deposition.[11] According to the emails attached to the parties' discovery letter, on June 22, 2022, the defendants proposed July 25–30, 2022 for Mr. Gosain's deposition.[12] The plaintiffs' counsel responded, on June 29, 2022, that "[i]t is my understanding that Mr. Gosain is . . . available on those dates."[13]

After noticing Mr. Gosain's deposition for July 25, 26, 27, 28, and 29, the defendants' counsel asked Mr. Gosain's counsel to confirm Mr. Gosain's availability.[14] On July 11, 2022, the plaintiffs' counsel stated in response that "I have made and do not make representations concerning [Mr. Gosain's] condition and availability."[15] Then, on July 21, 2022, the plaintiffs' counsel cancelled the

---

[6] Order – ECF No. 188 at 14.

[7] Disc. Letter – ECF No. 190 at 1 n.2.

[8] *Id.* at 4.

[9] *Id.*

[10] Ex. 4 to Disc. Letter – ECF No. 190 at 32.

[11] Order – ECF No. 180 at 2.

[12] Ex. 2 to Disc. Letter – ECF No. 190 at 16.

[13] *Id.* at 15.

[14] *Id.* at 14–15.

[15] *Id.* at 13.

1    deposition of Mr. Gosain based on the death of Mr. Gosain's father.[16] The plaintiffs' counsel also

2    cancelled depositions of several individual witnesses from defendant Merlin Law Group that had

3    been scheduled in late July and August 2022.[17]

4         In light of his father's death, Mr. Gosain states that he will be on a pilgrimage in India (and

5    possibly Nepal and Tibet) for "some time and there will be no access to telephones or internet."[18]

6    Mr. Gosain speculates that his religious duties in India will "necessitate at least four months of my

7    complete unavailability."[19] In sum, the plaintiffs are essentially not participating in written or

8    deposition discovery and claim that they cannot do so for four months or longer.

9

10   **2.   Letter Brief at ECF No. 191**

11        Defendants Bergquist Wood McIntosh Seto LLP, Bruce McIntosh, and Stephen Seto contend

12   that the plaintiffs' Rule 26 disclosures are incomplete because they do not include (1) "information

13   or documents identifying Mr. Gosain's health care providers or his medical evaluation and

14   treatment" and (2) contact information for "Kimberly Clougherty, Gosain's wife, who initiated the

15   claim with Federal Insurance."[20]

16        The defendants claim the health information is relevant because it relates to Mr. Gosain's claim

17   that the defendants took advantage of Mr. Gosain.[21] The defendants appear to contend that the

18   contact information for Ms. Clougherty is needed because she has information relevant to the

19   plaintiffs' claim that the defendants wrongfully induced Mr. Gosain to settle his insurance dispute

20   with Federal Insurance.[22]

21

22

23   _____

24   [16] Disc. Letter – ECF No. 190 at 3; Ex. 1 to Disc. Letter – ECF No. 190 at 7.

     [17] Disc. Letter – ECF No. 190 at 3.

25   [18] Gosain Decl., Ex. 3 to Disc. Letter – ECF No. 190 at 20–21 (¶ 10).

26   [19] *Id.* at 21 (¶ 13).

27   [20] Disc. Letter – ECF No. 191 at 3.

     [21] *Id.*

28   [22] *Id.* at 2.

*United States District Court*
*Northern District of California*

The defendants also raise two other issues in this letter. First, the plaintiffs did not initially object to the defendants' request to inspect the home at 4130 Happy Valley Road in Orinda, California, on July 11, 2022, but then cancelled the inspection the day before and refused to agree to provide access until after August 3, 2022.[23] Second, the plaintiffs contend that non-party witness Neil Ison — who was an attorney and is now a "legal assistant" for Mr. Gosain — produced several responsive documents after his deposition (when the production was due) and may still be withholding documents based on privilege, but has not produced a privilege log.[24] The defendants claim that "Mr. Ison is also arguably effectively a party to this action" because he was an assistant manager of plaintiff Happy Valley Road LLC, but was apparently deposed as a non-party.[25]

Regarding the parties' obligation to meet and confer on these discovery issues, there is no indication that the defendants met and conferred with Mr. Ison and the discovery letter (ECF No. 191) does not include his position. The parties have met and conferred on the Rule 26 issues but have not met and conferred on the site inspection issue.[26]

### 3.  Letter Brief at ECF No. 192

Defendants Bergquist Wood McIntosh Seto LLP, Bruce McIntosh, and Stephen Seto assert that the plaintiffs' responses to the defendants' requests for production and interrogatories are insufficient.[27] Specifically, the defendants contend that the responses to the requests for production are improper because each response references the same "undifferentiated mass of documents" and references documents according to apparent file names like "Berg-2.DEC of BAM" instead of Bates numbers.[28] In sum, the defendants contend that the plaintiffs' responses to interrogatories are improper because the plaintiffs (1) rely on boiler plate "overbroad" objections, (2) reference

---

[23] *Id.* at 3–4.

[24] *Id.* at 4–5.

[25] *Id.* at 4 n.2.

[26] *Id.* at 5.

[27] Disc. Letter – ECF No. 192.

[28] *Id.* at 1–2.

United States District Court
Northern District of California

documents that the defendants claim are not business records, and (3) reference documents by confusing file names instead of standard Bates numbers.[29]

**ANALYSIS**

**1.  Letter Brief at ECF No. 190**

Regarding the issues raised in the first discovery letter (ECF No. 190), unless the trial court stays the case, the plaintiffs' cancellation of several depositions (including Mr. Gosain's deposition) without any intent to reschedule in the near future, and the plaintiffs' failure to produce supplemental discovery responses pursuant to the court's prior discovery orders, likely warrants sanctions. A short delay due to the death of Mr. Gosain's father is understandable, but an open-ended-months-long delay while Mr. Gosain embarks on a pilgrimage is not permissible absent a stay of this action by the trial court. As noted below, the plaintiffs are ordered to show cause as to why they should not be sanctioned for their failure to meaningfully participate in discovery.

**2.  Letter Brief at ECF No. 191**

In the second discovery letter (ECF No. 191), the defendants ask the court to compel the plaintiffs to supplement their Rule 26 disclosures. "Compliance with Rule 26's disclosure requirements is 'mandatory.'" *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 863 (9th Cir. 2014). "Rule 26(e) . . . imposes a continuing obligation to supplement the initial disclosures whenever the parties find that the initial disclosures were 'incomplete or incorrect,' making the operation of Rule 26 the 'functional equivalent of a Standing Request for Production under Rule 34.'" *City & Cnty. of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 220 (N.D. Cal. 2003).

Rule 26(A)(1)(a)(i) requires parties to disclose "the address and telephone number of each individual likely to have discoverable information" and the failure to do so may warrant sanctions. *M & F Fishing, Inc. v. Certain Underwriters at Lloyds*, No. 06CV0934-DMS (BLM), 2007 WL

---

[29] *Id.* at 3–4.

United States District Court
Northern District of California

9706573, at *5 (S.D. Cal. Apr. 13, 2007) (imposing sanctions for deficient Rule 26 disclosures). And Rule 26(A)(1)(a)(ii) requires parties to disclose "all documents . . . that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Accordingly, the plaintiffs must supplement their Rule 26 disclosure by (1) stating the address and telephone number for Kimberly Clougherty, who reportedly initiated the underlying insurance claim and is the wife of Mr. Gosain and (2) identifying any medical records they will rely upon to support their claims, unless they will only rely on the records for impeachment.

Concerning the other issues, if Mr. Ison is withholding any responsive documents based on privilege, he should produce a privilege log identifying the basis on which any documents are being withheld. That said, Mr. Ison is a non-party and does not appear to have been given a chance to provide his position in the joint discovery letter. Therefore, the court does not issue any order against Mr. Ison. Similarly, while the site inspection should proceed, the parties did not meet and confer on this issue. The court does not issue any order on the site inspection issue at this time.

### 3.  Letter Brief at ECF No. 192

In the third discovery letter (ECF No. 192), the defendants challenge the plaintiffs' responses to requests for production and interrogatories. As the court noted in its prior order (ECF No. 188), under Rule 33(b), if an answer to an interrogatory may be determined by reviewing a party's business records, the responding party may answer by "specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." But "catch-all provisions" that reference all documents produced "are not sufficiently specific to be responsive, even when combined with more specific references to evidence." *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pitt.*, No. C 02-4799 SBA (JL), 2005 WL 318811, at *5 (N.D. Cal. Jan. 5, 2005).

Regarding the requests for production, Rule 34(b)(2)(E)(i) requires parties to "produce documents as they are kept in the usual course of business or . . . organize and label them to correspond to the categories in the request." In this regard, "Rule 34 is generally designed to

United States District Court
Northern District of California

1    facilitate discovery of relevant information by preventing attempts to hide a needle in a haystack

2    by mingling responsive documents with large numbers of nonresponsive documents." *MGA Ent.,*

3    *Inc. v. Nat'l Prod. Ltd.*, No. CV 10-07083 JAK (SSx), 2012 WL 12884021, at *3 (C.D. Cal. Jan.

4    20, 2012) (ordering the plaintiffs "to provide Defendants with a list or chart indicating by Bates

5    number which documents are responsive to each" request).

6         Here, the plaintiffs' discovery responses are deficient and, in general, do not satisfy the

7    plaintiffs' discovery obligations or this court's prior orders. The plaintiffs' interrogatory responses

8    include "catch all" references to thousands of pages of documents and the responses to the

9    requests for production include disorganized and confusing references to documents. For example,

10   one response references documents "Bates stamped 7123-33316" without identifying the

11   applicable Bates prefix.[30]

12        The plaintiffs are ordered to serve supplemental verified responses to the defendants' requests

13   for production that reference only documents responsive to each specific request and that identify

14   documents according to a standard Bates numbering scheme and not indecipherable file names.

15   The plaintiffs must also serve supplemental responses to the defendants' interrogatories according

16   to one of the following options: (1) specifically answer each interrogatory without referencing

17   documents; or (2) if the plaintiffs choose to reference documents in their interrogatory responses,

18   the response to each interrogatory must identify each responsive document separately and, for

19   each responsive document, explain why the document is responsive.

20

21   **4.   Order to Show Cause**

22        The court orders the plaintiffs to show cause as to why they and/or their counsel should not be

23   sanctioned for the failure to comply with this court's prior discovery orders and their discovery

24   obligations under the Federal Rules of Civil Procedure, including Mr. Gosain's failure to appear

25   for his deposition. While Mr. Gosain claims assorted health problems, he has not submitted any

26   supporting documents or declarations from his treating physicians or sought to file his medical

27

28   ───────────────────
     [30] Ex. 1 to Disc. Letter – ECF No. 192 at 26.

records under seal pursuant to this district's local rules.[31] Instead, the plaintiff vaguely references "[v]oluminous medical records [that] are available in the French language which the Court may review in camera."[32]

Mr. Gosain's claims are also somewhat inconsistent. For example, he states that "I am still under medical treatment, am very weak, lack mental acuity, and am struggling with performing activities of daily living."[33] Nevertheless, he anticipates that he "may be instructed by the Gosain priest in Haridwar to make a pilgrimage to 'Gosainthan[,'] located in the Tibetan Himalayas[,] to pay homage to the Gosain caste in whose honor this peak is named."[34] If Mr. Gosain can complete a Himalayan pilgrimage, then he should be able to satisfy his obligations in this case that he and his LLC initiated by assisting his attorney to provide compliant discovery responses and appearing for his own deposition. The plaintiffs must address (1) the plaintiffs' reference to thousands of pages of documents in response to the defendants' requests for production and interrogatories, which do not appear to comply with the Federal Rules of Civil Procedure, (2) the plaintiffs' apparent failure to comply with the court's most recent discovery order (ECF No. 188), and (3) the plaintiffs' apparent attempt to delay the deposition of Mr. Gosain by several months.

Absent a showing that the plaintiffs' failure to comply with their obligations under the Federal Rules of Civil Procedure and this court's prior orders was substantially justified, the court intends to require the plaintiffs and/or their counsel to reimburse the defendants' counsel for the reasonable attorney's fees and expenses incurred in seeking to compel the plaintiffs' responses to the defendants' discovery requests through these joint letter briefs. *See* Fed. R. Civ. P. 37(b)(2)(C).

If the trial court issues a stay based on Mr. Gosain's medical conditions and the death of his father, that may militate against issuing sanctions. While the plaintiffs have not identified any case

---

[31] *See* Gosain Decl., Ex. D to Disc. Letter – ECF No. 191 at 33 (¶ 3) ("French law prohibits public dissemination of medical records.").

[32] *Id.*

[33] *Id.* at 34 (¶ 4).

[34] *Id.* at 34–35 (¶ 10).

United States District Court
Northern District of California

law supporting a stay in the discovery letters, Mr. Gosain should have a chance to substantiate his

claim that incapacitating health issues and religious duties warrant a stay. *See Clinton v. Jones*,

520 U.S. 681, 708 (1997) ("The proponent of a stay bears the burden of establishing its need.").

Therefore, the plaintiffs have forty-five days to file a response to this show cause order to permit

them time to have the motion to stay heard or voluntarily dismiss this action based on their

apparent inability to participate in discovery.

## CONCLUSION

The plaintiffs are ordered to serve (1) supplemental responses to the defendants' written

discovery requests and (2) supplemental Rule 26 disclosures consistent with this order within

fourteen days. The plaintiffs should be able to complete these supplemental written discovery

responses despite Mr. Gosain's absence and health problems. For example, the plaintiffs' counsel

should be able to organize the document productions and clarify the references to documents in

the discovery responses with minimal assistance from Mr. Gosain.

The plaintiffs are also ordered to show cause that they should not be sanctioned under Rule 37

within forty-five days. Within one week thereafter the defendants may reply. The court sets a

show-cause hearing on October 20, 2022 at 9:30 a.m.

**IT IS SO ORDERED.**

Dated: August 12, 2022

LAUREL BEELER
United States Magistrate Judge