1 | JOSEPH P. MCMONIGLE, Bar No. 66811
JESSICA R. MACGREGOR, Bar No. 168777
2 | PETER H. BALES, Bar No. 251345
LONG & LEVIT LLP
3 | 465 California Street, Suite 500
San Francisco, California 94104
4 | Telephone:   (415) 397-2222
Facsimile:    (415) 397-6392
5 | Email:        jmcmonigle@longlevit.com
              jmacgregor@longlevit.com
6 |           pbales@longlevit.com

7 | Attorneys for Defendants and Third Party Defendants
MERLIN LAW GROUP, PA, WILLIAM
8 | MERLIN, MICHAEL DUFFY and DENISE
SZE

**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| RAJIV GOSAIN and HAPPY VALLEY ROAD, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>BERGQUIST WOOD MCINTOSH SETO, LLP, BRUCE MCINTOSH, and STEPHEN SETO,<br><br>Defendants. | Case No. 4:18-cv-06343-HSG (lead case)<br>Action Filed:  October 16, 2018<br><br>Related Case No. 3:20-cv-00815<br>Action Filed:  February 5, 2020<br><br>**MERLIN DEFENDANTS' REQUEST FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT ON STATUTE OF LIMIATIONS DEFENSE WIHTOUT PREJUDICE TO FILING SUCCESIVE MOTION FOR SUMMARY JUDGMENT ONCE DISCOVERY COMPLETED**<br><br>Hon. Haywood S Gilliam, Jr. |
| BERGQUIST WOOD MCINTOSH SETO, LLP, BRUCE MCINTOSH, and STEPHEN SETO,<br><br>Third Party Plaintiffs,<br><br>v.<br><br>MERLIN LAW GROUP, P.A., DENISE SZE, MICHAEL DUFFY, WILLIAM F. "CHIP" MERLIN, and LAST & FAORO,<br><br>Third Party Defendants. | |

# TABLE OF CONTENTS

**Page(s)**

I.   THERE IS GOOD CAUSE TO GRANT THIS REQUEST .................................................1

II.  LEGAL STANDARDS .................................................................................................2

III. SUMMARY OF UNDERLYING CASE ..........................................................................3

IV.  PLAINTIFFS' ONLY REMAINING CLAIMS ARISE FROM A PURPORTED INADEQUETE SETTLEMENT WITH FEDERAL (CHUBB) ...................................................................................................................4

V.   MERLIN DEFENDANTS' STATUTE OF LIMITATIONS DEFENSE ..............................5

     A.  CCP 340.6 Sets Forth The Applicable Statute of Limitations ...................................5

     B.  Plaintiffs' Claims Arose in December 2017 ................................................................6

     C.  Plaintiffs Cannot Carry Their Burden To Show That Any of the Tolling Provisions Save Their Claims ..........................................................................7

         1.  Denise Sze's Representation and All Communications Ended When She Left Merlin In 2018 ........................................................................8

         2.  Any Continued Representation on the Specific Subject Matter At Issue Also Ended in 2018 ............................................................................9

VI.  CONCLUSION ............................................................................................................9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Beal Bank, SSB v. Arter & Hadden, LLP*
  (2007) 42 Cal.4th 503, 508-509 .................................................................................................8

*Casas-Cordero v. Salz*
  (S.D. Cal. 2012) 2012 U.S.Dist.LEXIS 82800, at *10-11 ...........................................................8

*Crouse v. Brobeck, Phleger & Harrison*
  (1998) 67 Cal.App.4th 1509, 1528..........................................................................................7, 8

*Dang v. Pontier*
  (S.D. Cal. 2020) 2020 U.S.Dist.LEXIS 238717, at *25...............................................................5

*Fox v. Ethicon Endo-Surgery, Inc.*
  (2005) 35 Cal.4th 797, 807-808 ..................................................................................................6

*Foxborough v. Van Atta*
  (1994) 26 Cal.App.4th 217, 228–229..........................................................................................8

*Harrison v. Wells Fargo Bank, N.A.*
  (N.D. Tex. 2016) 2016 U.S.Dist.LEXIS 87505, at *15-16..........................................................2

*Hoffman v. Tonnemacher*
  593 F.3d 908, 911 (9th Cir. 2010)................................................................................................2

*Jolly v. Eli Lilly & Co.*
  (1988) 44 Cal.3d 1103, 111.........................................................................................................6

*Jones v. City of Los Angeles*
  (C.D. Cal. 2022) 2022 U.S.Dist.LEXIS 106564 ..........................................................................6

*Lee v. Hanley*
  61 Cal. 4th 1225, 1238 (2015).....................................................................................................5

*Macleod v. Ethicon, Inc.*
  (D. Or. 2020) 2020 U.S.Dist.LEXIS 250954, at *5-6..................................................................2

*Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP*
  (2005) 133 Cal.App.4th 658, 685................................................................................................6

*Worthington v. Rusconi*
  (1994) 29 Cal. App. 4th 1488, 1497............................................................................................8

**Statutes**

CCP § 340.6 ...........................................................................................................................1, 5, 7

CCP § 340.6(a).................................................................................................................................5

CCP § 340.6(a)(1) ............................................................................................................................7

CCP § 340.6(a)(2) ................................................................................................................7, 8

FED. R. Civ. P. 1.........................................................................................................................2

## I. THERE IS GOOD CAUSE TO GRANT THIS REQUEST

The Merlin Defendants (Merlin Law Group, Michael Duffy, Chip Merlin, and Denise Sze) request leave to file a motion for summary judgment in case 3:20-cv-00815 on a single issue, statute of limitations, without prejudice to filing a second motion, if one is needed and once Plaintiffs Rajiv Gosain and Happy Valley Road, LLC ("Plaintiffs") ever allow Defendants to complete discovery in this case that they filed almost four years ago, but have failed to prosecute ever since.

There is good cause for an exception to this Court's one motion rule. Civil Standing Order ¶ 21. Despite diligent efforts, which include obtaining five discovery orders against Plaintiffs, Merlin Defendants have been prevented from completing non-expert discovery from Plaintiffs, especially on the merits of the underlying claim.[1] As a result, Merlin Defendants cannot, at this time, present a single motion for summary judgment on all issues. But Merlin Defendants believe the Court will never need to address the merits because there is sufficient evidence from the documents produced to date, many of which include prior admissions from Plaintiffs, and declarations that will be submitted to show that all of Plaintiffs' claims as against the Merlin Defendants are time barred under California's one year statute of limitations for claims against attorneys, California Code of Civil Procedure ("CCP") section 340.6.

Given Plaintiffs' failure to comply with their discovery obligations and complete abandonment of any discovery requested from Merlin Defendants, the Court should determine if there is sufficient evidence to dismiss this case now on statute of limitations grounds to avoid further unnecessary expense and delays.[2] If the Court disagrees, it should be without prejudice to allow Merlin Defendants to complete the discovery and move again on this issue and other issues once discovery is completed, if Plaintiffs ever allow that to happen in this case.

---

[1] In contrast, Plaintiffs have had years to obtain discovery, but decided not to do so to their own prejudice. For example, the parties agreed and confirmed dates in August and September 2022 for Plaintiffs to depose all of three individual Merlin Defendants as well as another Merlin attorney, Victor Jacobellis. But Plaintiffs decided to cancel and forego those depositions.

[2] The actual summary judgment motion, if allowed to proceed, will be supported by evidence that is not included here, such as declarations and Documents produced to date.

## II. Legal Standards

A district court may permit a successive motion for summary judgment in the interest of fostering the "just, speedy, and inexpensive resolution of suits." *See Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir. 2010) (citing FED. R. Civ. P. 1).  The court retains discretion to weed out frivolous or repetitive motions, which this is not.  *Hoffman*, 593 F.3d at 912; *see also Harrison v. Wells Fargo Bank, N.A.* (N.D. Tex. 2016) 2016 U.S.Dist.LEXIS 87505, at *15-16 (The first motion was filed "'with the intention of eliminating [Harrison]'s suit before the parties engaged in substantial discovery efforts.' […] Its second motion for summary judgment is being filed with the benefit of completed discovery…  Moreover, there is no indication that Wells Fargo is attempting to take a 'second bite of the apple' or to improperly divide its arguments between successive motion.").

Other courts have found good cause to allow more than one motion where one motion is on statute of limitations.  *See Macleod v. Ethicon, Inc.* (D. Or. 2020) 2020 U.S.Dist.LEXIS 250954, at *5-6; citing *Massoudi v. Ethicon, Inc.*, 3:20-cv-03944-RGK-E, (C.D. Cal. 2020) (ECF No. 90).  As explained by the District Court Judge in Oregon and applying *Hoffman*:

> The court finds that it is in the interests of a just and speedy resolution to resolve the statute of limitations issue on summary judgment. Defendants would have the opportunity to raise this issue at trial or through a Rule 50 motion if not first resolved through summary judgment, but waiting until the trial phase of the case to resolve this potential case-dispositive issue would be judicially inefficient and cause both sides to expend time and money preparing for a trial which ultimately would not have been necessary. Therefore, it is a wise use of limited judicial resources to review at this juncture whether Plaintiffs' claims may be decided as a matter of law.  *Id.* at *5-6

A second motion is likely not necessary here.  But if one is needed Merlin Defendants do want that opportunity, which can only be raised once Merlin Defendants are allowed to complete discovery.  As such, Merlin Defendants request that the Court grant Merlin Defendants leave based on good cause shown to file a motion on statute of limitations without prejudice to filing a second one on that issue and other issues if needed.

## III. SUMMARY OF UNDERLYING CASE

There are currently two legal malpractice cases filed by Plaintiffs Rajiv Gosain ("Gosain") and Happy Valley Road, LLC ("HVR LLC") (collectively "Plaintiffs") against two sets of counsel, Merlin Law Group ("Merlin Defendants") and Bergquist, Wood, McIntosh, Seto LLP ("BWMS"), who were part of a group of lawyers representing Plaintiffs in pursuing an insurance bad faith case arising out of property damage at one of Plaintiffs' residential properties.  Gosain was the managing member of HVR LLC, the owner of the property at issue located at 4130 Happy Valley Road in Orinda, California ("4130 HVR").

Plaintiffs' malpractice claim alleges that they should not have settled with the primary defendant, Federal Insurance Company ("Federal" or "Chubb"), and that they would have recovered more, but for their attorneys' inadequate representation.  The claim is meritless.  At the time Plaintiffs settled with Federal, they were facing terminating, evidentiary, and monetary sanctions for discovery abuses that their attorneys had no role in causing (*i.e.* Gosain not showing for depositions and destroying evidence)[3] as well as likely successful motions for summary judgment from Federal and other defendants.  Plaintiffs were also facing their own counsels' motions to withdraw (both Merlin Defendants and BWMS) because Plaintiffs failed to cooperate in the prosecution of the case.  On top of all this, Plaintiffs were up against Federal's then recently filed cross-complaint that uncovered Gosain's fraud scheme with detailed evidence showing that Gosain had duped Federal out of more than $1.2 million in policy benefits.  All of these proceedings were pending before Judge Barry Goode who found Gosain to be completely uncredible and had already sanctioned him several times.

The bad faith case was filed in 2013.  In November 2016, Merlin Defendants associated in as co-counsel with BWMS.  For approximately a year, from November 2016 to December 2017, Merlin Defendants, with some help from BWMS, devoted hundreds of hours to a challenging case and an even more challenging client.  Merlin Defendants did its best to defend the discovery battles

---

[3] Plaintiffs' blatant disregard of their discovery obligations and court orders is a troubling pattern that continues from the underlying aoction into this action. Judge Beeler recently issued a *fifth* Discovery Order against Plaintiffs after Plaintiffs violated previous orders and cancelled court ordered depositions.

that Plaintiffs were causing, respond to the onslaught of discovery and depositions from Federal and others, and prepare the case for trial all while pursuing viable settlement options for Plaintiffs to consider. Merlin Defendants did seek to withdrawal and had a basis for doing so given Plaintiffs' action and inactions. However, while that motion was pending Merlin Defendants continued to fulfill its duties to its clients, including obtaining the settlement requested.

Plaintiffs begged Merlin Defendants to obtain a settlement with Federal and do so before the sanctions and adjudication motions could be heard in late December 2017. Merlin Defendants did exactly that. Merlin Defendants negotiated with Federal and presented Plaintiffs with the settlement they requested, an agreement to end all litigation with Federal, including the fraud cross-complaint, in exchange for an agreement that Plaintiffs could keep the $1.2 million in policy benefits that they obtained from Federal. Plaintiffs accepted the settlement in late December 2017 and the settlement agreement was signed that month.

While Plaintiffs complained about the settlement and Merlin Defendants' representation back in 2017, they waited more than two years after the settlement, until February 2020, to file a malpractice suit against Merlin Defendants related to that settlement. Even if Plaintiffs could show they had some claim, Plaintiffs' claims are time barred.

### IV. PLAINTIFFS' ONLY REMAINING CLAIMS ARISE FROM A PURPORTED INADEQUETE SETTLEMENT WITH FEDERAL (CHUBB)

The gravamen of Plaintiffs' complaint is an alleged forced and/or inadequate settlement with the primary defendant in the underlying bad faith case, Federal (Chubb). *See* ECF No. 118, FAC at ¶ 38 ("…Plaintiffs were forced to abandon their claims against Federal (Chubb)."); ¶ 40 ("Defendants induced Plaintiffs to drop their claims against Federal in exchange for mutual releases of Plaintiffs' meritorious claims and the insurance carriers' fraudulent claims."); and ¶ 69 ("Defendants failed to exercise that level of care and skill that would have been exercised by reasonably competent attorneys in the analysis, investigation, and preparation of the Federal case, in recommending the settlement of the Federal case for no compensation…").

Plaintiffs' damages in this malpractice case are also based entirely on the settlement with Federal. In May 2022, the Court ordered Plaintiffs to provide compliant initial disclosures. On May 16, 2022, Plaintiffs served amended disclosures that limit their damage claim to what they claim should have been recovered against Federal. *See* First Amended Initial Disclosures, at p. 8 ("Specifically, Plaintiffs contend that all damages they, in reasonable probability, **failed to collect from Federal Insurance** as a result of the defendants' negligence are recoverable. The damages reasonably recoverable **from Federal** are as follows: […]") (emphasis added). Plaintiffs were forced to revise their claim and damages in this case after Plaintiffs voluntarily dismissed a claim against a separate insurer, Lloyds, with prejudice last year.

On November 12, 2020, HVR LLC filed its Complaint against Lloyds in Contra Costa Superior Court (Case No. MSC20-02355). HVR LLC was represented by their current counsel in that proceeding, *not Merlin Defendants*. On December 23, 2021, HVR LLC *voluntarily dismissed* that entire lawsuit against Lloyds *with prejudice* terminating any chance of any recovery against Lloyds. As such, Plaintiffs have now focused their malpractice case on what they claim they should have recovered from Federal.

V.   **MERLIN DEFENDANTS' STATUTE OF LIMITATIONS DEFENSE**

   A.   **CCP 340.6 Sets Forth The Applicable Statute of Limitations**

Merlin Defendants' Second Affirmative Defense is based on the applicable statute of limitations set forth in CCP § 340.6. ECF No. 153, Answer ("As a separate and distinct affirmative defense, Answering Defendants are informed and believe and thereupon allege that each and every cause of action asserted in the First Amended Complaint is barred by the applicable statutes of limitations…", *citing* CCP § 340.6). The statute of limitations for claims against an attorney arising out of the performance of professional services is one year from the date of discovery, as set forth in CCP § 340.6(a). Section 340.6 applies to all claims "arising in the performance of professional services" and extends to claims that are labeled something other than legal malpractice or profession negligence. *See Lee v. Hanley*, 61 Cal. 4th 1225, 1238 (2015); *see also Dang v. Pontier* (S.D. Cal. 2020) 2020 U.S.Dist.LEXIS 238717, at *25 (Granting summary judgment on conversion claim as time-barred by Section 340.6 because the "the conversion claims arise from

[the attorney's] alleged misconduct in carrying out his legal services…"); and *Jones v. City of Los Angeles* (C.D. Cal. 2022) 2022 U.S.Dist.LEXIS 106564 (Granting summary judgment on claims for conversion, constructive fraud. promissory fraud and intentional and negligent misrepresentation, and professional negligence based on Section 340.6's one year statute of limitation.  "As to the underlying claims against [the attorney], the parties here do not dispute that California Code of Civil Procedure section 340.6 governs the length of the limitation period. […] [Plaintiff], however, decided to sit on his rights and initiate this action more than one year after its accrual date…").

### B. Plaintiffs' Claims Arose in December 2017

Although Plaintiffs filed their malpractice action against BWMS in 2018, Plaintiffs waited until February 2020 to file any malpractice action against Merlin Defendants.  To succeed on their statute of limitations defense, Merlin Defendants will show that Plaintiffs' malpractice claims arose well before February 2019 and actually arose back in December 2017 when Plaintiffs settled with Federal.

In terms of the running of the statute, for purposes of commencing the one-year statutory period, "discovery" of the allegedly wrongful act or omission is interpreted broadly.  As the Supreme Court has explained, "a plaintiff need not be aware of the specific 'facts' necessary to establish the claim ... Once the plaintiff has a suspicion of wrongdoing, and therefore an incentive to sue, she must decide whether to file suit or sit on her rights.  So long as a suspicion exists, it is clear that the plaintiff must go find the facts; she cannot wait for the facts to find her." *Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP* (2005) 133 Cal.App.4th 658, 685, citing *Jolly v. Eli Lilly & Co.* (1988) 44 Cal.3d 1103, 111.  Thus, plaintiffs are charged with presumptive knowledge of an injury if they have "information of circumstances to put (them) on inquiry" or if they have "the opportunity to obtain knowledge from sources open to(their) investigation." *Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 807-808.

In this malpractice suit, Plaintiffs allege that they were forced to accept an inadequate walk-away settlement with Federal.  *See* ECF No. 118, FAC at ¶¶ 38, 40 and 69.  Plaintiffs raised those same allegations in 2017 and 2018 around the same time that they settled with Federal.  Therefore,

Plaintiffs' malpractice claims arose at the same time that they were purportedly forced to settle with Federal, *i.e.* December 2017.  Plaintiffs had to file their claims against Merlin Defendants by December 2018 to be timely, unless Plaintiffs can show that one of the tolling provisions saves their claims.

### C. Plaintiffs Cannot Carry Their Burden To Show That Any of the Tolling Provisions Save Their Claims

CCP § 340.6 contains tolling provisions, but none of those apply here to make the claims timely. The first tolling provision is that the statute does not commence running until a plaintiff sustains "actual injury."  CCP § 340.6(a)(1).  Here, Plaintiffs sustained injury in 2017 when they executed the walk-away settlement and when they incurred fees with Mr. Ratner to oppose Merlin Defendants' motion to withdraw.

The second tolling provision provides the statute does not commence running while an attorney "continues to represent the plaintiff regarding ***the specific subject matter*** in which the alleged wrongful act or omission occurred."  CCP § 340.6(a)(2) (emphasis added).  The "specific subject matter" that Plaintiffs are complaining about and seeking damages for is the settlement with Federal (Chubb).  That representation ended in 2018 at the latest, after the settlement agreement was executed and its terms fulfilled.  If the representation related to Federal continued into 2018 at the latest, Plaintiffs had until 2019 to file suit.  However, Plaintiffs did not file a malpractice action as against Merlin Defendants until 2020.  As such, Plaintiffs' claims against Merlin Defendants are time barred.

"The test for whether the attorney has continued to represent a client on the same specific subject matter is objective…", not subjective. *Crouse v. Brobeck, Phleger & Harrison* (1998) 67 Cal.App.4th 1509, 1528.  "The continuous representation rule, as codified in section 340.6, subdivision (a), is not triggered by the mere existence of an attorney-client relationship. Instead, the statute's tolling language addresses a particular phase of such a relationship—representation regarding a specific subject matter. Moreover, the limitations period is not tolled when an attorney's subsequent role is only tangentially related to the legal representation the attorney provided to the plaintiff. [Citations.] Therefore, '[t]he inquiry is not whether an attorney-client

relationship still exists but when the representation of the specific matter terminated.' [Citation.]" *Foxborough v. Van Atta* (1994) 26 Cal.App.4th 217, 228–229.

"The rule is that, for the purposes of statute of limitations, the attorney's representation is concluded when the parties so agree, and that result does not depend upon formal termination, such as withdrawing as counsel of record." *Casas-Cordero v. Salz* (S.D. Cal. 2012) 2012 U.S.Dist.LEXIS 82800, at *10-11; *citing Worthington v. Rusconi* (1994) 29 Cal. App. 4th 1488, 1497. "Additionally, when there is a continuing relationship between the attorney and client involving unrelated matters, the representation has ended and the statute of limitations is not tolled." *Ibid. citing Crouse*, supra, 67 Cal.App.4th at 1528.

From these cases and others, a few "principles are clear." *Neurorepair, Inc. v. Nath Law Grp.* (S.D. Cal. 2011) 2011 U.S.Dist.LEXIS 158883. "First, the mere existence of an attorney-client relationship is insufficient to toll the statute of limitations under section 340.6(a)(2). Rather, the attorney must continue to represent the client, in a legal capacity, on the same subject matter in which the alleged malpractice occurred." *Ibid*; *citing Foxborough*, *supra*. "Next, the term 'subject matter' is narrowly defined such that it does not include the entire spectrum of issues for which an attorney might be retained, but only the specific matter that underlies the malpractice lawsuit." *Ibid* (citations omitted).

### 1. Denise Sze's Representation and All Communications Ended When She Left Merlin In 2018

Individual Defendant Denise Sze, who was not an equity partner at Merlin, left Merlin in 2018 and ended any representation that she had with Plaintiffs at that time. It is undisputed that neither of the Plaintiffs had any attorney-client relationship or communications on *any subject matter* with individual Denise Sze after 2018. Therefore, Plaintiffs had to file any claim as against Ms. Sze by 2019 at the latest, which they failed to do.

Even if Plaintiffs could somehow raise a triable issue to overcome summary judgment on the statute of limitations defense for the Merlin law firm and the individual defendants who are still there (i.e. Chip Merlin and Michael Duffy), that does not toll their claims as against Denise Sze. *See Beal Bank, SSB v. Arter & Hadden, LLP* (2007) 42 Cal.4th 503, 508-509 ("That either an

attorney or a firm may be the subject of an action does not support a reading under which representation by one attorney or firm might toll the limitations period as to another no longer affiliated attorney or firm." […] "[A]n action against an attorney is tolled so long as that attorney continues representation…").

### 2. Any Continued Representation on the Specific Subject Matter At Issue Also Ended in 2018

To save their complaint from being time barred on the face of the pleadings, Plaintiffs and counsel falsely allege in the unverified complaint that Merlin Defendants provided advice related to the Federal settlement into 2019.[4]  *See* First Amended Compl., ¶ 44 ("Also **in 2019, less than a year before this action was filed,** Merlin provided to Plaintiffs a legal analysis of how the Plaintiffs could either vacate the prior settlement agreement with Federal, or sue them for damages instead."). That is not true, there is no evidence to support it, and Plaintiffs cannot raise a triable issue. Any such advice related to Federal was provided in 2018 and prior to Merlin Defendants' unequivocal statement to Plaintiffs in November 2018 that they would not be representing Plaintiffs on anything to do with Federal, including trying to undo the settlement with Federal. The Federal subject matter representation ended in 2018 and did not continue in any manner into 2019.

Here, the "specific subject matter in which the alleged wrongful act or omission occurred" was the representation in the Federal matter that clearly ended in 2018. Any continued representation in 2019 related to Lloyds does not toll the statute of limitations on the malpractice claim focused on the Federal representation. As such, Plaintiffs had until 2019 to file any timely claims related to that subject matter, but failed to do so.

## VI. CONCLUSION

As outlined in this motion, Merlin Defendants' statute of limitation defense bars Plaintiffs' claims. That defense should be adjudicated now and not wait until Merlin Defendants can present one motion on all the issues, a motion that could only be brought once Plaintiffs finally comply with discovery, which may never happen. As such, Merlin Defendants request that the Court grant

---

[4] Plaintiffs engaged in this same type of sham pleading in the recent Lloyds case that was ultimately dismissed before the Court could rule on Lloyd's demurer raising the sham pleading issue.

9                                   Case No. 4:18-cv-06343-HSG
MERLIN DEFENDANTS' REQUEST FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT

Merlin Defendants leave based on good cause shown to file a motion on statute of limitations without prejudice to filing a second one on that issue and other issues.

Dated: August 25, 2022                              LONG & LEVIT LLP


                                                       */s/ Peter H. Bales*
PETER H. BALES
Attorneys for Defendants and
Third Party Defendants
MERLIN LAW GROUP, PA, WILLIAM MERLIN, MICHAEL DUFFY and DENISE SZE

10  Case No. 4:18-cv-06343-HSG
MERLIN DEFENDANTS' REQUEST FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104